**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| TONI MILLER, SUSAN ELLIOTT, ARIEL KLEINSMITH AND ANTWAN LEE § § § § § | |
| Plaintiffs, § | |
| § | |
| v. § | Civil Case No. 3:13 - CV - 1509 |
| § | |
| TEAM GO FIGURE, L.L.P., TEAM GO FIGURE, and SCOTT ESKRIDGE § § § | JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW Plaintiffs Toni Miller, Susan Elliott, Ariel Kleinsmith, and Antwan Lee ("Plaintiffs"), by and through counsel, and for cause of action hereby complain, allege and aver against defendants as follows:

## PARTIES

1. Plaintiff Toni Miller is an individual residing in Rockwall County, Texas.

2. Plaintiff Susan Elliott is an individual residing in Kaufman County, Texas.

3. Plaintiff Ariel Kleinsmith is an individual residing in Anchorage, Alaska.

4. Plaintiff Antwan Lee is an individual residing in Dallas County, Texas.

5. Defendant Team Go Figure, L.L.P. is a Delaware limited liability partnership, and may be served by serving its general partner, **Scott Eskridge at 301 N. COUNTRY CLUB RD., GARLAND, TX 75040**.

6. Defendant Team Go Figure is a general partnership and may be served by serving its general partner **Scott Eskridge at 301 N. COUNTRY CLUB RD., GARLAND, TX 75040**.

7. Defendant Scott Eskridge is an individual residing in Dallas County and may be served at **301 N. COUNTRY CLUB RD., GARLAND, TX 75040**.

## JURISDICTION AND VENUE

8. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice.

9. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, the FLSA, 29 U.S.C. § 201 *et seq*.

10. Venue is proper pursuant to 28 U.S.C. §§ 139(b)(1) and (b)(2), because Defendants reside in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## FACTUAL BACKGROUND

11. Defendants manufacture and sell uniforms for cheerleading and scholastic related dance teams.

12. Defendants employ more than two employees and have annual sales in excess of $500,000.00.

13. Plaintiff Toni Miller was hired on or about April 29, 2010, and her employment ended in March of 2013.

14. Her position title was Creative Director/Sales Manager.

15. Although Plaintiff Toni Miller was assigned certain sales territories, more than

50% of her time was spent in the office of Team Go Figure, and her primary job duty was not outside sales solicitation.

16. Plaintiff Toni Miller was paid a salary of $78,800 per year, along with an intermittent $200 allowance for gas, as of January, 2011.

17. From February 2011 through August 2011, Plaintiff Toni Miller only managed one other employee.

18. From March 2012 through August 2012, Plaintiff Toni Miller only managed one other employee.

19. From September 2011 through November of 2011, and again in 2012, Defendants took improper deductions from Plaintiff's pay check, claiming that such amounts were owed by Plaintiff's husband's company.

20. Plaintiff Toni Miller never gave written authorization for such deductions.

21. Plaintiff Toni Miller worked an average of 85-95 hours a week (including travel time, work performed at home, and work performed at the office) over the three years that she was employed by Defendants.

22. At no time was Plaintiff Toni Miller ever paid overtime wages.

23. Plaintiff Susan Elliott was hired on August 12, 2011 and her employment with Defendants terminated in March of 2013.

24. Plaintiff Susan Elliott was hired as a book keeper.

25. Upon hire, Plaintiff Susan Elliot was told that she would work for a 90-day probationary period, in which she would be paid hourly.

26. Shortly after beginning her employment, Plaintiff Susan Elliot submitted a time sheet which included overtime hours.

27. Although Plaintiff Susan Elliot was paid overtime for such hours, she was told that she was immediately being switched to salary, and that she would no longer receive overtime pay, regardless of the hours that she worked.

28. Plaintiff Susan Elliot was paid a salary of approximately $38,000, which gradually increased to $45,500 by the time her employment terminated.

29. Plaintiff Susan Elliott did not manage any other employees, and was not required or allowed to exercise discretion or make independent decisions with respect to matters of significance.

30. Plaintiff Susan Elliott was required to have access to the Defendants' computer system from her home, and regularly and customarily worked from home during weekends, holidays and weekday evenings.

31. Plaintiff Susan Elliott estimates that including office time, travel time, and time spent working from home, she often worked as much as 92 hours per week.

32. Other than one pay period, Susan Elliott was not paid overtime wages.

33. Plaintiff Ariel Kleinsmith was hired by Defendant in January of 2012, and left employment in May of 2012.

34. Plaintiff Ariel Kleinsmith was hired as an inside sales representative/customer service employee.

35. Plaintiff Ariel Kleinsmith did not manage any other employees.

36. Plaintiff Ariel Kleinsmith was never paid a commission.

37. Plaintiff Ariel Kleinsmith was not required or allowed to exercise discretion or make independent decisions with respect to matters of significance.

38. Plaintiff Ariel Kleinsmith was initially informed that she would be paid hourly for 90 days, and then would go to salary.

39. Shortly after beginning work, Plaintiff Ariel Kleinsmith was told that she was being switched to salary early, and that she would not be paid overtime, regardless of how many hours she worked.

40. Plaintiff Ariel Kleinsmith was paid a salary of $36,000.

41. Plaintiff Ariel Kleinsmith generally worked 60-65 hours, but at times worked as many as 80 hours per week.

42. Plaintiff Ariel Kleinsmith never received any overtime pay.

43. Plaintiff Antwan Lee was hired by Defendants in March of 2011, and quit working in February of 2012.

44. Plaintiff Antwan Lee was initially informed that he would be paid hourly for 90 days, and then would go to salary.

45. Within about six weeks, Plaintiff Antwan Lee was told that he was being switched to salary, and that he would not be paid overtime, regardless of how many hours he worked.

46. Plaintiff Antwan Lee was hired as an inside sales representative/customer service employee.

47. Plaintiff Antwan Lee did not manage any other employees.

48. Plaintiff Antwan Lee was paid commissions twice, once in the amount of approximately $700 and once in the amount of approximately $900.

49. Plaintiff Antwan Lee was paid a salary of $36,000.

50. Plaintiff Antwan Lee generally worked 60-65 hours, but at times worked as many as 80 hours per week.

51. Plaintiff Antwan Lee never received any overtime pay.

52. At all times pertinent hereto, Scott Eskridge has acted as the general partner of Team Go Figure, L.L.P., and/or was a limited partner that participated in the control of the business and a person transacting business with the limited partnership would reasonably have believed, based upon the acts of Scott Eskridge, that Scott Eskridge was a general partner.

53. It is also understood that as of the beginning of 2013, Team Go Figure has been operated as a general partnership by Scott Eskridge and his daughters.

54. At all times pertinent hereto, Defendants knew that their failure to pay overtime wages was in violation of the Fair Labor Standards Act ("FLSA"), or had a reckless disregard for the law.

55. Defendants' continuous failure to pay overtime wages was not sporadic or the result of an accident, but was rather intentional, systemic, ongoing, and knowing violations of the FLSA.

56. At no time have Defendants maintained a "safe harbor" policy as defined by the Act, with regards to the payment of overtime wages, and/or improper deductions from salaried employees.

57. In fact, Defendants' Personnel Policy specifically states that "salary employees" are expected to work at least 40 hours per week, and that "Any additional hours needed to complete your tasks are not eligible for overtime compensation."

58. When informed by Susan Elliott that Team Go Figure's payroll policies were in violation of the law, Mr. Eskridge responded by saying "You don't see me in jail, do you?"

## CAUSE OF ACTION FOR VIOLATIONS OF THE FLSA

59. The foregoing paragraphs are incorporated herein as if set forth in full.

60. At all times relevant herein, Defendants have and continue to be "employers" within the meaning of the FLSA.

61. At all times relevant herein, Defendants were responsible for paying wages to the Plaintiffs.

62. At all times relevant herein, Plaintiffs were employed with Defendants as "employees" within the meaning of the FLSA.

63. At all times relevant herein, Plaintiffs were non-exempt employees and should have been paid overtime pay.

64. Under the FLSA, an employer must pay an employee at least one and one half times his or her regular rate of pay for each hour worked in excess of forty hours per workweek.

65. Defendants' violations of the FLSA include, but are not limited to: (1) taking improper deductions from employees' paychecks; and (2) unlawfully failing to pay overtime wages for hours worked in excess of 40 hours in a week.

66. Defendants' conduct in failing to pay Plaintiffs as required by the law, was and is willful, and was and is not based upon any reasonable interpretation of the law.

67. As a result of Defendants' intentional and unlawful conduct, Plaintiffs have suffered damages as set forth herein.

68. Plaintiffs hereby demand trial by jury of all causes of action set forth herein.

**WHEREFORE**, Plaintiffs pray this Court to enter judgment in their favor and against defendants, jointly and severally, and to issue an Order providing that:

(1) Defendants are to be prohibited from continuing to maintain their illegal policy

and practice of not paying overtime wages in violation of the FLSA;

(2)     Defendants are to compensate, reimburse, and make Plaintiffs whole for any and all pay and benefits they would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings;

(3)     Plaintiffs are to be awarded, pursuant to the FLSA, liquidated damages in an amount equal to the amount of unpaid overtime wages awarded in this case under the preceding paragraph;

(4)     Plaintiffs are to be awarded the costs and expenses of this action, including reasonable attorney's fees as provided by applicable law; and

(5)     Plaintiffs are to be awarded post-judgment interest as provided by applicable law.

And together with such other relief as the Court deems just and appropriate under the circumstances.

Respectfully Submitted

*s/ James Moulton*

James Moulton,
Texas Bar # 24007712
James Moulton, Attorney at Law
3939 Hwy. 80 E., Suite 486
Mesquite, Texas 75150
Phone: (972) 698-0999
Fax: (903) 705-6860