IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TONI MILLER, SUSAN ELLIOT, ARIEL KLEINSMITH AND ANTWAN LEE | § § § § | |
| PLAINTIFFS | § § | |
| VS. | § § | CIVIL CASE NO. 3:13-CV-1509 |
| TEAM GO FIGURE, L.L.P., TEAM GO FIGURE, and SCOTT ESKRIDGE | § § § § | |
| DEFENDANTS. | § | JURY TRIAL DEMANDED |

## DEFENDANTS' FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES

COME NOW Defendants Team Go Figure, L.L.P. ("Team Go Figure") and Scott Eskridge (collectively "Defendants") and file this First Amended Answer and Affirmative Defenses to Plaintiffs' Complaint and for support would respectfully show the Court as follows:

### I.
### ANSWER

1.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation contained in Paragraph 1 of Plaintiffs' Complaint and therefore, it is denied.

2.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation contained in Paragraph 2 of Plaintiffs' Complaint and therefore, it is denied.

3.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation contained in Paragraph 3 of Plaintiffs' Complaint and therefore, it is denied.

4.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation contained in Paragraph 4 of Plaintiffs' Complaint and therefore, it is denied.

5.    Defendants admit the allegations contained in paragraph 5 of Plaintiffs' Complaint.

6.    In response to paragraph 6 of the Complaint, Defendants deny that Team Go Figure is a general partnership. Defendants admit that Team Go Figure, LLP may be served by serving its general partner, Scott Eskridge.

7.    Defendants admit the allegations contained in paragraph 7 of the Complaint.

8.    Defendants admit the allegations contained in paragraph 8 of the Complaint.

9.    Defendants admit that Plaintiffs bring this action pursuant to the laws identified in paragraph 9 but deny that Plaintiffs are entitled to relief under those laws.

10.    Defendants admit the allegations contained in paragraph 10 of the Complaint.

11.    Defendants admit the allegations contained in paragraph 11 of the Complaint.

12.    Defendants admit the allegations contained in paragraph 12 of the Complaint.

13.    Defendants admit the allegations contained in paragraph 13 of the Complaint.

14.    Defendants admit the allegations contained in paragraph 14 of the Complaint.

15.    Defendants deny the allegations contained in paragraph 15 of the Complaint.

16.    Defendants admit the allegations contained in paragraph 16 of the Complaint.

17.    Defendants deny the allegations contained in paragraph 17 of the Complaint.

18.    Defendants deny the allegations contained in paragraph 18 of the Complaint.

19.     Defendants admit that deductions were made to Plaintiff Toni Miller's paychecks for debts owed by Plaintiff Toni Miller's husband. Defendants deny that the deductions were improper.

20.     Defendants deny the allegations contained in paragraph 20 of the Complaint to the extent Plaintiff Toni Miller deposited her paychecks in which the deduction were itemized and documented.

21.     Defendants deny the allegations contained in paragraph 21 of the Complaint.

22.     Defendants admit the allegations contained in paragraph 22 of the Complaint.

23.     Defendants admit the allegations contained in paragraph 23 of the Complaint.

24.     In response to paragraph 24 of the complaint, Defendants admit that Plaintiff Susan Elliot was hired as a "book keeper" but deny that this was the only position for which she was hired.

25.     Defendants admit the allegations contained in Paragraph 25 of the Complaint.

26.     Defendants admit the allegations contained in paragraph 26 of the Complaint.

27.     Defendants admit that Plaintiff Susan Elliot was paid overtime. Defendants deny the remaining allegations in paragraph 27 of the Complaint.

28.     Defendants admit the allegations contained in paragraph 28 of the Complaint.

29.     Defendants deny the allegations contained in paragraph 29 of the Complaint.

30.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 30 of Plaintiffs' Complaint and therefore, they are denied.

31.     Defendants deny the allegations contained in paragraph 31 of the Complaint.

32.     Defendants deny the allegations contained in paragraph 32 of the Complaint.

33.     Defendants admit the allegations contained in paragraph 33 of Plaintiffs' Complaint.

34.     Defendants admit that Plaintiff Ariel Kleinsmith was hired as a customer services employee. Defendants deny the remaining allegations contained in paragraph 34.

35.     Defendants admit the allegations contained in paragraph 35 of the Complaint.

36.     Defendants admit the allegations contained in paragraph 36 of the Complaint.

37.     Defendants deny the allegations contained in paragraph 37 of the Complaint.

38.     Defendants deny the allegations contained in paragraph 38 of the Complaint.

39.     Defendants deny the allegations contained in paragraph 39 of the Complaint.

40.     Defendants admit the allegations contained in paragraph 40 of the Complaint.

41.     Defendants deny the allegations contained in paragraph 41 of the Complaint.

42.     Defendants admit the allegations contained in paragraph 42 of the Complaint.

43.     Defendants admit that Plaintiff Antwan Lee was hired in March of 2011. Defendants deny the remaining allegations contained in paragraph 43 of Plaintiffs' Complaint.

44.     Defendants admit that Plaintiff Antwan Lee was initially informed that he would be paid hourly. Defendants deny the remaining allegations contained in paragraph 44 of Plaintiffs' Complaint.

45.     Defendants deny the allegations contained in paragraph 45 of the Complaint.

46.     Defendants admit that Plaintiff Antwan Lee was hired as a customer services employee. Defendants deny the remaining allegations contained in paragraph 46.

47.     Defendants admit the allegations contained in paragraph 47 of the Complaint.

48.     Defendants deny the allegations contained in paragraph 48 of the Complaint.

49.     Defendants admit the allegations contained in paragraph 49 of the Complaint.

50. Defendants deny the allegations contained in paragraph 50 of the Complaint.

51. Defendants admit the allegations contained in paragraph 51 of the Complaint.

52. Defendants admit the allegations contained in paragraph 52 of the Complaint.

53. Defendants admit the allegations contained in paragraph 53 of the Complaint. (Client says true but denied earlier that TGF was a general partnership)

54. Defendants deny the allegations contained in paragraph 54 of the Complaint.

55. Defendants deny the allegations contained in paragraph 55 of the Complaint.

56. Defendants deny the allegations contained in paragraph 56 of the Complaint.

57. Defendants deny the allegations contained in paragraph 57 of the Complaint.

58. Defendants deny the allegations contained in paragraph 58 of the Complaint.

### CAUSE OF ACTION FOR VIOLATION OF THE FLSA

59. Paragraph 59 does not require a response. To the extent a response is required, Defendants incorporate their preceding responses as though fully set forth herein.

60. Defendants neither admit nor deny as it relates to "all times relevant herein," for the reason that Defendants do not know what time period Plaintiffs are referencing. Defendants otherwise admit the allegation contained in Paragraph 60.

61. Defendants neither admit nor deny the allegations contained in Paragraph 61 for the reason that Defendants do not know what Plaintiffs are referring to by the term "wages." Further, Defendants neither admit nor deny as it relates to "all times relevant herein," for the reason that Defendants do not know what time period Plaintiffs are referencing. Except as expressly admitted herein, Defendants deny all of the allegations in paragraph 61 of Plaintiffs' Complaint.

62.     Defendants neither admit nor deny as it relates to "all times relevant herein," for the reason that Defendants do not know what time period Plaintiffs are referencing. Defendants otherwise admit the allegations contained in Paragraph 62.

63.     In response to paragraph 63, Defendants neither admit nor deny as it relates to "all times relevant herein," for the reason that Defendants do not know what time period Plaintiffs are referencing. Defendants otherwise Defendants deny the allegations contained in paragraph 63 of Plaintiffs' Complaint.

64.     In answer to paragraph 64 of Plaintiffs' Complaint, Defendants neither admit nor deny for the reason that the provisions of the FLSA speak for themselves.

65.     Defendants deny the allegations contained in paragraph 65 of the Complaint.

66.     Defendants deny the allegations contained in paragraph 66 of the Complaint.

67.     Defendants deny the allegations contained in paragraph 67 of the Complaint.

68.     Defendants admit that Plaintiffs have demanded a jury trial.

Defendants deny that Plaintiffs are entitled to the relief requested in their Prayer.

Any allegations not specifically admitted in this answer are denied.

## II.
## DEFENSES AND AFFIRMATIVE DEFENSES

By way of further answer, Defendants state the following defenses and affirmative defenses:

1.     Plaintiffs' Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

2.     Plaintiffs' claims are barred, in whole or in part, by the applicable limitations period.

3.      Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, laches and estoppel.

3.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

4.      To the extent that a court holds that Plaintiffs are entitled to damages or penalties, as a matter of equity, Defendants are entitled to a set-off for wages that Plaintiffs were paid and to which they were not entitled by law.

5.      Plaintiffs' claims are barred, in whole or in part, by the *de minimus* doctrine because some or all of the time for which compensation is sought is *de minimus* and therefore not compensable.

6.      Plaintiffs' claims are barred, in whole or in part, due to their failure to undertake reasonable steps to mitigate their alleged damages, their entitlement to which is expressly denied.

7.      Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' own actions.

8.      Plaintiffs may not recover some or all of the relief requested in the Complaint because Defendants did not commit any oppressive, willful, wanton, fraudulent or malicious act or authorize or ratify any such act with respect to Plaintiffs, at all times acted in good faith and with reasonable grounds for believing it had complied with the FLSA, and Plaintiffs have failed to plead facts sufficient to support recovery of such damages.

9.      Plaintiffs' claims are barred, in whole or in part, because all or part of the time for which Plaintiffs seek compensation is non-compensable under the Portal-to-Portal Act, 29 U.S.C. 254.

10.     Plaintiffs' claims are barred, in whole or in part, because all or part of the time for which Plaintiffs seek compensation for alleged unpaid work hours worked does not constitute compensable time for the purposes of the FLSA.

11.     Plaintiffs' claims are barred, in whole or in part, because they request relief which exceeds that available under applicable law.

12.     Plaintiffs Toni Miller, Ariel Kleinsmith and Antwan Lee's claims are barred, in whole or in part, because Plaintiffs Toni Miller, Ariel Kleinsmith and Antwan Lee were properly classified as outside salespersons and were thus exempt from minimum wage, overtime, and any related requirements.

13.     Defendants reserve the right to plea, assert and rely on all proper defenses lawfully available, including those which may be disclosed or discovered through further assertions by Plaintiffs.

14.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs are exempt from overtime under § 13(a)(1) of the FLSA, which provides exemptions from both minimum wage and overtime pay for employees employed as bona fide executive, administrative, professional and outside sales employees.

15.     As a separate and distinct affirmative defense, Defendants alleged that each purported cause of action in the Complaint, or some of the causes of action, are barred, in whole or in part, or recovery should be reduced, pursuant to the doctrine of avoidable consequences.

Respectfully submitted,

/s/ Claudine G. Jackson
Joseph F. Cleveland, Jr.
jcleveland@belaw.com
Texas State Bar No. 04378900
Claudine G. Jackson
cjackson@belaw.com
Texas State Bar No. 00793800
Kristin J. Good
kgood@belaw.com
Texas State Bar No. 24074299

BRACKETT & ELLIS,
A Professional Corporation
100 Main Street
Fort Worth, Texas  76102-3090
Telephone: 817/338-1700
Facsimile:  817/870-2265

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2013, I electronically filed the foregoing document with the Clerk of Court for the United States District Court, Northern District of Texas, using the electronic case filing system of the Court.  The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

James Moulton
Attorney at Law
3939 Hwy. 80 East
Suite 486
Mesquite, TX 75150

/s/ Claudine G. Jackson
Claudine G. Jackson