**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **TONI MILLER, SUSAN ELLIOTT,** | § | |
| **ARIEL KLEINSMITH** | § | |
| **AND ANTWAN LEE** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 3:13-cv-1509** |
| | § | **JURY** |
| **TEAM GO FIGURE, L.L.P., TEAM GO** | § | |
| **FIGURE, and SCOTT ESKRIDGE** | § | |
| | § | |
| **Defendants** | § | |

**MOTION AND MEMORANDUM IN SUPPORT
OF PLAINTIFFS' MOTION FOR LEAVE TO AMEND PLEADINGS,
JOINDER OF AN ADDITIONAL PARTY, CONDITIONALLY CERTIFY A
COLLECTIVE ACTION, AND VACATE THE PRESENT SCHEDULING ORDER**

Respectfully submitted,

**By:**   /S/ James B. Moulton
        JAMES B. MOULTON
        Bar # 24007712
        3939 Hwy. 80 E., Suite 486
        Mesquite, Texas 75150
        Telephone: (972) 698-0999
        Facsimile: (903) 705-6860
        Email: jim.moulton@gmail.com

*Attorney for Plaintiffs and Opt-Ins*

## TABLE OF CONTENTS

Table of Contents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   i

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   iii

I.   Motion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1

II.   Memorandum . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1

     A.   Background . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1

     B.   Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4

          1.   Leave to Amend Should be Granted under Rule 15(a)(2) . . . . . . . . . .   4

               a.   Justice Requires Amendment . . . . . . . . . . . . . . . . . . . . . . . . . .   5

               b.   No Undue Delay . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5

               c.   No Bad Faith or Dilatory Motive . . . . . . . . . . . . . . . . . . . . . . .   5

               d.   There is No Reported Failure to Cure Deficiencies by
                    Amendments Previously Allowed . . . . . . . . . . . . . . . . . . . . . . .   6

               e.   There is No Undue Prejudice to the Opposing Party by
                    Virtue of the Allowance of the Amendment . . . . . . . . . . . . . .   6

               f.   There is No Futility of Amendments . . . . . . . . . . . . . . . . . . . .   6

          2.   Motion to Conditionally Certify a Collective Action . . . . . . . . . . . . .   6

               a.   Team Go Figure Uniformly Misclassifies office personnel as
                    exempt salaried employees . . . . . . . . . . . . . . . . . . . . . . . . . . .   7

               b.   For at least one pay period during the last three years, defendants
                    only paid overtime for hours worked in excess of 80 hours in a two
                    week period . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   7

               c.   Plaintiffs and the Putative Class Member are Victims of a
                    Company-Wide Policy and are subject to the same
                    pay provisions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   8

          d.       Legal Standard for Conditional Certification  . . . . . . . . . . . . .   9

          e.       Conditional Certification and Notice Is Appropriate Because
                  Plaintiffs and Prospective Class Members Are Similarly Situated
                  and Victims of a Company-Wide, Systemic, and Willful Policy to
                  Evade the Requirements of the FLSA . . . . . . . . . . . . . . . . . . .   11

          f.       The Proposed Notice Provides Timely and Accurate Information
                  about this Action. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   11

          g.       Defendants Should Be Required to Provide a List of Similarly
                  Situated Persons and Related Information.  . . . . . . . . . . . . . .   13

III.    Conclusion  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   13

IV.    Certificate of Conference under Local Rule 7.1(a)  . . . . . . . . . . . . . . . . . . . . .   14

V.    Certificate of Service  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   15

## TABLE OF AUTHORITIES

Cases:

Alba v. Madden Bolt Corp.,
Civil action H-02-1503 (S.D. Tex. June 5, 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   13

Albanil v. Coast 2 Coast, Inc.,
2008 WL 4937565, at *9 (S.D. Tex. Nov. 17, 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   13

Allen v. McWane, Inc.,
No. 2:06-CV-158, 2006 WL 3246531, at *2 (E.D. Tex. Nov. 7, 2006) (Ward, J) . . . . . . . . .   11

Beall v. Tyler Technologies, Inc.,
2009 WL 1766141, at *2 (E.D. Tex. June 23, 2009) (Ward, J.) . . . . . . . . . . . . . . . . . . . . . .   10

Burt v. Manville,
116 F.R.D. 276, 277 (D.Colo.1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   11

Foman v. Davis,
371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)) . . . . . . . . . . . . . . . . . . . . . . . . .    4

Griggs v. Hinds Junior Coll.,
563 F.2d 179, 180 (5th Cir. 1977) (per curiam) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    4

Hoffman-La Roche, Inc. v. Sperling,
493 U.S. 165, 169 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   9, 12, 13

Lusardi v.Xerox Corp.,
118 F.R.D. 351 (D.N.J.1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   10

Mooney v. Aramco Services Co.,
54 F.3d 1207, 1213-14 (5th Cir.1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   10

Nelson v. American Standard, Inc.,
No. 2:07-CV-010, 2008 WL 906324 (E.D. Tex. Mar. 31, 2008) (Ward, J) . . . . . . . . . . . . .   12

Owen v. Golf & Tennis Pro Shop, Inc.,
No. 4:09-cv-00571, 2010 WL 3859640, at *2 (E.D. Tex. Sept. 30, 2010) (Schell, J) . .   9, 10, 13

Reich v. Davis,
50 F.3d 962, 964 (11th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   12

Rosenblatt v. United Way of Greater Houston,
607 F.3d 413, 419 (5th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4

Ryan v. Staff Care, Inc.,
497 F.Supp.2d 820, 825 (N.D. Tex. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   10

Sandoz v. Cingular Wireless LLC,
553 F. 3d 913, 916-17 (5th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   13

SEC v DCI Telecomms., Inc.
207 FRD 32 (SD NY, 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5

Shushan v. University of Colorado,
132 F.R.D. 263 (D.Colo.1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   10

State of Louisiana v. Litton Mortg. Co.,
50 F.3d 1298, 1302-03 (5th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5

## I.      Motion

Plaintiffs Toni Miller, Susan Elliott and Ariel Kleinsmith ("Plaintiffs"), acting by and through their attorneys of record herein, and under 29 U.S.C. § 216(b), Rules 15(a)(2), 23 and 26 of the Federal Rules of Civil Procedure,  and Local Rules 5.1(c), 7.1, 7.2, and 15.1, hereby move the court to issue an order to provide for the following relief:

1.      To vacate the present scheduling order; and

2.      To grant leave to Plaintiffs to amend the original Complaint to: (a) remove Antwan Lee as a named party plaintiff in this action in light of his prior voluntary dismissal; (b) join Carol Newhard as an additional named plaintiff; and (c) certify this case as a collective action for purposes of the Fair Labor Standards Act under 29 U.S.C. § 216(b)(c).

The grounds for this motion are set forth in detail in plaintiffs' supporting Memorandum set forth below.  Those grounds are briefly that justice requires amendment of the Complaint and the conditional certification of a collective action to conform to the evidence adduced in discovery pertaining to the defendants' wilful and continuing violation of the Fair Labor Standards Act.

## II.     Memorandum

### A.     Background

This case was commenced by the filing of the Complaint on April 18, 2013.  Following service of process, defendants filed their Answer to the Complaint on May 20, 2013.  By stipulation of the parties, Defendant Antwan Lee was dismissed as a party (plaintiff) by stipulated motion on August 8, 2013.   The original  Scheduling Order was entered on June 18, 2013, which included a

deadline for Joinder of Parties or Amendment of Pleadings of August 17, 2013.[1]   On or about September 9, 2012, Plaintiffs received Defendant Team Go Figure, LLP's Objections and Answers to Plaintiffs' First Set of Interrogatories and Requests for Production. **(Ex. "A")**   Of particular note is Defendants' refusal to produce pay and time records for any employee other than the named employees.   On November 22, 2013, Plaintiffs' counsel sent correspondence to Defense counsel in an attempt to have Defendants more fully respond to the requests for production.  **(Ex. "B")**   On November 25, 2013, Defense counsel responded to Plaintiffs' request for additional responses, producing a few additional documents, but again refusing to produce any pay or time records for any employee other than the named Plaintiffs. **(Ex. "C")**   On November 25, 2013, Plaintiffs' counsel again requested that Defendant produce pay and time records regarding unpaid overtime. **(Ex. "D")** explaining as follows:

> With regards to **Request No. 6** Mrs. Elliott will testify that on a regular basis, she would print out a labor report for the calculation of wages to be paid the hourly employees.  Mr. Eskridge would then review the report, and if he saw any overtime hours worked by hourly employees, he would slash through the hours with a pen, and write "Not Approved" and would not pay overtime hours.  Accordingly, we know that the documents exist, or at least they did at one time, and that the law requires their retention.  We believe that the documents are vital to proving a willful disregard for the law, which of course speaks to the statute of limitations in this case.

On December 4, 2013, at the deposition of Defendants' witnesses, a letter from Defense counsel was hand delivered to Plaintiffs' counsel.  The letter stated that no documents ever existed in which Team Go Figure had reduced any of the hours of any employee.  **(Ex. "E")**

Late in the evening of December 4, 2013, Plaintiffs' counsel received an email

---

[1]
 Thereafter the parties have been diligently engaged in discovery including written discovery and oral depositions.  The Parties' stipulated to amend the discovery cut-off and dispositive motion deadlines in the original scheduling order, which amendment was granted by the court.

correspondence from a former employee of Team Go Figure, documenting many instances during just one pay period in which Team Go Figure had reduced the hours of hourly employees in order to avoid paying overtime hours.  **(Ex. "F")**  Throughout the first half of Defendant Scott Eskridge's deposition taken on December 5, 2013, Mr. Eskridge denied that any person at Team Go Figure had ever had their time reduced in an effort to avoid paying overtime wages.

On December 10, 2013, Plaintiffs' counsel sent a final correspondence to Defense counsel, again requesting that Defendants produce pay and time records for hourly employees, and team order forms which would help establish overtime hours worked by Plaintiffs.  **(Ex. "G")**  To this date, Defendants have failed and refused to produce such records.

On December 13, 2013, Plaintiffs received from Kathleen Craig and forwarded to Defendants, the supporting documentation proving that Defendant Team Go Figure had in fact reduced employee hours in order to avoid paying overtime pay, directly contradicting Mr. Eskridge's deposition testimony.  **(Ex. "H")** The documents show that during a single pay period, Defendant Team Go Figure failed to pay 19 hourly employees a cumulative total of 34.67 hours of overtime pay.  *Id*.  The documents show further, that Defendant Team Go Figure was calculating overtime by the number of hours worked over 80 hours in a two week period (rather than 40 hours in a one week period), and in order to avoid paying overtime based on Defendant's own 80 hour calculation, Defendant subtracted from and did not pay for any recorded hours worked in excess of 80 hours. *Id*. **Such reduction in hours resulted in 11 employees not being paid any compensation at all for a cumulative total of 3.53 hours of work.  *Id*.**  The documents also show that Defendants automatically deduct 30 minutes from each day worked for a lunch break, regardless of whether or not the employee actually takes the lunch break.  *Id*.  Note that the vast majority of the victims of

Defendants' illegal pay practices are Vietnamese immigrants, who have little or no knowledge of the laws that protect them. *Id.*

Since the discovery of these documents, which the Defendants have actively and intentionally attempted to hide from Plaintiffs, former employee Carol Newhard has expressed a desire to join as a named plaintiff in this litigation. **(Ex. "I")** Mrs. Newhard was an hourly employee who was not paid time-and-a-half for hours worked in excess of 40 hours, and who did at times work through her lunch break.

Based on the foregoing described new evidence, Plaintiffs seek to amend their Original Complaint to conform with the evidence, and to seek substantial justice for Plaintiffs and all non-exempt employees of defendants entitled to receive overtime compensation under the FLSA, 29 U.S.C. §201, *et seq*. See Plaintiffs' proposed First Amended Complaint attached hereto as **Exhibit "J"**.

### B.      Argument

### 1.      Leave to Amend Should be Granted under Rule 15(a)(2)

A district court should "freely give leave" to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). Denial of leave to amend may be warranted for undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of a proposed amendment. *See*, Rosenblatt v. United Way of Greater Houston, 607 F.3d 413, 419 (5th Cir. 2010) (*citing* Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)). A district court abuses its discretion, however, when it gives no reasons for denying a timely motion to amend, at least when the defendant would not be unduly prejudiced by the amendment. See Griggs v. Hinds Junior Coll., 563 F.2d 179, 180 (5th Cir. 1977)

(*per curiam*); see also State of Louisiana v. Litton Mortg. Co., 50 F.3d 1298, 1302-03 (5th Cir. 1995)

(observing that "[a] decision to grant leave is within the discretion of the court, although if the court

lacks a substantial reason to deny leave, its  discretion is not broad enough to permit denial").

### a.  Justice Requires Amendment

In the present case, Plaintiffs have recently discovered evidence of Defendants willful and

systematic violation of the FLSA.  Since the beginning of this litigation, Defendants have actively

sought to conceal evidence of such violations, and Plaintiffs were only able to recently obtain such

evidence through a third party.  Said evidence proves that Defendants had a policy and practice of

not paying overtime hours to not only the named Plaintiffs, but also all similarly situated employees.

To allow Defendants to benefit from concealing such evidence and to avoid liability for violating

the law would be a travesty of justice.

### b.  No Undue Delay

As detailed above, Plaintiffs have actively pursued discovery in this case.  This motion is

being filed prior to the discovery deadline, and within 3 weeks of Plaintiffs' discovery of records

which were never produced by Defendants, despite numerous requests for same.  See SEC v DCI

Telecomms., Inc. 207 FRD 32 (2002, SD NY)  (Motion to amend enforcement action filed one year

and nine months previously to assert new claims was granted where delay in asserting claims based

on newly discovered evidence was not undue, no bad faith was shown, and prejudice to defendants

was not substantial).

### c.  No bad faith or dilatory motive

Plaintiffs' motion for leave to amend their pleadings is being brought as the result of newly

discovered evidence.  The evidence clearly shows violations of the FLSA, and said violations were

perpetrated upon numerous employees and persisted for years.   Accordingly, the motive for the motion is to seek justice for Team Go Figure employees.

### d.      There is no repeated failure to cure deficiencies by amendments previously allowed

This is Plaintiffs' first amendment to their pleadings, and therefor there is no repeated failure to cure deficiencies by amendments previously allowed.

### e.      There is no undue prejudice to the opposing party by virtue of the allowance of the amendment

There is no undue prejudice to the Defendants by virtue of the allowance of the amendment. Defendants have not yet deposed a single Plaintiff, nor has Defendants filed any dispositive motions. Furthermore, the delay in filing the amended pleadings was occasioned by the Defendants' active and intentional concealment of its own documents.   Defendants have had possession of the newly discovered documents since the inception of this suit, and therefor there can be no undue prejudice with regards to the Defendants.

### f.      There is No futility of Amendments

None of Plaintiffs claims, either new or old, have been the subject of any dispositive motions, nor have they been dismissed.   The new claims, as specified in Plaintiffs' First Amended Complaint are not being brought in an effort to preserve previously dismissed claims.   **(Ex "J")**   Moreover, where leave to amend is sought to conform to the evidence adduced from defendants in discovery, there is no basis from which the court could find, on this record any evidence that the amendment would be futile.

### 2.      Motion to Conditionally Certify a Collective Action

This is a clear case for certification. Team Go Figure has promulgated compensation policies and practices that uniformly violate the overtime rights of all of its non-exempt employees.  These unlawful policies include: (1) misclassifying non-exempt employees as "salaried exempt" employees; (2) calculating overtime hours based on hours worked in excess of 80 hours in a two week period; (3) arbitrarily reducing the record hours from those actually worked by employees in order to avoid paying overtime; and (4) capriciously and systematically deducting time (30 minutes) from all employees for a lunch break, despite the fact that many employees work through the lunch period.

The prerequisites for collective action certification are easily met on the factual record set forth herein, and the Court should grant Plaintiffs' Motion to effectuate the remedies offered by the FLSA and Federal Rule of Civil Procedure 23.

> **a.  Team Go Figure uniformly misclassifies office personnel as exempt salaried employees**

Defendants hire office personnel on an hourly basis, and after 90 days, classifies them as salaried exempt employees, with no analysis or regard for FLSA exemption guidelines.  All salaried employees are expected to work at least 40 hours per week.

> **b.  For at least one pay period during the last three years, defendants only paid overtime for hours worked in excess of 80 hours in a two week period**

Despite Plaintiffs having requested pay records for hourly employees, Defendants have refused to produce such records.  Despite Defendants' refusal to produce such records, Plaintiffs were able to obtain through a third party, just one pay period of a portion of the hourly employee pay records.  The portion of the single pay period records that Plaintiffs have obtained, show that

Defendants uniformly calculated overtime wages by how many hours were worked in excess of 80 hours during a two week pay period. **(Ex. "H")**

When overtime is calculated based on a 40 hour work week, for the pay period ending April 19, 2011, Laura Augustin worked 0.28 hours of overtime, yet was not paid any overtime pay. *Id.* Crystal Alexander worked 3.31 hours of overtime, yet was not paid any overtime pay. *Id.* Yen Do worked 0.28 hours of overtime, yet was not paid any overtime pay. *Id.* Anita Dominquez worked 0.14 hours of overtime, yet was not paid any overtime pay. *Id.* Milton Escobar worked 1.42 hours of overtime, yet was not paid any overtime pay. *Id.* Israr Fatima worked 0.62 hours of overtime, yet was not paid any overtime pay. *Id.* Keleigh Kelley worked 1.16 hours of overtime, yet was not paid any overtime pay. *Id.* Jose Lanzo worked 1.52 hours of overtime, yet was not paid any overtime pay. *Id.* Tran Tuong Le worked an astounding 14.94 hours of overtime, yet was not paid any overtime pay. *Id.* Carol Newhard worked 0.47 hours of overtime, yet was not paid any overtime pay. *Id.* Xuan Hoa-Lam Nguyen worked 3.74 hours of overtime, yet was not paid any overtime pay. *Id.* Taide Piedra worked 1.9 hours of overtime, yet was not paid any overtime pay. Margarita Ramirez worked 0.14 hours of overtime, yet was not paid any overtime pay. *Id.* Dora Silva worked 0.10 hours of overtime, yet was not paid any overtime pay. *Id.* Hoa Tran worked 1.74 hours of overtime, yet was not paid any overtime pay. *Id.* Noi Tran worked 0.51 hours of overtime, yet was not paid any overtime pay. *Id.* Hue Uong worked 2.25 hours of overtime, yet was not paid any overtime pay. *Id.* Ana Varela worked 0.39 hours of overtime, yet was not paid any overtime pay. *Id.* Deirdre Buchanan worked 0.66 hours of overtime, yet was not paid any overtime pay. *Id.*

      c.     **Plaintiffs and the Putative Class Member are Victims of a Company-Wide Policy and are subject to the same pay provisions**

Plaintiffs Carol Newhard, Ariel Kleinsmith, and Susan Elliott were all paid hourly wages during all or at least a portion of their employment.  Plaintiff Carol Newhard's time records show that her hours were improperly calculated, and that she was not paid for overtime hours worked. **(Ex. "H")**  Furthermore, Plaintiffs Carol Newhard, Ariel Kleinsmith, and Susan Elliott all occasionally worked through lunch, yet received a daily automatic deduction of 30 minutes from their pay.

Plaintiffs Ariel Kleinsmith, Susan Elliott, and Toni Miller were all misclassified as exempt employees, when in fact they were non-exempt workers.

### d.    Legal Standard for Conditional Certification

The FLSA's "collective action" provision allows one or more employees to bring an action for overtime compensation on "behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). District courts have the discretionary power to conditionally certify collective actions and authorize notice to potential class members so they may "opt in" to the action. See Hoffman-La Roche, Inc. v. Sperling, 493 U.S. 165, 169 (1989).  Court-authorized notice protects against "misleading communications" by employers and employees, resolves the parties' disputes regarding the content of any notice, prevents the proliferation of multiple individual lawsuits, assures that joinder of additional parties is accomplished properly and efficiently, and expedites resolution of the dispute. Id. at 170-172.

A collective action under § 216(b) is akin to a class action under Fed. R. Civ. P. 23. A key difference between the two, however, is that under § 216(b), absent class members do not share in any recovery (and are not bound by the judgment) unless they voluntarily opt into the collective action. Owen v. Golf & Tennis Pro Shop, Inc., No. 4:09-cv-00571, 2010 WL 3859640, at *2 (E.D. Tex. Sept. 30, 2010) (Schell, J). The Fifth Circuit has acknowledged two approaches that a district

court may take when deciding whether to certify collective actions and authorize notice: (1) the *Lusardi* two-stage approach; and (2) the *Shushan* "spurious class action" approach. *Id.* (citing Mooney v. Aramco Services Co., 54 F.3d 1207, 1213-14 (5th Cir.1995) (citing Lusardi v.Xerox Corp., 118 F.R.D. 351 (D.N.J.1987) and Shushan v. University of Colorado, 132 F.R.D. 263 (D.Colo.1990)). The *Lusardi* two-stage approach is the prevailing standard and the one most frequently used by this Court. *Id.* (citing cases).

Under the *Lusardi* approach, the district court initially certifies a class under a lenient standard that focuses on whether a similarly situated group of potential plaintiffs exists. If the class is conditionally certified, the defendants may later move for decertification once both sides have had the opportunity to conduct discovery. This Court recently explained in Owen v. Golf & Tennis Pro Shop, Inc. that the legal and factual burdens of this first stage under *Lusardi* requires the plaintiff to present only preliminary facts showing that a similarity situated group of potential plaintiffs exist:

> Because a motion for conditional certification usually occurs early in the case, and thus the court has minimal evidence before it, the determination is made using a fairly lenient standard requiring nothing more than substantial allegations that the putative class members were victims of asingle decision, policy, or plan… In addition, the court should satisfy itself that the potential plaintiffs are similarly situated with respect to their job requirements and pay provisions (emphasis added).

*Id*. at *2. The plaintiff and putative class members' jobs requirements and pay provisions "need not be identical, [only] similar." See Ryan v. Staff Care, Inc., 497 F.Supp.2d 820, 825 (N.D. Tex. 2007); see also Allen v. McWane, Inc., No. 2:06-CV-158, 2006 WL 3246531, at *2 (E.D. Tex. Nov. 7, 2006) (Ward, J). Notice is appropriate if the Court concludes that there is some factual nexus that binds the named plaintiff and potential class members together as victims of a particular alleged policy or practice. Beall v. Tyler Technologies, Inc., 2009 WL 1766141, at *2 (E.D. Tex. June 23,

2009) (Ward, J.) (citing <u>Allen</u>, 2006 WL 3246531, at *2. Therefore, a court can foreclose a plaintiff's right to proceed collectively *only* if the action relates to specific circumstances personal to the plaintiff rather than any generally applicable policy or practice. *Allen,* 2006 WL 3246531, at *2 (citing <u>Burt v. Manville</u>, 116 F.R.D. 276, 277 (D.Colo.1987)).

> **e.     Conditional Certification and Notice Is Appropriate Because Plaintiffs and Prospective Class Members Are Similarly Situated and Victims of a Company-Wide, Systemic, and Willful Policy to Evade the Requirements of the FLSA.**

In this case, the Court is only at the notice stage. Plaintiffs seek conditional certification for purposes of discovery and judicial notice.  Plaintiffs and other opt-in plaintiffs have shown a sufficient factual nexus that binds the proposed class to a particular policy or practice: Team Go Figure's calculation of overtime based on hours worked over 80 in a two week period; subtracting hours worked in excess of 80 hours in a two week period; subtracting hours worked in ecess of 40 hours in a one week period; automatically deducting 30 minutes from every hourly employee's pay, regardless of whether or not a lunch break was actually taken; and missclassifying non-exempt employees as exempt employees.

The exhibits attached to this motion show that (1) Defendants' failure to pay the mandatory overtime premium to Plaintiffs and other hourly employees is the result of Team Go Figure's uniform pay policy; (2) Defendants' uniformly deduct 30 minutes daily from each employee's pay.

Based on the foregoing, Plaintiffs have more than satisfied *Lusardi*'s lenient stageone showing and, therefore, the Court should conditionally certify this as a collective action and authorize notice to potential plaintiffs.

> **f.     The Proposed Notice Provides Timely and Accurate Information about this Action.**

A collective action depends "on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." Hoffmann-Laroche, 493 U.S. at 170.  Use of court-authorized notice also prevents "misleading communications," *Id.* at 172.  To facilitate these interests and preserve the rights of those who have not yet opted in, Plaintiffs attach a proposed Notice and proposed Consent form for approval by the Court.  **(Ex.'s "K" & "L")**  The proposed Notice and Consent form are based on examples approved by districts courts in other federal actions, including a notice and consent form issued and approved by the Court in Nelson v. American Standard, Inc., No. 2:07-CV-010, 2008 WL 906324 (E.D. Tex. Mar. 31, 2008) (Ward, J).  Plaintiffs seek to notify a group of potential plaintiffs defined as follows:

> *All current and former employees of Team Go Figure, L.L.P. who were employed between April 18, 2010 and the present, and:*
>
> 1. *who's overtime pay was calculated based on hours worked in excess of 80 hours in a two week period; and/or*
> 2. *all hourly-paid individuals who's actual recorded time has been reduced by Team Go Figure, L.L.P. in order to avoid paying overtime wages; and/or*
> 3. *all hourly-paid individuals who have worked through any portion of their lunch break; and/or*
> 4. *any salaried employee who has been improperly classified as an exempt employee.*

This notice provides information regarding the pendency of the current action and of the opportunity to opt in. Plaintiff's legal claims are accurately described. Potential opt-ins are advised that they are not required to participate. The notice provides clear instructions on how to opt-in and accurately states the prohibition against retaliation or discrimination for participation in the FLSA action. *See* 29 U.S.C. § 215(a)(3); Reich v. Davis, 50 F.3d 962, 964 (11th Cir. 1995).

**g.      Defendants Should Be Required to Provide a List of Similarly Situated Persons and Related Information.**

Finally, Plaintiffs ask the Court to issue an order requiring Defendants to disclose the names and last known home addresses, home telephone numbers, drivers license numbers, and dates and locations of employment, of those included in the group to be notified.  Plaintiffs request that this information be provided within 10 days from the entry of the Court's order and in a usable electronic form to reduce any delays in sending out the notices.  Discovery of the above-identified information for prospective class members is a routine component of notice in collective actions.  *See, e.g.,* Owen, No. 4:09-cv-00571, 2010 WL 3859640, at *4-5; *see also* Alba v. Madden Bolt Corp., Civil action H-02-1503 (S.D. Tex. June 5, 2002). Indeed, such a mailing list is essential to the timely notice. Hoffmann-LaRoche, 493 U.S. at 170 ("timely notice" required).  Notice to prospective class members should be given as soon as practicable as the FLSA's statute of limitations continues to run against all potential plaintiffs who have yet to opt-in to the collective action.  Sandoz v. Cingular Wireless LLC, 553 F. 3d 913, 916-17 (5th Cir. 2008).   In addition, Defendants' designated representative should be required to produce the requested information with an affidavit in the form attached hereto as **Exhibit "M"** stating under oath that the information is complete and accurate so as to subject the person so stating to the penalties of perjury, should the information turn out to be incomplete or inaccurate.  *See* Albanil v. Coast 2 Coast, Inc., 2008 WL 4937565, at *9 (S.D. Tex. Nov. 17, 2008) (ordering preparer of requested information to sign affidavit regarding information's completeness).

## III.      Conclusion

-13-

In order that justice may be done, and in order to facilitate the purposes of the FLSA's collective action provisions, the Court should grant Plaintiffs' Motion for Leave to Amend their Pleadings, and Join Additional Parties, and to further authorize the notice to be issued by Plaintiff to potential class members and conditionally certify this collective action as soon as possible. Notice will allow those current and past employees whose rights are eroding daily to be informed of this action and their right to join, if they so elect. Plaintiff has met the low-threshold burden to show that the group of potential class members is similarly situated and victims of a companywide policy or practice.

**Certificate of Conferenc under Local Rule 7.1(a)**

By my signature below, I certify that I have conferred with counsel for defendants concerning as required under Local Rule 7.1(a), and have been informed that the foregoing Motions are individually and collectively opposed by Defendants.

DATED this 6th day of January, 2014.

JAMES MOULTON, ATTORNEY AT LAW

**By:**     /S/   James B. Moulton
JAMES B. MOULTON
Bar # 24007712
3939 Hwy. 80 E., Suite 486
Mesquite, Texas 75150
Telephone: (972) 698-0999
Facsimile: (903) 705-6860
Email: jim.moulton@gmail.com

*Attorney for Plaintiffs and Opt-Ins*

-14-

## CERTIFICATE OF SERVICE

I certify one true and correct copy of the foregoing instrument was served on Defendants' lead counsel of record by electronic mail through the Court's EFCEM system on this 6th day of January, 2014.


**By:**    /S/   James B. Moulton
JAMES B. MOULTON
Bar # 24007712
3939 Hwy. 80 E., Suite 486
Mesquite, Texas 75150
Telephone: (972) 698-0999
Facsimile: (903) 705-6860
Email: jim.moulton@gmail.com

*Attorney for Plaintiffs and Opt-Ins*

-15-

## CERTIFICATE OF CONFERENCE UNDER LOCAL RULE 7.1(a)

Plaintiffs' counsel conferred with Defendants' counsel, Claudine Jackson on January 6, 2014 regarding this Motion For Leave to Amend Pleadings, Add an Additional Party, Conditionally Certify a Collective Action, and Set Aside Scheduling Order , and she has indicated that Defendants are **OPPOSED** to said motion.

**By:**   /S/James B. Moulton
     JAMES B. MOULTON
     Bar # 24007712
     3939 Hwy. 80 E., Suite 486
     Mesquite, Texas 75150
     Telephone: (972) 698-0999
     Facsimile: (903) 705-6860
     Email: jim.moulton@gmail.com

*Attorney for Plaintiffs and Opt-Ins*

## CERTIFICATE OF SERVICE

I certify one true and correct copy of the foregoing instrument was served on Defendants' lead counsel of record by electronic mail through the Court's ECFEM system on this 6th day of January, 2014.

**By:**   /S/ James B. Moulton
     JAMES B. MOULTON
     Bar # 24007712
     3939 Hwy. 80 E., Suite 486
     Mesquite, Texas 75150
     Telephone: (972) 698-0999
     Facsimile: (903) 705-6860
     Email: jim.moulton@gmail.com

*Attorney for Plaintiffs and Opt-Ins*