IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TONI MILLER, SUSAN ELLIOTT, ARIEL KLEINSMITH AND CAROL NEWHARD individually and on behalf of all others similarly situated | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:13-cv-1509 |
| | § | JURY |
| TEAM GO FIGURE, L.L.P., TEAM GO FIGURE, and SCOTT ESKRIDGE | § § § | |
| Defendants | § § | |

APPENDIX TO PLAINTIFFS' MEMORANDUM IN SUPPORT OF
PLAINTIFFS' MOTION FOR LEAVE TO AMEND PLEADINGS, JOINDER
OF AN ADDITIONAL PARTY, CONDITIONALLY CERTIFY A COLLECTIVE
ACTION, AND SET ASIDE SCHEDULING ORDER

Table of Contents:                                                    Page No.

Exhibit A ............................................................. 001-014
Exhibit B ............................................................. 015-020
Exhibit C ............................................................. 021-029
Exhibit D ............................................................. 030-032
Exhibit E ............................................................. 033-035
Exhibit F ............................................................. 036-048
Exhibit G ............................................................. 049-051
Exhibit H ............................................................. 052-068
Exhibit I ............................................................. 069-071
Exhibit J ............................................................. 072-085
Exhibit K ............................................................. 086-090
Exhibit L ............................................................. 091-093
Exhibit M ............................................................. 094-096
Exhibit N ............................................................. 097-108

DATED this 6th day of January, 2014.

**JAMES MOULTON, ATTORNEY AT LAW**


**By:** ___/S/___ James B. Moulton_____
JAMES B. MOULTON
Bar # 24007712
3939 Hwy. 80 E., Suite 486
Mesquite, Texas 75150
Telephone: (972) 698-0999
Facsimile: (903) 705-6860
Email: jim.moulton@gmail.com

*Attorney for Plaintiffs and Opt-Ins*

## CERTIFICATE OF SERVICE

I certify one true and correct copy of the foregoing instrument was served on Defendants' lead counsel of record by electronic mail through the Court's EFCEM system on this 6th day of January, 2014.


By: ____/S/   James B. Moulton_____
JAMES B. MOULTON
Bar # 24007712
3939 Hwy. 80 E., Suite 486
Mesquite, Texas 75150
Telephone: (972) 698-0999
Facsimile: (903) 705-6860
Email: jim.moulton@gmail.com

*Attorney for Plaintiffs and Opt-Ins*

**EXHIBIT "A"**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TONI MILLER, SUSAN ELLIOT, ARIEL KLEINSMITH AND ANTWAN LEE | § § § | |
| PLAINTIFFS | § § | |
| VS. | § § | CIVIL ACTION NO. 3:13-cv-1509 |
| | § | JURY |
| TEAM GO FIGURE, L.L.P., TEAM GO FIGURE AND SCOTT ESKRIDGE | § § § | |
| DEFENDANTS | § § | |

**DEFENDANT TEAM GO FIGURE, L.L.P.'S OBJECTIONS, ANSWERS AND
RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES
AND REQUESTS FOR PRODUCTION**

TO:   Plaintiffs Toni Miller, Susan Elliot and Ariel Kleinsmith, by and through their attorney of
record, James Moulton, Attorney at Law, 939 Hwy. 80 East, Suite 486, Mesquite, TX
75150.

COMES NOW Defendant Team Go Figure, L.L.P., pursuant to Rules 33 and 34, Federal

Rules of Civil Procedure, and serves its objections, answers and responses to Plaintiffs' First Set

of Interrogatories and Requests for Production.

Respectfully submitted,

Joseph F. Cleveland, Jr.
jcleveland@belaw.com
Texas State Bar No. 04378900
Claudine G. Jackson
cjackson@belaw.com
Texas State Bar No. 00793800
Andrea A. Whalen
awhalen@belaw.com
Texas State Bar No. 24085652

BRACKETT & ELLIS,
A Professional Corporation
100 Main Street

Defendant Team Go Figure, L.L.P.'s Objections, Answers and Responses to
Plaintiffs' First Set of Interrogatories and Requests for Production
Civil Action No. 3:13-cv-1509

428745.1
Page 1

Fort Worth, Texas 76102-3090
Telephone: 817/338-1700
Facsimile: 817/870-2265

ATTORNEYS FOR DEFENDANT
TEAM GO FIGURE, L.L.P.

### CERTIFICATE OF SERVICE

I hereby certified that on September 9, 2013, a true and correct copy of the foregoing document was forwarded to all counsel of record pursuant to the Federal Rules of Civil Procedure as follows:

James Moulton
Attorney at Law
939 Hwy. 80 East
Suite 486
Mesquite, TX 75150
**Certified Mail RRR**
**7001 2510 0003 8803 4837**

Claudine G. Jackson

---

Defendant Team Go Figure, L.L.P.'s Objections, Answers and Responses to
Plaintiffs' First Set of Interrogatories and Requests for Production          428745.1
Civil Action No. 3:13-cv-1509                                                 Page 2

## INTERROGATORIES

**INTERROGATORY NO. 1:** For each of the named Plaintiffs, please state the exemptions to the overtime provisions of the FLSA that Team Go Figure failed to pay said Plaintiff overtime wages, and the factual basis for claiming such exemption.

**ANSWER:** To the extent this interrogatory seeks information related to Antwan Lee, Defendant objects that it exceeds the permissible scope of discovery, because it seeks discovery of material that is not relevant to the subject matter of this lawsuit and/or seeks discovery of material that is not reasonably calculated to lead to the discovery of admissible evidence, as Mr. Antwan Lee is no longer a named plaintiff in this lawsuit. Subject to and without waiving the foregoing,

**Team Go Figure would state that it is unaware of any overtime hours worked by Plaintiffs during a given workweek. That being said, Plaintiff Toni Miller qualified for the Executive Employee Exemption and the Outside Sales Exemption. Ms. Miller was hired by Team Go Figure as its Sales Manager and Creative Director. In that role, Team Go Figure compensated Ms. Miller on a salary basis at a rate not less than $455.00 per week. Her primary duty was managing the sales team, a customarily recognized department of Team Go Figure's Enterprise. Ms. Miller customarily and regularly directed the work of at least two or more other fulltime employees or their equivalent, and she had the authority to hire and fire other employees, or her suggestions and recommendations as to the hiring, firing, advancement, promotion or any change of status of other employees was given particular weight. During her employment with Team Go Figure, Ms. Miller also qualified as exempt under the Outside Sales Exemption because her primary duty in managing the sales team also included making sales. In that role, she was customarily and regularly engaged away from Team Go Figure's place of business for sales efforts.**

**Team Go Figure employed Plaintiff Susan Elliot as its Bookkeeper/Accountant/HR Manager. During her employment with Team Go Figure, Ms. Elliot qualified for the Administrative Employee Exemption. Team Go Figure compensated Ms. Elliot on a salary or fee basis at a rate not less than $455 per week; her primary duty was the performance of office or non-manual work directly related to the management or general business operations of Team Go Figure; and her primary duty included the exercise of discretion and independent judgment with respect to matters of significance -- specifically matters related to accounting, bookkeeping, human resources and processing of Team Go Figure's sales orders.**

**Team Go Figure employed Ariel Kleinsmith as an Outside Sales Representative. During her employment with Team Go Figure, Ms. Kleinsmith qualified for the outside sales employee exemption because her primary duty was making sales, or obtaining orders for which a consideration was paid by Team Go Figure's customers. Ms. Kleinsmith was customarily and regularly engaged away from Team Go Figure's place of business. Further, Ms. Kleinsmith did not work any overtime hours during her short employment with Team Go Figure.**

**INTERROGATORY NO. 2:** Please provide a list of all employees that have worked for Team Go Figure since April 1, 2010 until the present. For each employee listed, please provide their

Defendant Team Go Figure, L.L.P.'s Objections, Answers and Responses to
Plaintiffs' First Set of Interrogatories and Requests for Production                                    428745.1
Civil Action No. 3:13-cv-1509                                                                              Page 3

Plaintiffs' Motion Appendix pg. 004

job position, their pay rate, whether they were/are paid hourly or received/receive a salary, and current or last known address and phone number.

**ANSWER:** Defendant object to the production of its former and current employees' last known address and phone number for the reason that it violates privacy rights of its former or current employees and further because it exceeds the permissible scope of discovery, because it seeks discovery of material that is not relevant to the subject matter of this lawsuit and/or seeks discovery of material that is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing,

| Name | Job Title | Pay Rate |
|---|---|---|
| Aaron, David | Shipping Clerk | 15.00 |
| Agustin De Velasquez, Laura | Heat Press Operator | 12.50 |
| Alexander, Crystal C. | Shipping Clerk | 16.00 |
| Allen, Nicole Y. | Sales Rep | 18.00 |
| Alvallero, Ilcia D. | Seamstress | 10.50 |
| Araiza, Ahida L. | Seamstress | 8.50 |
| Baker, Kim H. | Graphic Designer | 16.00 |
| Beers, Taylor | Customer Service | 10.50 |
| Beltran, Maggie | Fabric Cutter | 12.50 |
| Boswell, Svetlana A. | Designer | 45,000.00 |
| Brannon, Kade | Shipping Clerk | 9.00 |
| Birdwell, Missy | Sales Rep | Commission |
| Buchanan, Deirdre G. | Graphic Designer | 31,500.00 |
| Burris, Joe | Shipping Clerk | 9.00 |
| Burton, Tara L. | Heat Press Operator | 8.00 |
| Calloway, Christina | Heat Press Operator | 8.00 |
| Campos, Marlon E. | Embroidery Operator | 10.00 |
| Carey, Patee H. | Heat Press Operator | 9.00 |
| Carpenter, Carla M. | Heat Press Operator | 8.00 |
| Carpenter, Lola E. | Heat Press Operator | 8.00 |

Defendant Team Go Figure, L.L.P.'s Objections, Answers and Responses to
Plaintiffs' First Set of Interrogatories and Requests for Production
Civil Action No. 3:13-cv-1509

428745.1
Page 4

| Name | Job Title | Pay Rate |
|---|---|---|
| Cash, Nina L. | Shipping Clerk | 9.25 |
| Castaneda, Rosalva | Shipping Clerk | 12.25 |
| Coker, Maria G. | Sales Rep | 16.35 |
| Colao-Lusby, Virginia | Designer | 19.00 |
| Conner Jennifer D. | Sales Rep | Commission |
| Corker, Tabitha | Customer Service | 36,000.00 |
| Dickens, Barbara A. | Shipping Manager | 45,950.00 |
| Do, Yen K. | Seamstress | 10.50 |
| Dominquez, Anita O. | Seamstress | 10.00 |
| Dubon, Maria C. | Seamstress | 10.50 |
| Durrett, Penny | Sales Rep | Commission |
| Elders, April P. | Sales Rep | 38,400.00 |
| Elliott, Susan | Bookkeeper | 42,000.00 |
| Escobar, Milton R. | Fabric Cutter | 19.00 |
| Escobar, Mynor I. | Embroidery Operator | 13.25 |
| Eskridge, Scott | Owner | Draw |
| Fatima, Israr | Seamstress | 7.75 |
| Fisher, Dawn H. | Shipping Clerk | 15.00 |
| Gaskill, Susan | Shipping Clerk | 15.00 |
| Guerra, Cindy | Seamstress | 7.50 |
| Guerra, Jesus O. | Fabric Cutter | 15.50 |
| Guy, Cheryl L. | Production Manager | 68,000.00 |
| Harge, Richard M. | Fabric Cutter | 12.75 |

**INTERROGATORY NO. 3:** For each of the named Plaintiffs, please state their job duties for each pay period that they were employed by Defendant.

Defendant Team Go Figure, L.L.P.'s Objections, Answers and Responses to
Plaintiffs' First Set of Interrogatories and Requests for Production
Civil Action No. 3:13-cv-1509

428745.1
Page 5

Plaintiffs' Motion Appendix pg. 006

**ANSWER:** To the extent this interrogatory seeks information related to Antwan Lee, Defendant objects that it exceeds the permissible scope of discovery, because it seeks discovery of material that is not relevant to the subject matter of this lawsuit and/or seeks discovery of material that is not reasonably calculated to lead to the discovery of admissible evidence, as Mr. Antwan Lee is no longer a named plaintiff in this lawsuit. Subject to and without waiving the foregoing,

**Toni Miller served as Team Go Figure's sales manager and creative director. In her role as sales manager/creative director, Ms. Miller directed the work of Team Go Figure's outside sales team. She was responsible for maintaining sales volume, products mix and selling price by keeping current with supply and demand, changing trends and product information. She established and adjusted selling prices by monitoring costs and competition in supply and demand. She participated in outside sales efforts, including attendance at cheer camp, maintained a sales staff by recruiting, selecting, orienting and training employees, maintained sales staff job results by counseling and disciplining employees, planning, monitoring and appraising job results, and managed and supported sales staff through weekly emails, support and counseling.**

**As the bookkeeper/accountant/human resources manager, Ms. Elliot was responsible for balancing and reconciling all accounts on a monthly basis, recording weekly deposits, tracking bills and processing monthly bill payments, processing check requests and reimbursements, tracking and reconciling petty cash accounts, managing office supplies, determining whether an order could be shipped to a customer, handling customer issues with regard to payments or order, handling vendor issues in terms of orders, payment of invoices, returns, etc. Ms. Elliott additionally handled employee absences including designation of missed time as sick/personal/vacation; determination and discretion,n in terms of payment of vacation (except for direct reports to S. Eskridge, such as herself, Toni Miller and Scott Kenworthy). Ms. Elliott handled all aspects of payroll including payment of hourly employees. She also participated in employee disciplinary actions/meetings.**

**As an outside sales representative, Ariel Kleinsmith was primarily responsible for traveling to school campuses to make sales or obtain orders from customers. She was also responsible for scheduling her own campus visit through calls or emails to potential or existing customers.**

**Defendant additionally refers Plaintiffs to documents produced herein.**

**INTERROGATORY NO. 4:** If any employee of Team Go Figure, including but not limited to Scott Eskridge, has had any contact, whether written, electronic, phone, or in person, with any of the named Plaintiffs (including Antwan Lee, regardless of whether he is still a named Plaintiff at the time these Interrogatories are responded to) or their current employers, friends, or relatives, please state the date and time of such communication, the nature of said communication, the purpose of said communication, what was said during such communication and whether such communication was authorized by Defendants' legal counsel.

**ANSWER:** Defendant objects to the portion of this Interrogatory which seeks "whether such communication was authorized by Defendants' legal counsel" for the reason it seeks communications which are confidential and privileged under the attorney-client communication

Defendant Team Go Figure, L.L.P.'s Objections, Answers and Responses to
Plaintiffs' First Set of Interrogatories and Requests for Production
Civil Action No. 3:13-cv-1509

428745.1
Page 6

privilege. Defendant further objects to this Interrogatory for the reason that it is not limited in scope and time, as Plaintiffs were employees of Defendant for several years or months and multiple communications occurred during such period of employment. **Subject to and without waiving the foregoing and to the extent Plaintiffs are seeking communications following Plaintiffs' termination of employment with Team Go Figure, Defendant would state that Mr. Eskridge communicated with Plaintiff Ariel Kleinsmith by text message. Plaintiffs' counsel has been provided all such communications and Plaintiff Ariel Kleinsmith is likewise in possession of such communication. Further, on or around July 18, 2013, a representative of Antwan Lee's employer, Rick Cowan of Dallas Spandex, arrived at Team Go Figure's building in Garland. Prior to this meeting, Mr. Eskridge had no known previous communications or contacts with Dallas Spandex. Rick Cowan of Dallas Spandex advised Mr. Eskridge that he had heard about Team Go Figure from one of Dallas Spandex's current employees. Mr. Eskridge inquired as to who the employee was and Mr. Cowan advised that it was Antwan Lee. Mr. Eskridge advised that he was currently in litigation with Mr. Lee. Mr. Cowan inquired into the nature of the litigation and Mr. Eskridge provided that information. During this meeting, Mr. Cowan and Mr. Eskridge discussed many other things, including the possible sale of fabric to Dallas Spandex and the fact that the two of them had both attended Richardson High School. Shortly after Mr. Cowan left Team Go Figure, Mr. Eskridge received a text message from Mr. Lee indicating as follows: "This is Antwan Lee. I have told that lawyer to remove me from any lawsuit against TGF. I was misinformed and am not interested in any type of legal action against TGF. Best wishes." Mr. Eskridge simply responded to his text message and has had no further communications with Mr. Lee. Defendant is aware that Susan Elliott has initiated contact and communications with Defendant's current employees.**

**INTERROGATORY NO. 5:** For each month of Toni Miller's employment, please provide a list of each employee that you contend she directly managed.

**ANSWER:**

> **Kirsten Kosack**
> **April Lutts**
> **Ariel Kleinsmith**
> **Kristina Steinhauser**
> **Antwan Lee**
> **Jennifer Conner**
> **Melissa Birdwell**
> **April Elders**
> **Penny Durrett**
> **Tabitha Corker**
> **Heather Schrunk**
> **Susan Elliott**
> **Laren Lazenby**
> **April McDougald**
> **Candice Snyder**
> **Hollie Hess**

Defendant Team Go Figure, L.L.P.'s Objections, Answers and Responses to
Plaintiffs' First Set of Interrogatories and Requests for Production                          428745.1
Civil Action No. 3:13-cv-1509                                                                    Page 7

**INTERROGATORY NO. 6:**  Please list the hours you believe each Plaintiff worked during each pay period that they were employed by Defendant.

**ANSWER:** To the extent this interrogatory seeks information related to Antwan Lee, Defendant objects that it exceeds the permissible scope of discovery, because it seeks discovery of material that is not relevant to the subject matter of this lawsuit and/or seeks discovery of material that is not reasonably calculated to lead to the discovery of admissible evidence, as Mr. Antwan Lee is no longer a named plaintiff in this lawsuit.

Subject to and without waiving the foregoing,

**Toni Miller – Unknown at this time, as Ms. Miller handled outside sales and management of the sales team. Defendant did not track Ms. Miller's hours, as she was a salaried, exempt employee.**

**Susan Elliott – 40 hours per week. Ms. Elliott was a salaried employee, exempt from overtime pay. However, she typically worked the normal business hours of Defendant, less time away for personal/sick/vacation.**

**Ariel Kleinsmith**

| Pay Period 01/25/2012 - 02/07/2012 | 80 hours total for pay period |
|---|---|
| • 01/31/2012 | • 9 hours with 30 minute lunch |
| • 02/01/2012 | • 9 hours with 30 minute lunch |
| **Pay Period 02/08/2012 - 02/21/2012** | 80 hours total for pay period |
| **Pay Period 02/22/2012 - 03/06/2012** | 80 hours total for pay period |
| • 02/22/2012 | • 8 hours with 30 minute lunch |
| • 02/23/2012 | • 8 hours with 30 minute lunch |
| **Pay Period 03/07/2012 - 03/20/2010** | 80 hours total for pay period |
| • 03/08/2012 | • 8 hours with 30 minute lunch |
| • 03/14/2012 | • 8 hours with 30 minute lunch |
| • 03/19/2012 | • 8 hours with 30 minute lunch |
| **Pay Periods 03/21/2012 - 05/17/2012** | 80 hours total for pay period |

**INTERROGATORY NO. 7:**  Please identify any documents that would describe in writing what the job duties were for each of the named Plaintiffs.

Defendant Team Go Figure, L.L.P.'s Objections, Answers and Responses to
Plaintiffs' First Set of Interrogatories and Requests for Production          428745.1
Civil Action No. 3:13-cv-1509                                                 Page 8

Plaintiffs' Motion Appendix pg. 009

**ANSWER:** To the extent this interrogatory seeks information related to Antwan Lee, Defendant objects that it exceeds the permissible scope of discovery, because it seeks discovery of material that is not relevant to the subject matter of this lawsuit and/or seeks discovery of material that is not reasonably calculated to lead to the discovery of admissible evidence, as Mr. Antwan Lee is no longer a named plaintiff in this lawsuit.

**Subject to and without waiving the foregoing, Defendant refers Plaintiff to documents produced and bates labeled as TGF 000011 – 000183, TGF 000209-000239, TGF 000256-000302, TGF 000308-000382.**

**INTERROGATORY NO. 8:** Please list each decision or act, if any, that Susan Elliott made that would qualify her for any exemptions to the overtime provisions of the FLSA. For each decision and/or act, please state when such decision and/or act was made, who witnessed such decision and/or act, and whether such decision and/or act required authorization from any supervisor of Susan Elliott.

**ANSWER:** Defendant objects to this Interrogatory for the reason that it is overly broad, unduly burdensome and harassing. Subject to and without waiving the foregoing, **Defendant refers Plaintiff to Defendant responses to Interrogatory No. 3 above and the documents produced herein as TGF 000011-000019, TGF 000029-000067, TGF 000256-000285, and TGF 000296-000299.**

**INTERROGATORY NO. 9:** Please identify any documents that tend to show any decision and/or act referenced in your response to Interrogatory No. 8.

**ANSWER:** Defendant objects to this Interrogatory for the reason that it is overly broad, unduly burdensome and harassing. Subject to and without waiving the foregoing, **Please see documents produced herein as TGF 000011-000019, TGF 000029-000067, TGF 000256-000285, and TGF 000296-000299.**

**INTERROGATORY NO. 10:** Please list all visits made to clients or potential clients by Ariel Kleinsmith, Heather Schrunk, and Antwan Lee outside of Defendant's office. For each visit, please list the client or potential client visited, the date of said visit, the purpose of said visit, the amount of time spent away from the office for each said visit and whether a sale was actually made.

**ANSWER:** Defendant objects to this Interrogatory for the reason that it is overly broad, unduly burdensome and harassing and seeks information that is not relevant to the claims in this lawsuit or information that will not lead to the discovery of admissible evidence. Specifically, Plaintiffs' Interrogatory seeks information related to Heath Shrunk and Antwan Lee who are not parties to this lawsuit and who do not have claims, such as Plaintiffs. Subject to and without waiving the foregoing, **Defendant would state that as an outside sales representative, these employees were responsible for scheduling their own sales meetings and typically controlled their own schedules. Schedules were to be noted on a wipe board in Defendant's office, but in the regular course of business the wipe board was not maintained, but rather erased with each new schedule. That being said, Defendant refers Plaintiffs to emails reflecting various**

Defendant Team Go Figure, L.L.P.'s Objections, Answers and Responses to
Plaintiffs' First Set of Interrogatories and Requests for Production
Civil Action No. 3:13-cv-1509

428745.1
Page 9

meetings produced herein as TGF 000011-000028, TGF 000068-000183, TGF 000289-000302 and TGF 000330-000344.

**INTERROGATORY NO. 11:** Please describe any specialized sales training given to Ariel Kleinsmith, Heather Schrunk, and Antwan Lee, the dates of such training and the identification of any documents documenting such training.

**ANSWER:** Defendant objects to this Interrogatory for the reason that it is overly broad, unduly burdensome and harassing and seeks information that is not relevant to the claims in this lawsuit or information that will not lead to the discovery of admissible evidence. Specifically, Plaintiffs' Interrogatory seeks information related to Heath Shrunk and Antwan Lee who are not parties to this lawsuit and who do not have claims, such as Plaintiffs. Subject to and without waiving the foregoing, **Defendant would state that Plaintiff Toni Miller was responsible for training of outside sales representatives.**

**INTERROGATORY NO. 12:** Please list all commission payments made to Ariel Kleinsmith, Heather Schrunk and Antwan Lee.

**ANSWER:** Defendant objects to this Interrogatory for the reason that it is overly broad, unduly burdensome and harassing and seeks information that is not relevant to the claims in this lawsuit or information that will not lead to the discovery of admissible evidence. Specifically, Plaintiffs' Interrogatory seeks information related to Heath Shrunk and Antwan Lee who are not parties to this lawsuit and who do not have claims, such as Plaintiffs.

Subject to and without waiving the foregoing, **Ms. Kleinsmith was compensated on an hourly basis.**

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** Please produce all documents used, referred to, or identified in responding to Plaintiffs' Interrogatories.

**RESPONSE: Please see TGF 000001 -000508.**

**REQUEST FOR PRODUCTION NO. 2:** Please produce any calendars, appointment books, emails, or any other document that would show any and all outside sales visits made by Ariel Kleinsmith, Antwan Lee, and Heather Schrunk, and Toni Miller.

**RESPONSE:** Defendant objects to the production of any calendars, appointment books, emails, or other documents that show the outside sales visits made by Antwan Lee and Heather Schrunk, for the reason that such individuals are not parties to this lawsuit and their outside sales visits are not relevant to this lawsuit. For such reasons, this Request is overly broad and harassing. **Subject to and without waiving the foregoing, please see TGF 000011-000028, TGF 000068-000183, TGF 000289-000302, TGF 000330-000344, TGF 000383-000508..**

**REQUEST FOR PRODUCTION NO. 3:** Please produce the employment file of each of the named Plaintiffs.

Defendant Team Go Figure, L.L.P.'s Objections, Answers and Responses to
Plaintiffs' First Set of Interrogatories and Requests for Production
Civil Action No. 3:13-cv-1509

428745.1
Page 10

Plaintiffs' Motion Appendix pg. 011

**RESPONSE:** Defendant objects to the production of the employment file of Antwan Lee for the reason that Mr. Lee is no longer a named Plaintiff to this lawsuit. **Subject to and without waiving the foregoing, please see TGF 000345-000382.**

**REQUEST FOR PRODUCTION NO. 4:** Please produce all pay records for each of the named Plaintiffs for each pay period in which any of the Plaintiffs worked.

**RESPONSE:** Defendant objects to the production of the pay records of Antwan Lee for the reason that Mr. Lee is no longer a named Plaintiff to this lawsuit. **Subject to and without waiving the foregoing, please see TGF 000184-000206, TGF 000240-000251, TGF 000300-000307.**

**REQUEST FOR PRODUCTION NO. 5:** Please produce all pay and time records for each employee of Defendant that was employed in the same or similar position as each of the Plaintiffs from April 2010 until the present.

**RESPONSE:** Defendant objects to the production of pay and time records for employees in the same or similar position as Plaintiff Ariel Kleinsmith, for the reason that those employee's pay and time records are not relevant to this lawsuit and therefore this Request is overly broad, unduly burdensome and harassing. **Subject to and without waiving the foregoing, Defendant would state that during her employment with Team Go Figure, Plaintiff Toni Miller was the only employee who held the position of Sales Manager. Similarly, during her employment with Team Go Figure, Plaintiff Susan Elliott was the only employee who held the position of Bookkeeper/Accountant.**

**REQUEST FOR PRODUCTION NO. 6:** Please produce all pay and time records for all hourly employees of Defendant from April 2010 until the present.

**RESPONSE:** Defendant objects to this Request for the reason that the pay and time records of all hourly employees of Defendant is not relevant to this lawsuit and will not lead to the discovery of admissible evidence. Further such a request is overly broad, unduly burdensome and harassing. **Subject to and without waiving the foregoing, please see the pay and time records of Plaintiffs Toni Miller, Susan Elliott and Ariel Kleinsmith, attached hereto as TGF 000184-000206, TGF 000240-000251, TGF 000300-000307.**

**REQUEST FOR PRODUCTION NO. 7:** Please produce the cell phone records of Scott Eskridge from July 1, 2013 through July 30, 2013.

**RESPONSE:** Defendant objects to the production of cell phone records of Mr. Eskridge from July 1, 2013 through July 30, 2013, for the reason that it exceeds the permissible scope of discovery, because it seeks discovery of material that is not relevant to the subject matter of this lawsuit and/or seeks discovery of material that is not reasonably calculated to lead to the discovery of admissible evidence. This is a wage claim and this Request further exceeds the permissible scope because it seeks telephone records following Plaintiffs' termination which has no bearing on the method of payment during Plaintiffs' employment with Defendant. Defendant further objects for the reason that Mr. Eskridge's cell phone records contain confidential customer information.

Defendant Team Go Figure, L.L.P.'s Objections, Answers and Responses to
Plaintiffs' First Set of Interrogatories and Requests for Production
Civil Action No. 3:13-cv-1509

428745.1
Page 11

**REQUEST FOR PRODUCTION NO. 8:** Please produce every version of the employee handbook in effect at Team Go Figure, L.L.P. from April 2010 though [sic] the present.

**RESPONSE:Please see the attached version of the Employee Handbook that was in effect from April 2010 through the present with Team Go Figure, L.L.P., attached hereto as TGF 000001-000010.**

**REQUEST FOR PRODUCTION NO. 9:** Please produce all documents supporting Team Go Figure's use of any exemption to the overtime provisions of the FLSA with regards to each of the named Plaintiffs.

**RESPONSE: Please see TGF 000011-000580.**

**REQUEST FOR PRODUCTION NO. 10:** Please produce all emails, correspondence, text messages, or other document, sent by any employee, agent, or owner of Team Go Figure to any third party to this suit, which mentions any of the named Plaintiffs or any matter relevant to this suit, and which was sent after March 1, 2013.

**RESPONSE:Defendant objects to the production of any documents sent after March 1, 2013,** for the reason that Plaintiff Ariel Kleinsmith's employment with Defendant terminated on May 17, 2012 and Plaintiffs Toni Miller and Susan Elliott's employment with Team Go Figure terminated on March 1, 2013 and therefore any communications sent after such date are irrelevant to the claims in this lawsuit. Defendant further asserts attorney-client communication and objects to the production of any documents under such privilege, as Defendant communicated with its counsel after March 1, 2013.

**REQUEST FOR PRODUCTION NO. 11:** Work schedules or any other such employment lists which indicate the identity of Defendants' employees who worked at Team Go Figure from April 2010 through the present.

**RESPONSE:Defendant objects to this request for the reason that such documentation is not relevant to this lawsuit or Plaintiffs' claims and will not lead to the discovery of admissible evidence. Further, such a request is overly broad, unduly burdensome and harassing.**

**REQUEST FOR PRODUCTION NO. 12:** Defendant's fitting and delivery calendar for 2010 through the present.

**RESPONSE: Defendant objects to this request for the reason it seeks confidential customer information. Defendant further objects that this request is vague and ambiguous as Plaintiffs have failed to define what is meant by "fitting and delivery calendar". Subject to and without waiving the foregoing, please see TGF 000011-000019 and TGF 000382-000508.**

**REQUEST FOR PRODUCTION NO. 13:** Records regarding any deductions taken from any employee's paycheck during any pay period from 2010 to the present.

Defendant Team Go Figure, L.L.P.'s Objections, Answers and Responses to
Plaintiffs' First Set of Interrogatories and Requests for Production
Civil Action No. 3:13-cv-1509

428745.1
Page 12

Plaintiffs' Motion Appendix pg. 013

**RESPONSE: Defendant objects to this request for the reason that such documentation is not relevant to this lawsuit or Plaintiffs' claims and will not lead to the discovery of admissible evidence. Further, such a request is overly broad, unduly burdensome and harassing.**

**REQUEST FOR PRODUCTION NO. 14:** Produce Toni Miller's personal planners for 2010, 2011, and 2012 that she left in her office when her employment with Defendant terminated.

**RESPONSE: Defendant is unaware of the location of these documents, if any existed.**

**REQUEST FOR PRODUCTION NO. 15:** Produce the large paper calendars Toni Miller left in her desk drawer when her employment with Defendant terminated.

**RESPONSE: Defendant is unaware of the location of these documents, if any existed.**

**REQUEST FOR PRODUCTION NO. 16:** Please produce the Team Order Forms for all sales made by Team Go Figure from 2010 until April 2013.

**RESPONSE: Defendant objects to this Request for the reason it is overly broad, unduly burdensome and harassing. Further, prior to Plaintiffs Miller and Elliott's separation from Defendant, Plaintiffs established a competitive company with Defendant. Plaintiffs are well-aware of Defendant's position that customer names, address, contact information and customer lists are considered confidential information of Defendant. Defendant objects for the reason this Request is overly broad, unduly burdensome and harassing and it exceeds the permissible scope of discovery, because it seeks discovery of material that is not relevant to the subject matter of this lawsuit and/or seeks discovery of material that is not reasonably calculated to lead to the discovery of admissible evidence.**

Defendant Team Go Figure, L.L.P.'s Objections, Answers and Responses to
Plaintiffs' First Set of Interrogatories and Requests for Production
Civil Action No. 3:13-cv-1509

428745.1
Page 13

Plaintiffs' Motion Appendix pg. 014

# EXHIBIT "B"

**JAMES MOULTON, ATTORNEY AT LAW**
3939 Hwy. 80 E, Suite 486
Mesquite, Texas 75150
Phone (972) 698-0999
Fax (903) 705-6860

November 22, 2013

Claudine Jackson, Esquire
**BRACKETT & ELLIS, PC**
100 Main Street,
Fort Worth, TX 76102
VIA FACSIMILE
(817) 870-2265

RE: *Toni Miller, et al. v. Team Go Figure, LLP, et al; Civil Action No: 3:13-cv-1509; in the United States District Court, Northern District of Texas, Dallas Division*

Dear Claudine:

I have received your e-mail dated November 19, 2013, in which you've inquired into scheduling the deposition of Ms. Kleinsmith. This letter will serve to respond to that email, as well as address other outstanding discovery issues in the above-referenced matter.

1.    **The Kliensmith Deposition**. We do not oppose scheduling the deposition as you have requested. We are trying to solidify a date for the deposition on January 7-10, 2014 with our client and we'll write to confirm with you on that. Please let me know if any of those dates are preferable to you, and we'll try to accommodate your schedule as well. However, dealing with the logistics of travel from Alaska may limit the dates of availability.

We realize that your clients may see some tactical advantage or take some juvenile delight in forcing Ms. Kleinsmith to travel to Texas for the deposition, as a practical matter it makes very little sense for any of the Parties. We suggest that the expense of time and money for a deposition upon oral examination of Ms. Kleinsmith is unwarranted. In Defendants' Answers to Interrogatories it is established by admission that Ms. Kleinsmith was paid hourly. That being the case, then the only material issue left for discovery is the amount of hours and overtime pay she is entitled to recover. That is a quantifiable number that can be ascertained by written discovery and without the need for a deposition which imposes much cost and inconvenience to everybody. In the event your clients are unsuccessful in defending against Ms. Kleinsmith's claim, the defendants will ultimately be liable to pay all of the costs associated with the deposition, which will likely include reimbursement of Ms. Kleinsmith's travel costs as well.

Claudine Jackson, Esq.
Via Email and U.S. Mail
Nov. 22, 2013
Page 2

We suggest it's a price too high for everybody in this case because of the limited value an oral deposition will provide on the material issues of the case. We encourage you to reconsider not taking her deposition by oral examination and rather taking the needed discovery by written interrogatories, admissions and/or document requests. On further possibility would be to take the deposition via video conferencing, which is offered by US Legal.

2.   **Scheduling Order.**   With this letter, we propose a stipulation to amend the scheduling order to move both the discovery cut-off date and dispositive motion deadline dates back 30 days each to February and March respectively. We propose the amendment because of the congestion we're experiencing in trying to get all of the depositions and discovery completed around the holiday season. Also, we have a dispute concerning the defendants' answers to our written discovery requests which we'll address below. While the proposed amendment is reasonable under the circumstances, and should not be controversial, we're also notifying you that with or without your clients' stipulation we intend to file a motion to so amend the scheduling order. The proposed amendment does not prejudice any party, and does not prejudice the remaining dates of the scheduling order to anybody's detriment. Where the scheduling order drastically modified the discovery time from the Parties initial attorney planning report, we believe the request is reasonable, timely and appropriate under the circumstances. Please let me know if your clients will stipulate to the change, and we'll prepare an appropriate stipulation to be signed by counsel and submitted with our motion papers.

3.   **Non-responsive Discovery Responses.**   We have received and reviewed you clients' responses to Plaintiffs' First Set of Interrogatories and First Set of Requests for Production of Documents. We find the responses to be unreasonably deficient and non-responsive as itemized below. This letter serves also as the Plaintiffs' request for purposes of Rules 26, 33 and 37 of the Federal Rules of Civil Procedure to confer and discuss this dispute in order to avoid, if possible, the necessity of filing an appropriate motion under Rule 37 to compel discovery and to seek appropriate sanctions.

First, by way of a general objection to the responses, the defendants' objection to providing discovery concerning documents and knowledge which are within the possession, custody and/or control of the defendants concerning Antwan Lee on the mere grounds that he is no longer a "named party" to this lawsuit has no basis in law or in the Federal Rules of Civil Procedure. Throughout the responses defendants continually assert that discovery concerning Mr. Lee, or other employees who are not "named parties" is not required because it is: (1) irrelevant; and (2) not reasonable calculated to lead to the discovery of admissible evidence. Surely you've advised your clients that objecting to discovery on the grounds of your subjective view of "relevance" is expressly prohibited under the governing Federal Rules of Civil

Claudine Jackson, Esq.
Via Email and U.S. Mail
Nov. 22, 2013
Page 3

Procedure, as well as the Rules of Evidence. Materiality and relevance are matters reserved to the finder of fact, and cannot sustain an objection to discovery, particularly in light of the fact that defendants have not concurrently sought an appropriate protective order.

As you are aware, in this case Plaintiffs seek recovery of liquidated damages as well as the unpaid overtime during the periods of their employment under the FLSA. Evidence of how your clients treated other employees who are not "named parties" to the lawsuit, and those employee's personal knowledge of facts and circumstances surrounding work and the payment of overtime by the defendants is directly probative of the pattern and practice of the company relative to the systemic non-payment of over time to non-exempt employees. Thus, such information is directly probative of defendants' intentional violation of the overtime requirement of the FLSA and Plaintiffs' entitlement to recover liquidated damages. Moreover, the objection on that ground is made all the more specious under these circumstances, because, were the U.S. Department of Labor brought in to conduct an audit of the defendants' business records for purposes of enforcing the FLSA overtime provisions, the Government would be entitled to the records of all company employees for all of the relevant time period, enforceable by warrant. There is no reasonable justification for the defendants to refuse to provide similar discovery to the Plaintiffs in this case. Any legitimate concern about employee privacy can be addressed in a reasonable protective order and confidentiality agreement limiting the use of such information specifically to attorneys in this case, and only for purposes relating to the case. We would be happy and willing to stipulate to such a reasonable protective order in order to obtain the requested discovery.

For those reasons we are requesting, again that defendants produce the complete employee information requested in Interrogatory No. 2, including the contact information for employees and former employees which is within the possession, custody and control of the defendants.

Similarly, Interrogatory No. 5 is non-responsive and not complete as required under the applicable Rules of Civil Procedure. We understand that defendants seek to defend against Ms.Miller's claim for overtime on the concocted grounds that Ms. Mill is exempt from overtime under the FLSA's executive and outside sales exemptions. As you are aware there are specific elements defendants will have to prove in order to succeed in their defense of Ms. Miller's claim based on the Executive exemption. Among those elements is a requirement that Ms. Miller be found to have actually, materially supervised other employees, with authority to act on their employment on her own judgment and authority. Speaking only to the executive exemption defense and exactly to that point, in Interrogatory No. 5 Plaintiffs' narrowly tailored request is for the defendants to state, in detail, for each month of Ms. Miller's employment, which, if any

Claudine Jackson, Esq.
Via Email and U.S. Mail
Nov. 22, 2013
Page 4

employees Ms. Miller is alleged to have supervised of managed in her alleged capacity as an "executive" employee of the Company. Such information will be required in order to prove the asserted defense, which burden is squarely on defendants. In the absence of such information, Plaintiffs are entitled to know now what evidence defendants intend to submit to support the defense as it pertains to Ms. Miller. If the information we've requested exists within the possession, custody and/or control of defendants, it's required to be produced now. If defendants are seeking to introduce other evidence, such evidence is also required to be produced and identified now. With this letter we are again requesting the information be produced as it is clearly within the scope of discovery under the Federal Rules of Civil Procedure.

For the reasons set forth above, the defendants responses to Requests 5,6,10 and 11 of the Plaintiffs' First Set of Requests for Production of Documents are incomplete and non-responsive. The information sought in those requests in unassailably within the scope of discovery under the Federal Rules of Civil Procedure. No reasonable litigant in a case such as this would contend otherwise. Again, all of this information would be available to the DOL in the case of a DOL overtime audit, and there is simply no reasonable or legal justification for refusing the discovery. Plaintiffs' arguments for production are further reinforced by the fact that defendants are simply objecting and refusing to provide the discovery without seeking an appropriate, narrowly tailored protective order as is called for in the governing rules in the case of legitimate objection to discovery. The defendants' objections don't appear either legitimate or reasonable.

If we cannot reach an agreement and receive the requested discovery in short order, we will file a Motion to Compel the discovery and for appropriate sanctions, including an order in limine to prohibit defendants from introducing any such evidence or information later whether at trial or in connection with some would-be dispositive motion. Reasonable counsel and litigants operating under the Federal Rules of Civil Procedure should be able to reach agreement and get the requested discovery produced by defendants expeditiously in this case. We'll await your response.

Finally, concerning the production of documents by Ms. Kleinsmith or others relating to concurrent work for other employers, we have requested the information. At present we're not aware that any such documents exist within the possession, custody and/or control of our clients. If and to the extent that such documents or information does exist which is responsive to the request, and which is within the possession custody and/or control of Ms. Kleinsmith, we will seek to identify it and produce it to you well in advance of Ms. Kleinsmith's deposition. We

would apply the same standards to our effort as to yours. In the event we are unable to produce

Claudine Jackson, Esq.
Via Email and U.S. Mail
Nov. 22, 2013
Page 5

such information in discovery we would expect such information to be excludable from evidence later. Right now we have no information as to whether such potential evidence even exists.

We hope that these matters may be resolved without resort to the court by motion. As you know most courts don't much appreciate discovery motions on matters which can, and should be resolved by reasonable counsel working together within the rules. This is such an occasion which can and should be resolve without intervention of the court. We'll look forward to your response.

Sincerely,

James Moulton, Attorney at Law

JBM/c/mppc/clients/t.miller.corresp.ltr.jackson.11.22.2013
cc. Toni Miller, et al.

Plaintiffs' Motion Appendix pg. 020

**EXHIBIT "C"**



# BRACKETT & ELLIS, P.C.

### ATTORNEYS AND COUNSELORS

100 Main Street                                    Telephone: 817.338.1700
Fort Worth, Texas 76102                            Facsimile: 817.870.2265

www.belaw.com

### FACSIMILE COVER PAGE

DATE:      November 25, 2013            TIME:

FROM:      Claudine G. Jackson

TOTAL NO. OF PAGES (including cover page):  8

TO:        James Moulton

FAX NO.:   903.705.6860

MESSAGE:

_____

_____

_____

_____

_____

Hard Copy to follow?     ☐ Yes     ☒ No

Our File No:       13634-002

Our File Name:     Team Go Figure/Miller (Fed)

User (Sender) Initials: bay

This transmission contains privileged and confidential information intended only for the addressee named above. Any use, dissemination or distribution by any person or entity other than the addressee is strictly prohibited. If you have received this transmission in error, please notify us immediately by telephone and return the original transmission to us at the above address.

IF YOU HAVE DIFFICULTY RECEIVING THIS FACSIMILE, PLEASE CALL (817) 338-1700 AND ASK FOR EXTENSION 369.

431590-v1/13634-002000

Plaintiffs' Motion Appendix pg. 022

Nov. 25. 2013  9:45AM                                                    No. 2568    P.  2



# BRACKETT&ELLIS, P.C.
## ATTORNEYS AND COUNSELORS

CLAUDINE G. JACKSON *
Direct Dial and E-mail:
817.339.2466
cjackson@belaw.com

* Board Certified
Labor and Employment Law
Texas Board of Legal Specialization

100 Main Street
Fort Worth, Texas 76102-3090
Telephone: 817.338.1700
Facsimile: 817.870.2265

November 25, 2013

James Moulton                                          **Via facsimile: 903.705.6860**
3939 Hwy. 80 East; Suite 486
Mesquite, TX 75150

     Re:   *Toni Miller, et al. v. Team Go Figure, L.L.P., et al.*; Civil Action No: 3:13-cv-
          1509; in the United States District Court, Northern District of Texas, Dallas
          Division.

Dear Jim:

     This letter is in response to your correspondence of November 22, 2013.

**Ms. Ariel Kleinsmith's Deposition**

     You have indicated that you are attempting to solidify a date for Ms. Kleinsmith's
deposition on January 7-10, 2014. I understand that it may take a few days to secure a reasonably
priced flight. I will make all attempts to hold those dates open until **Monday, December 7, 2013**
(one week after my previous requested deadline for an agreeable date).

     I do not intend to address your comments regarding "tactical advantage" or "juvenile
delight in forcing Ms. Kleinsmith to travel to Texas," except to say that, to date, other than Ms.
Kleinsmith's own statements, we have presented no evidence to show that Ms. Kleinsmith
falls outside of the Outside Sales Exemption of the FLSA or that she worked her alleged
overtime hours. Also, as a trial lawyer, I am sure you understand the advantage to conducting a
deposition in-person, wherein you, as the lawyer, may personally assess the witness and freely
pass documents to the witness for questioning. Further, you likely explained to Ms. Kleinsmith at
the outset of the case, prior to filing on her behalf, that as plaintiff she would be required to give
her deposition and attend trial down here in Texas.

**Scheduling Order**

     Defendants will not oppose an amendment to the scheduling order which moves both the
"Completion of Discovery" and "Dispositive Motions" deadline back thirty (30) days or to
deadlines of **February 18, 2014** and **March 20, 2014**, respectively. If you would like to prepare

www.belaw.com

Plaintiffs' Motion Appendix pg. 023

James Moulton
November 25, 2013
Page 2

an unopposed motion to that effect, I am available to review prior to Plaintiffs' filing with the court.

<u>Discovery Issues</u>

I do not intend to address your various comments regarding the validity of Defendants' objections, except to say that all objections were made in good faith. Simply because the Department of Labor or any other federal agency may have access to an employer's records does not mean that such records are subject to discovery in litigation prosecuted by private parties.

Your correspondence addresses concerns with Defendants' responses to Interrogatories 2 and 5 and Requests Nos. 5, 6, 10 and 11. What follows in my reply to those concerns and agreements regarding supplementation of Defendants' previous responses:

1. **Interrogatory No. 2.** Defendants will agree to supplement with last known addresses and telephone numbers of employees from April 2010 until March 4, 2013, pursuant to an agreed upon confidential agreement and protective order. A proposed Confidentiality Agreement is enclosed.

2. **Interrogatory No. 5.** Defendants will agree to provide a breakdown per month of employees supervised by Plaintiff Miller.

3. **Request No. 5.** There are no pay or time records for positions similar to Plaintiffs Miller and Elliott. Defendants agree to produce the pay and time records, if any, for those employees who were also employed in the similar position as Ms. Kleinsmith during her employment with Team Go Figure.

4. **Request No. 6.** Defendants agree to supplement this request for all hourly employees who held the same or similar position to Plaintiffs, but Defendants stand by their objections with respect to any other hourly employees that did not hold the same or similar position to any of the Plaintiffs.

5. **Request No. 10.** Subject to production of any documents which would be protected under the attorney-client communication privilege, Defendants agree to supplement this response with responsive documents, if any.

6. **Request No. 11.** To the extent such an employee list for April 2010 through the date of Plaintiffs' terminations exists, Defendants will agree to supplement this Request. To the extent such employee lists, if any, contain last known address and telephone information, same would be subject to the proposed and enclosed Confidentiality Agreement.

In Plaintiff Miller's production of documents, she produced screen shots of backup files related to her employment at Team Go Figure. Please produce electronic (or hard-copy format

James Moulton
November 25, 2013
Page 3

with print outs of all metadata related to such documents) copies of all documents included on those screen shots by next Tuesday, **December 3**. *See* Plaintiff's 00063-70. As a reminder, all plaintiffs remain under their obligations to retain all documents (including electronic documentation -- both emails and text messages) related to their employment with Team Go Figure and the claims they have asserted in this lawsuit.

In terms of other discovery responses from Plaintiffs, please be advised that Defendants intend to rely on your statements made in your correspondence of November 22 regarding the introduction of any documents at trial that have not been produced in response to written discovery to assume that Plaintiffs have now fully and completely responded to all written requests for production of documents, all interrogatory answers and all requests for admissions propounded to date. In the event there are additional answers to interrogatories or documents responsive to Defendants' requests, I would ask that Plaintiffs supplement no later than **Tuesday, December 3, 2013,** so that such information is available prior the scheduled deposition in this case.

Thank you for your cooperation and professional courtesies regarding the above. Please let me know if you have any questions or concerns.

Sincerely,

Claudine G. Jackson

CGJ/bay
Attachments

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TONI MILLER, SUSAN ELLIOT, ARIEL KLEINSMITH AND ANTWAN LEE | § § § | |
| PLAINTIFFS | § § | |
| VS. | § § | CIVIL ACTION NO. 3:13-cv-1509 |
| TEAM GO FIGURE, L.L.P., TEAM GO FIGURE AND SCOTT ESKRIDGE | § § § | JURY |
| DEFENDANTS | § § | |

## CONFIDENTIALITY AGREEMENT

Plaintiffs TONI MILLER, SUSAN ELLIOT, and ARIEL KLEINSMITH ("Plaintiffs")

and Defendants TEAM GO FIGURE, L.L.P., TEAM GO FIGURE AND SCOTT ESKRIDGE

("Defendants") have entered into this Confidentiality Agreement (the "Agreement") as of

November 26, 2013:

In the course of the above-styled and numbered lawsuit (the "Lawsuit"), Defendants have

or will produce certain last known addresses, telephone numbers and rates of pay (the

"Confidential Documents and Information") to Plaintiffs.

To facilitate the most orderly, equitable, and efficient disposition of the Lawsuit,

Defendants have agreed to produce the Confidential Documents and Information to Plaintiffs,

subject to the restrictions and limitations contained within this Agreement.

Plaintiffs and their respective counsel hereby agree as follows:

1. The following persons may have access to the Confidential Documents and

Information:

     a.    James Moulton and other attorneys employed by his law firm and its
            paralegals and other clerical employees;

Plaintiffs' Motion Appendix pg. 026

b.   Any person specifically retained by Plaintiffs to assist in preparation of this action for trial as an expert, provided, however, that such person has signed the acknowledgement form attached hereto as Exhibit A agreeing to be bound by the terms of this Agreement and such executed acknowledgment form is provided to counsel for Defendants; and

c.   The Court, jury and court personnel.

2.   The Confidential Documents and Information will not be disclosed to any person, including Plaintiffs (unless last known address and telephone number is redacted by Plaintiffs' counsel or other personnel employed by Plaintiffs' counsel's firm), except as specifically permitted by section 1 of this Agreement.   Any person in possession of the Confidential Documents and Information shall exercise reasonable and appropriate care with regard to the storage, custody or use of the Confidential Documents and Information in order to ensure that the confidential nature of the same is maintained.

3.   The Confidential Documents and Information will be used only for the purposes of prosecuting this litigation and for no other purposes, business or otherwise.

4.   The obligations of this Agreement shall survive the termination of the action and continue to bind the parties.   Each individual who receives the Confidential Documents and Information agrees to be subject to the jurisdiction of the court presiding over the Lawsuit for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Agreement.

5.   Should it be necessary for Plaintiffs to file with the Court any of the Confidential Documents and Information, either independently or attached as an exhibit to any other documents, the Confidential Documents and Information shall be filed under seal or the last known addresses, telephone numbers and rates of pay will be redacted from any documents presented to the Court.

6.    Prior to any trial or hearing in which any of the Confidential Documents and Information might be in issue, counsel for the parties will confer and attempt to reach an agreement regarding use of the Confidential Documents and Information as evidence and regarding preservation of the confidentiality of the documents.  At trial, Plaintiff will not offer any of the Confidential Documents and Information into evidence or question witnesses with regard to the Confidential Documents and Information without the redaction of any employee or former employee last known addresses, telephone numbers and rates of pay being redacted from any documents presented to the Court or Jury.

7.    All photocopies of the Confidential Documents and Information shall be subject to the same restrictions imposed in this Agreement on original materials.

8.    Within thirty days after final termination of this litigation, whether by appeal or otherwise, the originals and all copies of the Confidential Documents and Information that are in the possession of the persons identified in sections 1(a) and 1(b) of this Agreement will be returned to counsel for Defendants.

9.    Nothing in this Agreement shall be construed as a waiver of the rights of the parties to object to the admissibility of any testimony or evidence.

10.   Nothing in this Agreement shall be construed as a limitation on the use of admissible evidence at trial or in pretrial matters, subject to the confidentiality provisions contained herein or as may be ordered by the Court.

11.   This Agreement is entered without prejudice to the right of any party to seek further or additional protection of the Confidential Documents and Information.

*[SIGNATURES APPEAR ON THE FOLLOWING PAGE]*

Plaintiffs' Motion Appendix pg. 028

*AGREED:*

James Moulton                              Joseph F. Cleveland, Jr.
jim.moulton@gmail.com                      jcleveland@belaw.com
State Bar No: 24007712                     Texas State Bar No. 04378900
Attorney at Law                            Claudine G. Jackson
3939 Hwy. 80 East, Suite 486               cjackson@belaw.com
Mesquite, TX 75150                         Texas State Bar No. 00793800
972-698-0999
903-705-6860 - fax                         BRACKETT & ELLIS,
                                           A Professional Corporation
ATTORNEY FOR PLAINTIFFS                     100 Main Street
                                           Fort Worth, Texas 76102-3090
                                           Telephone: 817/338-1700
                                           Facsimile: 817/870-2265

                                           ATTORNEYS FOR DEFENDANTS

Plaintiffs' Motion Appendix pg. 029

# EXHIBIT "D"

**JAMES MOULTON, ATTORNEY AT LAW**
3939 Hwy. 80 E, Suite 486
Mesquite, Texas 75150
Phone (972) 698-0999
Fax (903) 705-6860

November 25, 2013

Claudine Jackson, Esquire
**BRACKETT & ELLIS, PC**
100 Main Street,
Fort Worth, TX 76102
VIA FACSIMILE
(817) 870-2265

RE: *Toni Miller, et al. v. Team Go Figure, LLP, et al; Civil Action No: 3:13-cv-1509; in the United States District Court, Northern District of Texas, Dallas Division*

Dear Claudine:

I have received your letter of November 25, 2013. Please find attached an executed copy of the Confidentiality Agreement.

With regards to **Request No. 6**, Mrs. Elliott will testify that on a regular basis, she would print out a labor report for the calculation of wages to be paid to the hourly employees. Mr. Eskridge would then review the report, and if he saw any overtime hours worked by hourly employees, he would slash through the hours with a pen, and write "Not Approved" and would not pay the overtime hours. Accordingly, we know that the documents exist, or at least they did at one time, and that the law requires their retention. We believe that the documents are vital to proving a willful disregard for the law, which of course speaks to the statute of limitations in this case. If you contend that such documents are not discoverable, please provide the legal basis for such contention.

Please note that our letter of November 22, 2013 failed to address **Request for Production Number 16**, wherein we requested the Team Order Forms. It is my understanding that the Team Order Forms include information as to who attended each of the fittings and deliveries. Such information is important in determining what hours were worked during the relevant time periods. If your client is concerned about the identity of the purchasing schools, amounts purchased, etc. your client can redact such information. All I am interested in is the dates of the fittings and deliveries, the cities (to calculate drive times), and who attended the

fitting and deliveries.  Please produce the documents prior to the depositions of your clients.

Sincerely,

James Moulton, Attorney at Law

cc.  Toni Miller, et al.

**EXHIBIT "E"**



# BRACKETT&ELLIS, P.C.
### ATTORNEYS AND COUNSELORS

CLAUDINE G. JACKSON *
Direct Dial and E-mail:
817.339.2466
cjackson@belaw.com

* Board Certified
Labor and Employment Law
Texas Board of Legal Specialization

100 Main Street
Fort Worth, Texas 76102-3090
Telephone: 817.338.1700
Facsimile: 817.870.2265

December 4, 2013

**Hand-Delivery**

James Moulton
3939 Hwy. 80 East; Suite 486
Mesquite, TX 75150

     Re:    *Toni Miller, et al. v. Team Go Figure, L.L.P., et al.*; Civil Action No: 3:13-cv-1509; in the United States District Court, Northern District of Texas, Dallas Division.

Dear James:

    Enclosed please find Defendants' Supplemental Responses to Discovery. With regard to Request No. 6, addressed in your November 25 letter, you have stated that Ms. Elliott will testify that reports were run in which Mr. Eskridge would note "not approved." It is my understanding, although your client intends to testify to the contrary, no such documents ever existed. To the extent Plaintiffs have such documents in their possession or any similar documents from their employment with Team Go Figure, such documents are responsive to Defendants' requests and Defendants request immediate production of same.

    Your correspondence of November 25 also included a request for supplementation to Plaintiffs' Request for Production No. 16 because your clients believe these forms contain information regarding which employees of Team Go Figure attended a fitting or delivery. I would refer you to copies of the Team Go Figure order forms, which Defendants previously produced, bates labeled TGF-000386-000388; TGF-000391-000392; TGF-000403-000435; TGF-000468-000472; and TGF-000467-000480. As you can see, the Team Go Figure order forms contain no information regarding: 1) what employees attended; 2) the hours worked or 3) the date of the fitting. Rather, Defendants have produced calendar entries and photographs of whiteboards, which include information of fittings that employees of Team Go Figure may have attended during the relevant time period. Defendants have also provided a listing of Ms. Kleinsmith's sales during her employment with Team Go Figure in Defendant's Second Supplemental Responses.

www.belaw.com

James Moulton
December 4, 2013
Page 2

Sincerely,

*Andrea Whaler for*

Claudine G. Jackson

CGJ/bay
Attachment

438812-v1/13634-002000

# EXHIBIT "F"

**From:** kat_2505 <kat_2505@msn.com>
**Date:** December 4, 2013 at 9:02:31 PM CST
**To:** susanelliott01@gmail.com
**Cc:** Kathleen M Craig <kmcraig1@verizon.net>, "kat_2505@msn.com" <kat_2505@msn.com>
**Subject: Team Go Figure**

Mrs. Elliott,
I worked for Team Go Figure for approximately 2 pay periods in April of 2011. During my time, I was being trained by Cheri Whiteside, the current bookkeeper. I was to take her place at the end of May 2011. As I was training for the position, I was made aware of the unrecorded amounts of cash that was being collected and not recorded & were being kept out of the books and being put directly in the owners safe. That he was not correctly reporting his total taxable sales to the Texas State Comptroller and was escaping from paying sales taxes to the state, county & city in which the sales took place. That was being dishonest and I could not turn in a quarterly report to the State of Texas Comptroller's office that I knew was a flat out lie and still sign my name to the bottom of the report. I was also made aware of the amounts of overtime that was not being paid to employees. I was told not to pay them since it was not approved and that I was to deduct the overage amounts from their manual time cards and/or the downloaded electronic time cards and only pay them a full week's wages. I explained that whether or not it was approved, the employees were due their overtime even if it was for only one minute, if they worked overtime. I was told at that time by Cheri that I can talk to the production manager, Ken. But ultimately, Ken could only verify if it was approved or not approved and could not make the decision whether I could pay their hours. At that time I let her know that I would not sign my name on a quarterly report for TWC or federal 940 & 941 reports that did not have the correct amounts of wages as per what they earned against what was paid. I was instructed again, that Team Go Figure does not pay overtime for employees. During my short time at Team Go Figure, they hired more staff salespersons. I was told to enter them as managerial salaried employees so that they would only be due the salaried amount of money that was negotiated. I told Cheri that the new employees were not supposed to be on salary unless they manage employees or are a head of a department and even then, salary was described by the US Dept. of Labor as 40 hrs per week and anything over that amount was still to be paid regardless if they were salary or not.
These things wore on me and I could not handle working for someone who was that dishonest. You cannot be expected to be dishonest or not trustworthy if you are a bookkeeper or an accountant. I typed a letter with my resignation in it, mailed it certified to Scott, the owner of Team Go Figure since he left early on Good Friday in 2011. I called my direct supervisor, Cheri Whiteside, and resigned my position and I also left a copy of my resignation letter on Cheri's desk where I left my keys.
When I filed for unemployment, I was being blocked and my unemployment was being challenged by Team Go Figure. At that time, I submitted the copies of downloaded electronic time cards and their corresponding check payment stubs that did not match hours worked for hours paid, submitted my certified letter of my resignation and Team Go Figure still protested it. On the day of my telephone conference, I called in and Team Go Figure did not call in because my evidence was sent to them by Texas Workforce Commission and my case was won and I was eligible for unemployment.
If you have any questions, need further information or I can be of any assistance to you, please don't hesitate to contact me via email at kat_2505@msn.com or kmcraig1@verizon.net, at the below listed numbers or on my cell at 214.552.6626.
Thank you,
Kathleen M. Craig, Controller
DIMENSIONAL CONSTRUCTION, INC.
1303 Columbia Drive, Suite 209
Richardson, TX 75081
OFC 972.495.8318 Ext. 104
DL 214.717.5845
FAX 972.495.4894

Plaintiffs' 00358

**Jim Moulton**

| | |
|---|---|
| **From:** | Susan Elliott [susanelliott01@gmail.com] |
| **Sent:** | Wednesday, December 04, 2013 9:50 PM |
| **To:** | Jim Moulton; jim.moulton@gmail.com; TMS Toni; Scott Kenworthy |
| **Subject:** | Fwd: Items I found on TGF |
| **Attachments:** | Appeal for TWC Unemployment Decision.docx; Cks fr TGF for proof of DOL Violations.pdf; Receipt for Mailing to TWC.pdf; Resignation letter.docx; Return Receipt for Certified Mail to TWC.pdf; USPS Tracking Confirmation for TWC.pdf |

---------- Forwarded message ----------
From: "Kathleen Craig" <kat_2505@msn.com>
Date: Dec 4, 2013 9:44 PM
Subject: Items I found on TGF
To: "susanelliott01@gmail.com" <susanelliott01@gmail.com>
Cc: "Kathleen Craig" <kat_2505@msn.com>, "Kathleen M Craig" <kmcraig1@verizon.net>

This is my letter that I submitted to TWC while I was filing a protest to his protest of my unemployment benefits. I also attached a PDF of my proof Check stubs that didn't match. These were just some of the things I had on my flash drive. When I get those folders out of my car when I get my car back from the wreck, I can give you more.

Kathleen

1

Plaintiffs' 00359

June 13, 2011

Appeal Tribunal
Texas Workforce Commission
101 East 15th Street
Austin, Texas 78778-0002

Re:    Claim ID EXB001
       Claim Date: 4-23-11
       Claimant: Kathleen M. Craig
       Claimants SS#: 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
       Date TWC Mailed Decision: May 31, 2011

Dear Sir/Madam

I am writing to APPEAL the decision on payment of unemployment benefits mailed to me on May 31, 2011. I disagree with the decision that was made against me for not qualifying for unemployment. I believe that the information that I am submitting will substantiate my reason and will become a qualifying reason of work separation.

Team Go Figure has stated that I abandoned my last work by walking off the job and/or failing to report for work while work was still available for me. I will just start with the sentence above. First of all, I contacted Cheri Whiteside, the current full charge bookkeeper at Team Go Figure, at approximately 5:45pm on Friday, April 22, 2011 after I left work at approximately 5:35pm. I left her a message for her to call me; she returned my call approximately 6pm that same evening. I informed her that I was resigning and that I left my resignation letter on her desk (a copy is attached to this appeal) and could not work with Team Go Figure anymore due to illegal activity and being instructed to break the US Department of Labor, Wage & Hour Division Laws & Regulations. I wish that I was able to speak with an Owner or a Manager, but everyone had left early for the Easter Holiday, even my direct supervisor and the person who was training me, Cheri Whiteside, had left early for the day. An additional copy of my resignation letter was also mailed by Certified Mail Article #7002 2410 0000 6188 2090 that was delivered and signed for on April 25, 2011. That is not abandonment or failing to report to work, that is notifying the employer that I do not wish to continue to break the payroll laws and do not wish to continue my employment with a company who does not treat their employees in regard to the US DOL Wage & Hour Division Laws & Regulations.

During my employment at Team Go Figure, I was instructed to take deposits to the bank. I went to the bank sometimes when I left to lunch and sometimes when I left to go home for the day. When I was approached and asked why I was gone for more than my designated 30 minute lunch. My answer was, I clocked out at a certain time, drove to the bank and my "lunch" did not OFFICIALLY start until I completed my task at the bank. I told her to please see the bank deposit time for my actual time that my lunch started and that I would like my time clock stamp out for lunch be edited or changed to the time it stated on the bank deposit receipt so that it would show that I was only taking a 30 minute lunch as instructed. I was told by Cheri Whiteside that that time did not count as on the clock for work and from the time I leave the building for lunch, I needed to return 30 minutes later. I then asked if I could be reimbursed for the mileage that I used to drive to the bank or reimbursed for my time when making

bank deposits. She told me that the owner, Scott Eskridge, did not pay for time at the bank nor did he pay for mileage at the IRS rate of $0.51 cents per mile driven for business errands. I was cheated out of my time while doing company business errands and I was cheated out of my mileage payment due to me for doing company errands at the IRS 2011 Mileage rate of $0.51 per mile driven.

During my employment at Team Go Figure as a part of my training from Cheri Whiteside, I was told that the United States Immigration Custom & Enforcement Department (ICE) had already visited Team Go Figure 2 times in the past to check for illegal aliens and that I must always have my I-9's up to date and that they were to be filed alphabetically.

Now, you will find attached to this Appeal many copies of items that substantiate my decision to resign from my position as to not incriminate myself by breaking federal & state laws. Please see the following items:

1. United States Postal Service Domestic Return Receipt of Certified Mail (Front & Back) Article #7002 2410 0000 6188 2090. This item has been signed and received on 4/25/11 by Cheri Whiteside, who was the Full Charge Bookkeeper at the time of my resignation. She was also the person who was training me to take her position.
2. A copy of my Resignation Letter describing the reason in which I left Team Go Figure's employment
3. A copy of two check stubs #14637 for Jose Elias Berumen for $1,280.00 & #14635 for Hue L. Uong for $641.58
4. A copy of a 9 page Report of Hours Worked for All Departments from 4/6/11 – 4/19/11
5. A copy of an email from Nicole Allen to Cheri Whiteside, both employees of Team Go Figure, showing an additional hours that were put in at home that were not listed on the print out from the Time Clock Report from 4/6/11 – 4/19/11 that needed to be added to her time.

Now I would like to describe these items in detail so that you can see a pattern that Team Go Figure continually breaks federal and state payroll laws and so that you can see that these items substantiate my decision to resign based on the fact that I am an HONEST person and that I have INTEGRITY.

Please see item #4 on page 3 for employee ID Card #48 Anita Dominquez, she had 80.13 hours for her two week period and I was told to mark off any hours over 80 because TGF only pays employees 80 hours per pay period.

Please see item #4 on page 4 for employee ID Card #50 Israr Fatima, she had 80.25 hours for her time period and again I was instructed to mark out any hours over 80 and only pay employees for 80 hours.

Please see item #4 on page 4-5 for employee ID Card #72 Keleigh B. Kelley, she had a total of 80.50 hours after corrections had been made to her time, she was also only paid for 80 hours and was very upset when she received her check on Friday, April 22, 2011. Not only does she have to leave work for fittings for merchandise that Team Go Figure sells and go to high schools all over the DFW Metroplex on her own gas and never received any mileage pay as stated in the IRS 2011 Standard Mileage Rates for all employees driving while on employer time at a rate of $0.51 per mile driven, she does not get her overtime pay rate or even paid straight time for any hours over 80. She was very upset and came to me & Cheri Whiteside and told us so. She was told that Scott Eskridge & Ken Kenworthy, the owner & production manager, instructed Cheri Whiteside and myself that NO OVERTIME will be paid and NO MILEAGE will be paid.

Plaintiffs' 00361

Please see item #4 on page 5 for ID Card #34 Jose Lanzo, he had a total of 80.19 hours but was only paid for 80 hours. This is the same person as the check stub in item #3 for Jose Elias Berumen Ck#14637. I was instructed by Cheri Whiteside, that his name wasn't the same as entered on the time clock station. I was also told that they believe he is an illegal alien and that is why the check was written and a different name was used. This is where I was concerned about the 2 prior trips that US Immigration Custom & Enforcement (ICE) had already been to Team Go Figure to make sure my I-9's were up to date and in order. I was worried that if they knew that Jose Lanzo/Jose Elias Berumen was an illegal alien, that I did not want to be involved in employing or involved in an I-9 that I knew was not legally obtained by the identification of the correct person.

Please see item #4 on page 5 for ID Card #35 Toung Le Tran, she had 81.68 hours but was only paid for 80 hours. I was instructed by Cheri Whiteside to check with Ken Kenworthy to ask him if she can be paid her overtime rate for her additional hours over 80. I went to him and asked him and he instructed me to mark them off and only pay her for 80 hours.

Please see item #4 on page 5 for ID Card #70 Antwan Lee, his time was completely marked off because of the following: As of Monday 4/18/11 after working almost a full day at the office, Antwan had to go to a fitting and his hours would definitely put him over the 80 hour mark with still 1 more day remaining in the pay period. He was still on his probation period of a new hire and Scott Eskridge called him and Antwan was enticed to go on Salary to prevent Team Go Figure from paying overtime pay and to be able to get more hours out of their employees without paying future overtime that would accrue. As per the US DOL Wage & Hour Division Laws and Regulations, an employer can only require 40 hours per wk out of their employees whether they are Salaried or Hourly employees without paying the time and a half rate. Also per the US DOL, salaried employees are in a managerial position and manage other employees. Antwan was not a manager nor did he manage other employees or salesmen, he was their equal, therefore should have remained an hourly employee.

Please see item #4 on page 7 for ID Card #26 Anh Tran, she had 80.03 hours for her time period and again I was instructed to mark out any hours over 80 and only pay employees for 80 hours.

Please see item #4 on page 8 for ID Card #28 Noi Tran, she had 80.52 hours for her pay period but was only paid for 80 hours, again, I was instructed to mark off any excess hours over 80 in that pay period. Once again, not only were the employees not paid for all of their hours, even straight time or at their overtime rate, they were only paid the maximum hours for the pay period without reaching the overtime rate.

Please see item #4 on page 8 for ID Card #66 Hue L. Uong, she had 80.17 hours for her pay period but was only paid 80 hours, again marking off anything above 80 hours. Please refer to item #3, check #14635, showing and proving my case of that person only being paid for 80 hours of work, when she clearly worked more than 80 hours during the pay period 4/6/11 – 4/19/11.

Please see item #4 on page 8 & continued on page 9 for ID Card #31 Ana Varela, she had 80.03 hours, but was only paid for 80 hours. This is a small amount of hours over the 80 hours in a pay period, but it is still something.

There were several reports that had an opportunity to look at from previous pay periods that with all those amounts of all those pay periods total a lot of overtime hours that they were not paid not only just

straight time but not even at their overtime rate which is against the US DOL Wage & Hour Division Laws & Regulations. But I did not make copies of those reports because I did not complete those payrolls and had nothing to do with those time periods. Cheri Whiteside completed those payrolls and she would be the one who would be responsible for following directions from the owner, Scott Eskridge to mark off any hours or minutes above 80 hours.

Now after you take a closer look at all the items that I have enclosed with this appeal, item #3 & item #4 substantiate my "Letter of Resignation" (item #2) stating that "I cannot sign my name to a payroll report of any kind that might not comply with the United States Department of Labor, Wage & Hour Division Laws & Regulations".

I was being trained by Cheri Whiteside which was the current Full Charge Bookkeeper to take over her position and become the Full Charge Bookkeeper as of June 1, 2011. However, since part of her job would to be to submit the Texas State Unemployment Quarterly Report for Team Go Figure, the Federal Unemployment Quarterly Report (941 & End of year 940), print employee W-2's, print the company W-3 Transmittal Report for Team Go Figure, I would have to sign my name to those reports. After working for more than 20 years in the Payroll field and being very familiar with US DOL Laws & Regulations and other Texas State Laws regarding payroll, I would have had to sign reports that did not comply with US DOL Wage & Hour Division Laws & Regulations and other Texas State Payroll Laws and I was not comfortable signing my name to illegal reports. As a Bookkeeper, knowing those laws, I would be breaking the law myself if I attached my name to those reports, I was not willing to break the law for employment. My conscious would not allow me to cheat people out of money and still hand out their paychecks looking them in the eyes knowing that I was instructed to cheat them out of money that they were owed by the owner, Scott Eskridge and my direct supervisor, Cheri Whiteside & the Production Manager, Ken Kenworthy.

Please submit my letter and evidence as my objection and appeal to the decision of not being approved for unemployment benefits.

If you have any further questions or need further explanation of the items that I have submitted for substantial proof that I was being instructed by Team Go Figure to break the Laws and Regulations of the United States Department of Labor, Wage & Hour Division.

Thank you,


Kathleen M. Craig
2505 Dillon Drive
Garland, Texas 75040
972-675-6896 hm
214-552-6626 mb

*Kathleen M. Craig*
*2505 Dillon Drive*
*Garland, TX 75040*

April 22, 2011

Team Go Figure
310 N. Country Club Road
Garland, Texas 75040

Attn:  Scott Eskridge & Ken Kenworthy

Dear Sirs,

As of April 22, 2011, I respectfully resign the full charge bookkeeper position that was offered to me on April 8, 2011, that I have been in training for since April 12, 2011.

I am resigning for the following reason:

- I cannot sign my name to a payroll report of any kind that might not comply with the United States Department of Labor, Wage & Hour Division Laws and Regulations.

Please send my final check for the pay period April 20 – May 3, 2011, that I worked from April 20 – April 22, 2011 to 2505 Dillon Drive, Garland, Texas 75040.

Thank you,

Kathleen Craig
2505 Dillon Drive
Garland, Texas 75040

Plaintiffs' 00364

14637

Jose Elias Berumen

week ending 04/19

4/22/2011

1,280.00

Compass Bank - Che

1,280.00

PRODUCT DL1103   USE WITH 91663 ENVELOPE

**TEAM GO FIGURE, INC.**

14635

| Employee | | | | | SSN | Status (Fed/State) | Allowances/Extra |
|---|---|---|---|---|---|---|---|
| Hue L Uong, 11739 Kirkirk, Dallas, TX 75228 | | | | | ***-**-1067 | Married(none) | Fed-3/0/TX-0/0 |
| | | | | | Pay Period: 04/06/2011 - 04/19/2011 | | Pay Date: 04/22/2011 |

| Earnings and Hours | Qty | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Hourly Rate 1 | 80.00 | 8.50 | 680.00 | 4,183.66 |

| Taxes | Current | YTD Amount |
|---|---|---|
| Federal Withholding | 0.00 | |
| Social Security Employee | -26.86 | -176.71 |
| Medicare Employee | -9.86 | -49.66 |
| | -36.42 | -236.37 |

| Net Pay | 641.58 | 3,947.29 |
|---|---|---|

Team Go Figure, Inc., 301 N. Country Club Rd., Garland, TX 75040, 972-276-6700   Fax 972-276-5001

PRODUCT DL1103   USE WITH 91663 ENVELOPE

Plaintiffs' 00365

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Appeal Tribunal
Texas Workforce Commission
101 East 15th Street
Austin TX 78778-0002

A. Signature
X _____ □ Agent
                    □ Addressee

B. Received by ( Printed Name)   C. Date of Delivery

JUN 20 2011

TEXAS WORKFORCE COMMISSION
101 E. 15th Street
Austin, Texas 78778

D. Is delivery address different from item 1?  □ Yes
   If YES, enter delivery address below:       □ No

3. Service Type
   ☑ Certified Mail      □ Express Mail
   □ Registered          □ Return Receipt for Merchandise
   □ Insured Mail        □ C.O.D.

4. Restricted Delivery? (Extra Fee)    □ Yes

2. Article Number
   (Transfer from service label)

7002 2410 0000 6188 2199

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-1035

Plaintiffs' 00366

The UPS Store - #5257
5435 N Garland Ave
Suite 140
Garland, TX 75040
(972) 675-0877

06/14/11  12:55 PM

We are the one stop for all your
shipping, postal and business needs.

We offer all the services you need
to keep your business going.

001 500661 (022)          TO $   9.70
    CERTIFIED RET REC
002 500665 (022)          TO $   2.85
    1ST CL FLAT 04 OZ
003 000001 (003)          T1 $   1.60
    Copies               QTY 20
    Reg Unit Price    $    0.08

                    Subtotal  $  14.15
              Taxable (T1)  $   0.14
                       Total  $  14.29

                Master Card  $  14.29
ACCOUNT NUMBER ≠      ************8154
Appr Code:  (S) Sale

Receipt ID 0272743317SS308803/2 022 Items
CSR: Mandy              Tran: 9110 Reg: 002

Thank you for visiting our store.
Please come back again soon.

Whatever your business and personal
needs, we are here to serve you.

US Postal Rates Are Subject To Surcharge

ENTER FOR A CHANCE TO
WIN $1000

We value your feedback
To enter please complete the customer
satisfaction survey located at:

www.theupsstore.com/survey

For official rules and terms and
conditions go to www.theupsstore.com
and click on the Customer Experience
Survey link

Plaintiffs' 00367



USPS.com® - Track & Confirm

Page 1 of 1

https://tools.usps.com/go/TrackConfirmAction.action

8/3/2011

**Jim Moulton**

| | |
|---|---|
| From: | Heather Schrunk [hschrunk@me.com] |
| Sent: | Thursday, December 05, 2013 6:46 PM |
| To: | jim@moultonprice.com |
| Cc: | toni@texasmotionsports.com |
| Subject: | Team Go Figure |

My name is Heather Schrunk and I worked at Team Go Figure from Oct. 2010 to May 2012.
When I started at TGF I was hired as Sales by Toni and Scott - but was told as a sales
position in Dallas we also work Customer Service in office when not on calls.
Toni was the Sales Manager and April was the Office Manager.
It was confusing, but for sales, Toni was my manager and while in the office keying orders
and answering calls April was my manager.
I was given all my sales duties and information from Toni and while in the office April was
in charge of orders keyed and calls answered.

While in sales, our territories changed constantly, so I never had a definite target for
commissions so I was never paid commissions due.
After several months of that I requested to only be in customer service.

Fittings and deliveries were normally done after hours - during busy season we normally did
2-3 a week if not more.    So we worked our normal 40 hours for that week and then did
fittings/deliveries above and beyond that.

When I was fired - April was there as my manager with Scott and Susan was there as a witness.
FYI - I was fired for standing up to Scott for the constant bullying we received as
employees.


Thank you!
Heather Schrunk

Plaintiffs' 00369

# EXHIBIT "G"

**JAMES MOULTON, ATTORNEY AT LAW**
3939 Hwy. 80 E, Suite 486
Mesquite, Texas 75150
Phone (972) 698-0999
Fax (903) 705-6860

December 10, 2013

Claudine Jackson, Esquire
**BRACKETT & ELLIS, PC**
100 Main Street,
Fort Worth, TX 76102
VIA FACSIMILE
(817) 870-2265

RE: *Toni Miller, et al. v. Team Go Figure, LLP, et al; Civil Action
No: 3:13-cv-1509; in the United States District Court, Northern
District of Texas, Dallas Division*

Dear Claudine:

This is my last and final correspondence regarding Request for Production No.s 6 and 16. From the documents received from Kathleen Craig, it is abundantly clear that the time card records and paycheck records pertaining to the hourly employees are highly relevant, and will prove that Team Go Figure was engaged in a practice of not paying its employees overtime wages as required by the law. In proving such, my clients would be able to show a willful disregard for the law by Team Go Figure, and will be entitled to a three year statute of limitations. Further, it would appear that Team Go Figure has actively hid such information during the course of this litigation, which I believe will constitute as grounds for Plaintiffs to seek leave to add additional parties, or for the certification of a class action.

As we learned from the depositions, Team Order Forms may have initials of the employees attending the fittings and/or deliveries, which would be important in determining what hours were worked during the relevant time periods. We also learned from the depositions that there may be emails that would also provide dates of fittings and/or deliveries. Please produce any such emails as well.

Should your client fail to produce the requested records by the end of the week, we will have no choice but to file a motion to compel.

Sincerely,

James Moulton, Attorney at Law

cc. Toni Miller, et al.

**EXHIBIT "H"**

June 13, 2011

Appeal Tribunal
Texas Workforce Commission
101 East 15th Street
Austin, Texas 78778-0002

Re:     Claim ID EX8001
        Claim Date: 4-23-11
        Claimant: Kathleen M. Craig
        Claimants SS#: 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
        Date TWC Mailed Decision: May 31, 2011

Dear Sir/Madam

I am writing to APPEAL the decision on payment of unemployment benefits mailed to me on May 31, 2011. I disagree with the decision that was made against me for not qualifying for unemployment. I believe that the information that I am submitting will substantiate my reason and will become a qualifying reason of work separation.

Team Go Figure has stated that I abandoned my last work by walking off the job and/or failing to report for work while work was still available for me. I will just start with the sentence above. First of all, I contacted Cheri Whiteside, the current full charge bookkeeper at Team Go Figure, at approximately 5:45pm on Friday, April 22, 2011 after I left work at approximately 5:35pm. I left her a message for her to call me; she returned my call approximately 6pm that same evening. I informed her that I was resigning and that I left my resignation letter on her desk (a copy is attached to this appeal) and could not work with Team Go Figure anymore due to illegal activity and being instructed to break the US Department of Labor, Wage & Hour Division Laws & Regulations. I wish that I was able to speak with an Owner or a Manager, but everyone had left early for the Easter Holiday, even my direct supervisor and the person who was training me, Cheri Whiteside, had left early for the day. An additional copy of my resignation letter was also mailed by Certified Mail Article #7002 2410 0000 6188 2090 that was delivered and signed for on April 25, 2011. That is not abandonment or failing to report to work, that is notifying the employer that I do not wish to continue to break the payroll laws and do not wish to continue my employment with a company who does not treat their employees in regard to the US DOL Wage & Hour Division Laws & Regulations.

During my employment at Team Go Figure, I was instructed to take deposits to the bank. I went to the bank sometimes when I left to lunch and sometimes when I left to go home for the day. When I was approached and asked why I was gone for more than my designated 30 minute lunch. My answer was, I clocked out at a certain time, drove to the bank and my "lunch" did not OFFICIALLY start until I completed my task at the bank. I told her to please see the bank deposit time for my actual time that my lunch started and that I would like my time clock stamp out for lunch be edited or changed to the time it stated on the bank deposit receipt so that it would show that I was only taking a 30 minute lunch as instructed. I was told by Cheri Whiteside that that time did not count as on the clock for work and from the time I leave the building for lunch, I needed to return 30 minutes later. I then asked if I could be reimbursed for the mileage that I used to drive to the bank or reimbursed for my time when making

Plaintiffs' 00402

bank deposits. She told me that the owner, Scott Eskridge, did not pay for time at the bank nor did he pay for mileage at the IRS rate of $0.51 cents per mile driven for business errands. I was cheated out of my time while doing company business errands and I was cheated out of my mileage payment due to me for doing company errands at the IRS 2011 Mileage rate of $0.51 per mile driven.

During my employment at Team Go Figure as a part of my training from Cheri Whiteside, I was told that the United States Immigration Custom & Enforcement Department (ICE) had already visited Team Go Figure 2 times in the past to check for illegal aliens and that I must always have my I-9's up to date and that they were to be filed alphabetically.

Now, you will find attached to this Appeal many copies of items that substantiate my decision to resign from my position as to not incriminate myself by breaking federal & state laws. Please see the following items:

1.  United States Postal Service Domestic Return Receipt of Certified Mail (Front & Back) Article #7002 2410 0000 6188 2090. This item has been signed and received on 4/25/11 by Cheri Whiteside, who was the Full Charge Bookkeeper at the time of my resignation. She was also the person who was training me to take her position.
2.  A copy of my Resignation Letter describing the reason in which I left Team Go Figure's employment
3.  A copy of two check stubs #14637 for Jose Elias Berumen for $1,280.00 & #14635 for Hue L. Uong for $641.58
4.  A copy of a 9 page Report of Hours Worked for All Departments from 4/6/11 – 4/19/11
5.  A copy of an email from Nicole Allen to Cheri Whiteside, both employees of Team Go Figure, showing an additional hours that were put in at home that were not listed on the print out from the Time Clock Report from 4/6/11 – 4/19/11 that needed to be added to her time.

Now I would like to describe these items in detail so that you can see a pattern that Team Go Figure continually breaks federal and state payroll laws and so that you can see that these items substantiate my decision to resign based on the fact that I am an HONEST person and that I have INTEGRITY.

Please see item #4 on page 3 for employee ID Card #48 Anita Dominquez, she had 80.13 hours for her two week period and I was told to mark off any hours over 80 because TGF only pays employees 80 hours per pay period.

Please see item #4 on page 4 for employee ID Card #50 Israr Fatima, she had 80.25 hours for her time period and again I was instructed to mark out any hours over 80 and only pay employees for 80 hours.

Please see item #4 on page 4-5 for employee ID Card #72 Keleigh B. Kelley, she had a total of 80.50 hours after corrections had been made to her time, she was also only paid for 80 hours and was very upset when she received her check on Friday, April 22, 2011. Not only does she have to leave work for fittings for merchandise that Team Go Figure sells and go to high schools all over the DFW Metroplex on her own gas and never received any mileage pay as stated in the IRS 2011 Standard Mileage Rates for all employees driving while on employer time at a rate of $0.51 per mile driven, she does not get her overtime pay rate or even paid straight time for any hours over 80. She was very upset and came to me & Cheri Whiteside and told us so. She was told that Scott Eskridge & Ken Kenworthy, the owner & production manager, instructed Cheri Whiteside and myself that NO OVERTIME will be paid and NO MILEAGE will be paid.

Plaintiffs' 00403

Please see item #4 on page 5 for ID Card #34 Jose Lanzo, he had a total of 80.19 hours but was only paid for 80 hours. This is the same person as the check stub in item #3 for Jose Elias Berumen Ck#14637. I was instructed by Cheri Whiteside, that his name wasn't the same as entered on the time clock station. I was also told that they believe he is an illegal alien and that is why the check was written and a different name was used. This is where I was concerned about the 2 prior trips that US Immigration Custom & Enforcement (ICE) had already been to Team Go Figure to make sure my I-9's were up to date and in order. I was worried that if they knew that Jose Lanzo/Jose Elias Berumen was an illegal alien, that I did not want to be involved in employing or involved in an I-9 that I knew was not legally obtained by the identification of the correct person.

Please see item #4 on page 5 for ID Card #35 Toung Le Tran, she had 81.68 hours but was only paid for 80 hours. I was instructed by Cheri Whiteside to ask him if she can be paid her overtime rate for her additional hours over 80. I went to him and asked him and he instructed me to mark them off and only pay her for 80 hours.

Please see item #4 on page 5 for ID Card #70 Antwan Lee, his time was completely marked off because of the following: As of Monday 4/18/11 after working almost a full day at the office, Antwan had to go to a fitting and his hours would definitely put him over the 80 hour mark with still 1 more day remaining in the pay period. He was still on his probation period of a new hire and Scott Eskridge called him and Antwan was enticed to go on Salary to prevent Team Go Figure from paying overtime pay and to be able to get more hours out of their employees without paying future overtime that would accrue. As per the US DOL Wage & Hour Division Laws and Regulations, an employer can only require 40 hours per wk out of their employees whether they are Salaried or Hourly employees without paying the time and a half rate. Also per the US DOL, salaried employees are in a managerial position and manage other employees. Antwan was not a manager nor did he manage other employees or salesmen, he was their equal, therefore should have remained an hourly employee.

Please see item #4 on page 7 for ID Card #26 Anh Tran, she had 80.03 hours for her time period and again I was instructed to mark out any hours over 80 and only pay employees for 80 hours.

Please see item #4 on page 8 for ID Card #28 Noi Tran, she had 80.52 hours for her pay period but was only paid for 80 hours, again, I was instructed to mark off any excess hours over 80 in that pay period. Once again, not only were the employees not paid for all of their hours, even straight time or at their overtime rate, they were only paid the maximum hours for the pay period without reaching the overtime rate.

Please see item #4 on page 8 for ID Card #66 Hue L. Uong, she had 80.17 hours for her pay period but was only paid 80 hours, again marking off anything above 80 hours. Please refer to item #3, check #14635, showing and proving my case of that person only being paid for 80 hours of work, when she clearly worked more than 80 hours during the pay period 4/6/11 – 4/19/11.

Please see item #4 on page 8 & continued on page 9 for ID Card #31 Ana Varela, she had 80.03 hours, but was only paid for 80 hours. This is a small amount of hours over the 80 hours in a pay period, but it is still something.

There were several reports that had an opportunity to look at from previous pay periods that with all those amounts of all those pay periods total a lot of overtime hours that they were not paid not only just

Plaintiffs' 00404

straight time but not even their overtime rate which is against the US DOL Wage & Hour Division Laws & Regulations. But I did not make copies of those reports because I did not complete those payrolls and had nothing to do with those time periods. Cheri Whiteside completed those payrolls and she would be the one who would be responsible for following directions from the owner, Scott Eskridge to mark off any hours or minutes above 80 hours.

Now after you take a closer look at all the items that I have enclosed with this appeal; item #3 & item #4 substantiate my "Letter of Resignation" (item #2) stating that "I cannot sign my name to a payroll report of any kind that might not comply with the United States Department of Labor, Wage & Hour Division Laws & Regulations".

I was being trained by Cheri Whiteside which was the current Full Charge Bookkeeper to take over her position and become the Full Charge Bookkeeper as of June 1, 2011. However, since part of her job would to be to submit the Texas State Unemployment Quarterly Report for Team Go Figure, the Federal Unemployment Quarterly Report (941 & End of year 940), print employee W-2's, print the company W-3 Transmittal Report for Team Go Figure, I would have to sign my name to those reports. After working for more than 20 years in the Payroll field and being very familiar with US DOL Laws & Regulations and other Texas State Laws regarding payroll, I would have had to sign reports that did not comply with US DOL Wage & Hour Division Laws & Regulations and other Texas State Payroll Laws and I was not comfortable signing my name to illegal reports. As a Bookkeeper, knowing those laws, I would be breaking the law myself if I attached my name to those reports, I was not willing to break the law for employment. My conscious would not allow me to cheat people out of money and still hand out their paychecks looking them in the eyes knowing that I was instructed to cheat them out of money that they were owed by the owner, Scott Eskridge and my direct supervisor, Cheri Whiteside & the Production Manager, Ken Kenworthy.

Please submit my letter and evidence as my objection and appeal to the decision of not being approved for unemployment benefits.

If you have any further questions or need further explanation of the items that I have submitted for substantial proof that I was being instructed by Team Go Figure to break the Laws and Regulations of the United States Department of Labor, Wage & Hour Division.

Thank you,

Kathleen M. Craig
2505 Dillon Drive
Garland, Texas 75040
972-675-6896 hm
214-552-6626 mb



UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Kathleen M Craig
7505 Dillon Drive
Garland, TX 75040

Plaintiffs' 00406

*Kathleen M. Craig*
*2505 Dillon Drive*
*Garland, TX 75040*

April 22, 2011

Team Go Figure
310 N. Country Club Road
Garland, Texas 75040

Attn:  Scott Eskridge & Ken Kenworthy

Dear Sirs,

As of April 22, 2011, I respectfully resign the full charge bookkeeper position that was offered to me on April 8, 2011, that I have been in training for since April 12, 2011.

I am resigning for the following reason:

- I cannot sign my name to a payroll report of any kind that might not comply with the United States Department of Labor, Wage & Hour Division Laws and Regulations.

Please send my final check for the pay period April 20 – May 3, 2011, that I worked from April 20 – April 22, 2011 to 2505 Dillon Drive, Garland, Texas 75040.

Thank you,

Kathleen Craig
2505 Dillon Drive
Garland, Texas 75040

Plaintiffs' 00407

14637

Jose Elias Berumen

week ending '04/19

4/22/2011

1,280.00

Compass Bank - Che

1,280.00

PRODUCT DLT103    USE WITH 91643 ENVELOPE

▲ ● ⑤

# TEAM GO FIGURE, INC.

14635

| Employee | | | | | | SSN | Status (Fed/State) | Allowances/Extra |
|---|---|---|---|---|---|---|---|---|
| Hue L Uong, 11738 Kolch, Dallas, TX 76229 | | | | | | ***-**-1087 | Married/(none) | Fed-3/0/72.00 |
| | | | | | | Pay Period: 04/06/2011 - 04/19/2011 | | Pay Date: 04/22/2011 |

| Earnings and Hours | Qty | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Hourly Rate 1 | 80.00 | 8.50 | 680.00 | 4,183.86 |

| Taxes | | | Current | YTD Amount |
|---|---|---|---|---|
| Federal Withholding | | | 0.00 | |
| Social Security Employee | | | -29.66 | -175.71 |
| Medicare Employee | | | -9.86 | -60.66 |
| | | | -39.42 | -236.37 |

| Net Pay | | | 641.58 | 3,947.29 |

Team Go Figure, Inc., 301 N. Country Club Rd., Garland, TX 75040, 972-276-6700   Fax 972-276-5001

PRODUCT DLT103    USE WITH 91643 ENVELOPE

▲ ● ☺

Plaintiffs' 00408

**Team Go Figure**
Report Of Hours Worked - All Departments
Report from 4/6/2011 to 4/19/2011 - Worked Hours
All Employees

*Contract Labor Urs—* (handwritten)

Date: 4/20/2011
Time: 9:19:30 AM
* Added from Employee Attendance
* Added Punch
* Edited Punch
* Late Arrival

| Day / | Date | In | Out | Reg | OT | DT | |
|---|---|---|---|---|---|---|---|
| Employee: Agustin De Velasquez Laura | | | | | | | |
| WED | 4/6/2011 | 6:05 AM | 11:17 AM | 5.20 | 0.00 | 0.00 | |
| WED | 4/6/2011 | 11:57 AM | 3:07 PM | 3.17 | 0.00 | 0.00 | 8.37 |
| THU | 4/7/2011 | 5:58 AM | 11:19 AM | 5.38 | 0.00 | 0.00 | |
| THU | 4/7/2011 | 12:04 PM | 2:41 PM | 2.62 | 0.00 | 0.00 | 8.00 |
| FRI | 4/8/2011 | 5:58 AM | 11:07 AM | 5.15 | 0.00 | 0.00 | |
| FRI | 4/8/2011 | 11:48 AM | 2:42 PM | 2.90 | 0.00 | 0.00 | 8.05 |
| MON | 4/11/2011 | 6:10 AM | 11:19 AM | 5.15 | 0.00 | 0.00 | |
| MON | 4/11/2011 | 12:03 PM | 2:50 PM | 2.78 | 0.00 | 0.00 | 7.93 |
| TUE | 4/12/2011 | 6:03 AM | 11:11 AM | 5.13 | 0.00 | 0.00 | |
| TUE | 4/12/2011 | 11:49 AM | 2:37 PM | 2.80 | 0.00 | 0.00 | 7.93 |
| WED | 4/13/2011 | 5:58 AM | 11:08 AM | 5.17 | 0.00 | 0.00 | |
| WED | 4/13/2011 | 11:45 AM | 2:42 PM | 2.95 | 0.00 | 0.00 | 8.12 |
| THU | 4/14/2011 | 6:11 AM | 11:15 AM | 5.07 | 0.00 | 0.00 | |
| THU | 4/14/2011 | 11:55 AM | 2:38 PM | 2.72 | 0.00 | 0.00 | 7.78 |
| FRI | 4/15/2011 | 6:16 AM | 11:15 AM | 4.98 | 0.00 | 0.00 | |
| FRI | 4/15/2011 | 11:53 AM | 2:40 PM | 2.78 | 0.00 | 0.00 | 7.77 |
| MON | 4/18/2011 | 6:07 AM | 11:11 AM | 5.07 | 0.00 | 0.00 | |
| MON | 4/18/2011 | 11:52 AM | 2:38 PM | 2.77 | 0.00 | 0.00 | 7.83 |
| TUE | 4/19/2011 | 6:08 AM | 11:19 AM | 5.18 | 0.00 | 0.00 | |
| TUE | 4/19/2011 | 12:03 PM | 2:32 PM | 2.48 | 0.00 | 0.00 | 7.67 |
| IDCard: 58 | | | Employee Totals: | 79.45 | 0.00 | 0.00 | 79.45 |
| | | | | | | | |
| Employee: Alexander C Crystal | | | | | | | |
| WED | 4/6/2011 | 7:58 AM | 4:46 PM | 8.30 | 0.00 | 0.00 | |
| THU | 4/7/2011 | 9:10 AM | 12:57 PM | 3.78 | 0.00 | 0.00 | |
| THU | 4/7/2011 | 1:47 PM | 5:26 PM | 3.65 | 0.00 | 0.00 | 7.43 |
| FRI | 4/8/2011 | 9:07 AM | 5:34 PM | 7.95 | 0.00 | 0.00 | |
| MON | 4/11/2011 | 8:15 AM | * 5:28 PM | 8.72 | 0.00 | 0.00 | |
| TUE | 4/12/2011 | 7:54 AM | 5:20 PM | 8.93 | 0.00 | 0.00 | |
| WED | 4/13/2011 | 8:13 AM | 5:25 PM | * 8.70 | 0.00 | 0.00 | |
| THU | 4/14/2011 | 8:00 AM | 5:29 PM | 8.98 | 0.00 | 0.00 | |
| FRI | 4/15/2011 | 9:08 AM | 6:30 PM | 7.87 | 0.00 | 0.00 | |
| MON | 4/18/2011 | 8:07 AM | 5:27 PM | 8.83 | 0.00 | 0.00 | |
| TUE | 4/19/2011 | 12:04 PM | 1:00 PM | | | | |
| IDCard: 0068 | | | Employee Totals: | 75.72 | 0.00 | 0.00 | 75.72 |
| | | | | | | | |
| Employee: Allen Y Nicole | | | | | | | |
| WED | 4/6/2011 | 8:30 AM | * 1:58 PM | * 5.47 | 0.00 | 0.00 | |
| THU | 4/7/2011 | 8:26 AM | * 2:00 PM | * 5.57 | 0.00 | 0.00 | |
| THU | 4/7/2011 | 4:30 PM | * 7:45 PM | * 3.25 | 0.00 | 0.00 | 8.82 |
| FRI | 4/8/2011 | 7:38 AM | * 3:30 PM | * 7.90 | 0.00 | 0.00 | |
| MON | 4/11/2011 | 8:06 AM | 10:55 AM | * 2.82 | 0.00 | 0.00 | |
| MON | 4/11/2011 | 2:00 PM | * 8:30 PM | * 6.50 | 0.00 | 0.00 | 9.32 |
| TUE | 4/12/2011 | 8:28 AM | 1:59 PM | 5.52 | 0.00 | 0.00 | |
| WED | 4/13/2011 | 8:59 AM | 2:00 PM | 5.02 | 0.00 | 0.00 | |
| THU | 4/14/2011 | 8:28 AM | 1:05 PM | 4.62 | 0.00 | 0.00 | |
| THU | 4/14/2011 | 1:13 PM | 2:01 PM | 0.80 | 0.00 | 0.00 | 5.42 |
| FRI | 4/15/2011 | 8:21 AM | 1:15 PM | * 4.90 | 0.00 | 0.00 | |

Printed In: BOOK

Page 1

Plaintiffs' 00409

Plaintiffs' Motion Appendix pg. 060

**Team Go Figure**
Report Of Hours Worked - All Departments
Report from 4/6/2011 to 4/19/2011 - Worked Hours
All Employees

| Day | Date | In | Out | Reg | OT | D1 |
|-----|------|-----|------|-----|-----|-----|
| SUN | 4/17/2011 | 2:30 PM | 6:30 PM | * 4.00 | 0.00 | 0.00 |
| MON | 4/18/2011 | 8:45 AM | 2:04 PM | 5.32 | 0.00 | 0.00 |
| MON | 4/18/2011 | 9:30 PM | 10:30 PM | * 1.00 | 0.00 | 0.00 |
| TUE | 4/19/2011 | 8:26 AM | 1:58 PM | 5.53 | 0.00 | 0.00 |
| IDCard: 69 | | | Employee Totals: | 68.20 | 0.00 | 0.00 |

*handwritten: Trinty 4-7:40 pm + Email for time*  8.32  08.20  *73.18*

Employee: Araiza Ahlda

| WED | 4/6/2011 | 8:33 AM | 1:56 PM | * 4.88 | 0.00 | 0.00 |
| THU | 4/7/2011 | 8:31 AM | 4:28 PM | 7.45 | 0.00 | 0.00 |
| FRI | 4/8/2011 | 8:38 AM | 4:30 PM | 7.37 | 0.00 | 0.00 |
| MON | 4/11/2011 | 8:40 AM | 4:31 PM | 7.35 | 0.00 | 0.00 |
| TUE | 4/12/2011 | 9:07 AM | 4:29 PM | 6.87 | 0.00 | 0.00 |
| WED | 4/13/2011 | 8:32 AM | 4:31 PM | 7.48 | 0.00 | 0.00 |
| THU | 4/14/2011 | 8:40 AM | 4:28 PM | 7.30 | 0.00 | 0.00 |
| FRI | 4/15/2011 | 8:38 AM | 4:29 PM | 7.35 | 0.00 | 0.00 |
| MON | 4/18/2011 | 8:27 AM | 4:30 PM | 7.55 | 0.00 | 0.00 |
| TUE | 4/19/2011 | 8:30 AM | 4:30 PM | 7.50 | 0.00 | 0.00 |
| IDCard: 74 | | | Employee Totals: | 71.10 | 0.00 | 0.00 |

*handwritten: 71.10*

Employee: Buchanan G Deidre

| WED | 4/6/2011 | 8:58 AM | 5:32 PM | 8.07 | 0.00 | 0.00 |
| THU | 4/7/2011 | 9:02 AM | 5:38 PM | 8.10 | 0.00 | 0.00 |
| FRI | 4/8/2011 | 9:03 AM | 12:24 PM | 3.35 | -0.00 | 0.00 |
| FRI | 4/8/2011 | 12:55 PM | 5:31 PM | 4.58 | 0.00 | 0.00 |
| MON | 4/11/2011 | 9:05 AM | 5:52 PM | 8.28 | 0.00 | 0.00 |
| TUE | 4/12/2011 | 9:01 AM | 5:48 PM | 8.28 | 0.00 | 0.00 |
| WED | 4/13/2011 | 9:06 AM | 5:05 PM | 7.48 | 0.00 | 0.00 |
| THU | 4/14/2011 | 9:04 AM | 5:26 PM | 7.87 | 0.00 | 0.00 |
| FRI | 4/15/2011 | 8:58 AM | 12:40 PM | 3.70 | 0.00 | 0.00 |
| FRI | 4/15/2011 | 1:29 PM | 5:37 PM | 4.13 | 0.00 | 0.00 |
| MON | 4/18/2011 | 9:02 AM | 5:32 PM | 8.00 | 0.00 | 0.00 |
| IDCard: 67 | | | Employee Totals: | 71.85 | 0.00 | 0.00 |

*handwritten: 7.93  Sick 4/19 & 4/20  7.83  71.85*

Employee: Cash Nitia   *NO WORK per NC*

| WED | 4/6/11 | | | | | |
| THU | 4/7/2011 | 9:47 AM | 5:08 PM | 6.85 | 0.00 | 0.00 |
| FRI | 4/8/2011 | 9:32 AM | 4:06 PM | 6.07 | 0.00 | 0.00 |
| MON | 4/11/2011 | 9:11 AM | 1:38 PM | 4.45 | 0.00 | 0.00 |
| MON | 4/11/2011 | 2:20 PM | 5:23 PM | 3.05 | 0.00 | 0.00 |
| TUE | 4/12/2011 | 9:19 AM | 2:11 PM | 4.87 | 0.00 | 0.00 |
| TUE | 4/12/2011 | 3:04 PM | 5:24 PM | 2.33 | 0.00 | 0.00 |
| WED | 4/13/2011 | 9:26 AM | 5:31 PM | 7.58 | 0.00 | 0.00 |
| THU | 4/14/2011 | 9:16 AM | 5:26 PM | 7.67 | 0.00 | 0.00 |
| FRI | 4/15/2011 | 9:16 AM | 4:58 PM | 7.20 | 0.00 | 0.00 |
| MON | 4/18/2011 | 9:15 AM | 5:43 PM | 7.97 | 0.00 | 0.00 |
| TUE | 4/19/2011 | 9:18 AM | 3:14 PM | 5.43 +3.30 | 0.00 | 0.00 |
| TUE | 4/19/2011 | 4:01 PM | 5:42 PM | 1.68 | 0.00 | 0.00 |
| IDCard: 51 | | | Employee Totals: | 65.15 | 0.00 | 0.00 |

*handwritten: 7.50  7.20  7.12  65.15  65.65*

Employee: Craig Kathlean

| TUE | 4/12/2011 | 9:00 AM | 5:00 PM | * 7.50 | 0.00 | 0.00 |

Printed In: BOOK

Page 2

Plaintiffs' 00410

## Team Go Figure
Report Of Hours Worked - All Departments
Report from 4/6/2011 to 4/19/2011 - Worked Hours
All Employees



| Day | Date | In | Out | Reg | OT | DT |
|-----|------|-----|------|------|------|------|
| WED | 4/13/2011 | 9:00 AM | * 5:30 PM | * 8.00 | 0.00 | 0.00 |
| THU | 4/14/2011 | 9:00 AM | * 12:00 PM | * 3.00 | 0.00 | 0.00 |
| THU | 4/14/2011 | 12:45 PM | * 5:30 PM | * 4.75 | 0.00 | 0.00 |
| FRI | 4/15/2011 | 9:04 AM | * 5:40 PM | * 8.10 | 0.00 | 0.00 |
| MON | 4/18/2011 | 8:54 AM | 5:31 PM | 8.12 | 0.00 | 0.00 |
| TUE | 4/19/2011 | 8:58 AM | 5:03 PM | 7.58 | 0.00 | 0.00 |
| IDCard: 75 | | | Employee Totals: | 47.05 | 0.00 | 0.00 |

Employee: Do Yen K

| Day | Date | In | Out | Reg | OT | DT |
|-----|------|-----|------|------|------|------|
| WED | 4/6/2011 | 7:57 AM | 4:30 PM | 8.05 | 0.00 | 0.00 |
| THU | 4/7/2011 | 8:04 AM | 4:30 PM | 7.93 | 0.00 | 0.00 |
| FRI | 4/8/2011 | 7:54 AM | 4:30 PM | 8.10 | 0.00 | 0.00 |
| MON | 4/11/2011 | 7:55 AM | 4:30 PM | 8.08 | 0.00 | 0.00 |
| TUE | 4/12/2011 | 7:54 AM | 4:31 PM | 8.12 | 0.00 | 0.00 |
| WED | 4/13/2011 | 7:56 AM | 4:29 PM | 8.05 | 0.00 | 0.00 |
| THU | 4/14/2011 | 7:59 AM | 4:29 PM | 8.00 | 0.00 | 0.00 |
| FRI | 4/15/2011 | 8:01 AM | 4:29 PM | 7.97 | 0.00 | 0.00 |
| MON | 4/18/2011 | 7:58 AM | 4:27 PM | 7.98 | 0.00 | 0.00 |
| TUE | 4/19/2011 | 8:24 AM | 4:30 PM | 7.60 | 0.00 | 0.00 |
| IDCard: 65 | | | Employee Totals: | 79.88 | 0.00 | 0.00 |

Employee: Dominquez Anita

| Day | Date | In | Out | Reg | OT | DT |
|-----|------|-----|------|------|------|------|
| WED | 4/6/2011 | 8:00 AM | 4:27 PM | 7.95 | 0.00 | 0.00 |
| THU | 4/7/2011 | 7:58 AM | 4:29 PM | 8.02 | 0.00 | 0.00 |
| FRI | 4/8/2011 | 7:53 AM | 4:30 PM | 8.12 | 0.00 | 0.00 |
| MON | 4/11/2011 | 6:08 AM | 4:32 PM | 7.90 | 0.00 | 0.00 |
| TUE | 4/12/2011 | 7:52 AM | 4:28 PM | 8.10 | 0.00 | 0.00 |
| WED | 4/13/2011 | 8:05 AM | 4:31 PM | 7.93 | 0.00 | 0.00 |
| THU | 4/14/2011 | 8:11 AM | 4:29 PM | 7.80 | 0.00 | 0.00 |
| FRI | 4/15/2011 | 7:45 AM | 4:30 PM | 8.25 | 0.00 | 0.00 |
| MON | 4/18/2011 | 7:47 AM | 4:32 PM | 8.25 | 0.00 | 0.00 |
| TUE | 4/19/2011 | 7:46 AM | 4:05 PM | 7.82 | 0.00 | 0.00 |
| IDCard: 48 | | | Employee Totals: | 80.13 | 0.00 | 0.00 |

Employee: Dubon, Maria

| Day | Date | In | Out | Reg | OT | DT |
|-----|------|-----|------|------|------|------|
| WED | 4/6/2011 | 9:03 AM | * 4:28 PM | 6.92 | 0.00 | 0.00 |
| THU | 4/7/2011 | 8:59 AM | 3:00 PM | 5.52 | 0.00 | 0.00 |
| FRI | 4/8/2011 | 8:12 AM | 1:15 PM | 4.55 | 0.00 | 0.00 |
| MON | 4/11/2011 | 8:14 AM | 4:17 PM | 7.55 | 0.00 | 0.00 |
| TUE | 4/12/2011 | 7:53 AM | 2:59 PM | 6.60 | 0.00 | 0.00 |
| WED | 4/13/2011 | 7:55 AM | 2:59 PM | 6.57 | 0.00 | 0.00 |
| THU | 4/14/2011 | 7:56 AM | 4:29 PM | 8.05 | 0.00 | 0.00 |
| FRI | 4/15/2011 | 10:10 AM | 1:06 PM | 2.93 | 0.00 | 0.00 |
| IDCard: 7 | | | Employee Totals: | 48.68 | 0.00 | 0.00 |

Employee: Escobar, Milton

| Day | Date | In | Out | Reg | OT | DT |
|-----|------|-----|------|------|------|------|
| MON | 4/11/2011 | 6:16 AM | * 2:34 PM | * 8.30 | 0.00 | 0.00 |
| TUE | 4/12/2011 | 6:14 AM | * 2:37 PM | 8.38 | 0.00 | 0.00 |

Plaintiffs' 00411

Plaintiffs' Motion Appendix pg. 062

**Team Go Figure**
Report Of Hours Worked - All Departments
Report from 4/6/2011 to 4/19/2011 - Worked Hours
All Employees

| Day | Date | In | Out | Reg | OT | DT |
|-----|------|-----|------|-----|-----|-----|
| WED | 4/13/2011 | 6:12 AM | * 2:36 PM | 8.40 | 0.00 | 0.00 |
| THU | 4/14/2011 | 6:05 AM | * 2:32 PM | 8.45 | 0.00 | 0.00 |
| FRI | 4/15/2011 | 6:28 AM | * 2:00 PM | 7.53 | 0.00 | 0.00 |
| MON | 4/18/2011 | 6:00 AM | * 2:28 PM | 8.47 | 0.00 | 0.00 |
| TUE | 4/19/2011 | 5:56 AM | * 2:30 PM | 8.57 | 0.00 | 0.00 |
| IDCard: 8 | | | Employee Totals: | 58.10 | 0.00 | 0.00 | 58.10 |

Employee: Fatima Israr

| Day | Date | In | Out | Reg | OT | DT |
|-----|------|-----|------|-----|-----|-----|
| WED | 4/6/2011 | 8:03 AM | * 4:28 PM | 7.92 | 0.00 | 0.00 |
| THU | 4/7/2011 | 7:57 AM | 4:28 PM | 8.02 | 0.00 | 0.00 |
| FRI | 4/8/2011 | 7:34 AM | 4:28 PM | 8.40 | 0.00 | 0.00 |
| MON | 4/11/2011 | 7:52 AM | 4:28 PM | 8.10 | 0.00 | 0.00 |
| TUE | 4/12/2011 | 7:46 AM | 4:27 PM | 8.18 | 0.00 | 0.00 |
| WED | 4/13/2011 | 7:36 AM | 4:29 PM | 8.38 | 0.00 | 0.00 |
| THU | 4/14/2011 | 7:59 AM | 4:28 PM | 7.98 | 0.00 | 0.00 |
| FRI | 4/15/2011 | 7:48 AM | 4:27 PM | 8.15 | 0.00 | 0.00 |
| MON | 4/18/2011 | 7:49 AM | 4:29 PM | 8.17 | 0.00 | 0.00 |
| TUE | 4/19/2011 | 8:01 AM | 3:28 PM | 6.95 | 0.00 | 0.00 |
| IDCard: 50 | | | Employee Totals: | 80.25 | 0.00 | 0.00 | 80.25 |

Employee: Guerra, Jesus

| Day | Date | In | Out | Reg | OT | DT |
|-----|------|-----|------|-----|-----|-----|
| WED | 4/6/2011 | 6:20 AM | * 2:54 PM | 8.57 | 0.00 | 0.00 |
| THU | 4/7/2011 | 6:24 AM | * 2:42 PM | 8.30 | 0.00 | 0.00 |
| MON | 4/11/2011 | 6:04 AM | * 2:35 PM | 8.52 | 0.00 | 0.00 |
| TUE | 4/12/2011 | 6:02 AM | * 2:38 PM | 8.60 | 0.00 | 0.00 |
| WED | 4/13/2011 | 6:12 AM | * 2:38 PM | 8.43 | 0.00 | 0.00 |
| THU | 4/14/2011 | 6:04 AM | * 2:33 PM | 8.48 | 0.00 | 0.00 |
| FRI | 4/15/2011 | 6:08 AM | * 2:35 PM | 8.45 | 0.00 | 0.00 |
| TUE | 4/19/2011 | 6:22 AM | * 2:49 PM | 8.45 | 0.00 | 0.00 |
| IDCard: 13 | | | Employee Totals: | 67.80 | 0.00 | 0.00 | 67.80 |

Employee: Hargo Richard

| Day | Date | In | Out | Reg | OT | DT |
|-----|------|-----|------|-----|-----|-----|
| WED | 4/6/2011 | 6:17 AM | * 2:52 PM | 8.08 | 0.00 | 0.00 |
| THU | 4/7/2011 | 6:11 AM | * 2:40 PM | 7.98 | 0.00 | 0.00 |
| FRI | 4/8/2011 | 6:18 AM | * 2:42 PM | 7.90 | 0.00 | 0.00 |
| MON | 4/11/2011 | 6:04 AM | * 2:35 PM | 8.02 | 0.00 | 0.00 |
| TUE | 4/12/2011 | 6:13 AM | * 2:39 PM | 7.93 | 0.00 | 0.00 |
| WED | 4/13/2011 | 6:11 AM | * 2:42 PM | 8.02 | 0.00 | 0.00 |
| THU | 4/14/2011 | 6:09 AM | * 2:32 PM | 7.88 | 0.00 | 0.00 |
| FRI | 4/15/2011 | 6:13 AM | * 3:06 PM | 8.38 | 0.00 | 0.00 |
| MON | 4/18/2011 | 6:10 AM | * 2:28 PM | 7.80 | 0.00 | 0.00 |
| TUE | 4/19/2011 | 6:08 AM | * 2:09 PM | 7.52 | 0.00 | 0.00 |
| IDCard: 60 | | | Employee Totals: | 79.52 | 0.00 | 0.00 | 79.52 |

Employee: Kelley B Keleigh

| Day | Date | In | Out | Reg | OT | DT |
|-----|------|-----|------|-----|-----|-----|
| WED | 4/6/2011 | 9:06 AM | 5:31 PM | 7.92 | 0.00 | 0.00 |
| THU | 4/7/2011 | 8:56 AM | 5:30 PM | 8.07 | 0.00 | 0.00 |
| FRI | 4/8/2011 | 9:00 AM | 5:31 PM | 8.02 | 0.00 | 0.00 |
| MON | 4/11/2011 | 8:52 AM | 8:30 PM | * 11.13 | 0.00 | 0.00 |



Plaintiffs' 00412

Plaintiffs' Motion Appendix pg. 063

**Team Go Figure**
Report Of Hours Worked - All Departments
Report from 4/6/2011 to 4/19/2011 - Worked Hours
All Employees

Date: 10/20/2011
Time: 11:50 AM
* = Added from Employee Attendance
* = Added Punch
* = Edited Punch
* = Late Arrival

| Day | Date | In | Out | Reg | OT | DT |
|---|---|---|---|---|---|---|
| TUE | 4/12/2011 | 11:59 AM | 6:30 PM | 8.02 | 0.00 | 0.00 |
| WED | 4/13/2011 | 9:00 AM | 6:00 PM | 8.50 | 0.00 | 0.00 |
| THU | 4/14/2011 | 10:58 AM | 5:30 PM | 6.03 | 0.00 | 0.00 |
| FRI | 4/15/2011 | 9:04 AM | 5:42 PM | 8.13 | 0.00 | 0.00 |
| MON | 4/18/2011 | 9:10 AM | 5:30 PM | 7.83 | 0.00 | 0.00 |
| TUE | 4/19/2011 | 10:49 AM | 7:40 | +30 8:10 | | | |
| IDCard: 0072 | | | Employee Totals: | 71.65 | 0.00 | 71.65 |

80    80.50

Employee: Lonzo, Jose

| WED | 4/6/2011 | 6:58 AM | 2:55 PM | 7.95 | 0.00 | 0.00 |
|---|---|---|---|---|---|---|
| THU | 4/7/2011 | 8:21 AM | 3:04 PM | 6.72 | 0.00 | 0.00 |
| FRI | 4/8/2011 | 5:57 AM | 2:41 PM | 8.73 | 0.00 | 0.00 |
| MON | 4/11/2011 | 6:31 AM | 2:42 PM | 8.18 | 0.00 | 0.00 |
| TUE | 4/12/2011 | 8:13 AM | 3:13 PM | 7.00 | 0.00 | 0.00 |
| WED | 4/13/2011 | 6:24 AM | 3:03 PM | 8.65 | 0.00 | 0.00 |
| THU | 4/14/2011 | 6:20 AM | 3:01 PM | 8.68 | 0.00 | 0.00 |
| FRI | 4/15/2011 | 6:20 AM | 2:30 PM | 8.17 | 0.00 | 0.00 |
| MON | 4/18/2011 | 7:59 AM | 3:02 PM | 7.05 | 0.00 | 0.00 |
| TUE | 4/19/2011 | 5:32 AM | 2:30 PM | 8.97 | 0.00 | 0.00 |
| IDCard: 34 | | | Employee Totals: | 80.10 | 0.00 | 0.00 |

Separate
CR
Contract
Labor   80

Employee: Le Tran, Tuong

| WED | 4/6/2011 | 5:05 AM | 4:46 PM | 11.18 | 0.00 | 0.00 |
|---|---|---|---|---|---|---|
| THU | 4/7/2011 | 5:32 AM | 4:32 PM | 10.50 | 0.00 | 0.00 |
| FRI | 4/8/2011 | 4:57 AM | 4:32 PM | 11.08 | 0.00 | 0.00 |
| MON | 4/11/2011 | 5:05 AM | 4:38 PM | 11.00 | 0.00 | 0.00 |
| TUE | 4/12/2011 | 4:58 AM | 4:30 PM | 11.18 | 0.00 | 0.00 |
| WED | 4/13/2011 | 5:00 AM | 4:36 PM | 11.10 | 0.00 | 0.00 |
| THU | 4/14/2011 | 5:30 AM | 4:32 PM | 10.53 | 0.00 | 0.00 |
| FRI | 4/15/2011 | 5:06 AM | 10:42 AM | 5.10 | 0.00 | 0.00 |
| IDCard: 35 | | | Employee Totals: | 81.68 | 0.00 | 0.00 |

80  *ASK KEN  per Ken

Employee: Lee, Anlwon

| WED | 4/6/2011 | 9:06 AM | 5:30 PM | 7.90 | 0.00 | 0.00 |
|---|---|---|---|---|---|---|
| THU | 4/7/2011 | 8:59 AM | 7:46 PM | 10.27 | 0.00 | 0.00 |
| FRI | 4/8/2011 | 8:51 AM | 5:30 PM | 8.15 | 0.00 | 0.00 |
| MON | 4/11/2011 | 8:59 AM | 5:30 PM | 8.02 | 0.00 | 0.00 |
| TUE | 4/12/2011 | 7:30 AM | 6:00 PM | 10.00 | 0.00 | 0.00 |
| WED | 4/13/2011 | 9:08 AM | 9:00 PM | 11.40 | 0.00 | 0.00 |
| THU | 4/14/2011 | 9:02 AM | 5:15 PM | 7.72 | 0.00 | 0.00 |
| FRI | 4/15/2011 | 9:05 AM | 5:00 PM | 7.42 | 0.00 | 0.00 |
| IDCard: 70 | | | Employee Totals: | 70.87 | 0.00 | 70.87 |

Employee: Nelson, Meredith

| THU | 4/7/2011 | 9:10 AM | 8:26 PM | 10.77 | 0.00 | 0.00 |
|---|---|---|---|---|---|---|
| FRI | 4/8/2011 | 12:37 PM | 5:31 PM | 4.90 | 0.00 | 0.00 |
| TUE | 4/12/2011 | 9:06 AM | 6:14 PM | 8.63 | 0.00 | 0.00 |
| THU | 4/14/2011 | 9:02 AM | 5:35 PM | 8.05 | 0.00 | 0.00 |

Printed In: BOOK

Page 5

Plaintiffs' 00413

Plaintiffs' Motion Appendix pg. 064

**Team Go Figure**
Report Of Hours Worked - All Departments
Report from 4/6/2011 to 4/19/2011 - Worked Hours
All Employees

4/20/2011
10:22:29 AM
★ = Added from Employee Attendance
▲ = Added Punch
✦ = Edited Punch
★ = Late Arrival



| Day | Date | In | Out | Reg | OT | D1 |
|-----|------|-----|-----|-----|-----|-----|
| FRI | 4/15/2011 | 12:20 PM | 5:44 PM | 4.90 | 0.00 | 0.00 |
| TUE | 4/19/2011 | 9:03 AM | 5:37 PM | 8.07 | 0.00 | 0.00 |
| IDCard: 33 | | | Employee Totals: | 45.32 | 0.00 | 0.00 |

Employee: Newhard Carol

| Day | Date | In | Out | Reg | OT | D1 |
|-----|------|-----|-----|-----|-----|-----|
| WED | 4/6/2011 | 6:03 AM | ★ 2:31 PM | 7.97 | 0.00 | 0.00 |
| THU | 4/7/2011 | 6:01 AM | ★ 2:32 PM | 8.02 | 0.00 | 0.00 |
| FRI | 4/8/2011 | 5:57 AM | ★ 2:32 PM | 8.08 | 0.00 | 0.00 |
| MON | 4/11/2011 | 6:04 AM | ★ 2:33 PM | 7.98 | 0.00 | 0.00 |
| TUE | 4/12/2011 | 6:03 AM | ★ 2:34 PM | 8.02 | 0.00 | 0.00 |
| WED | 4/13/2011 | 6:07 AM | ★ 12:34 PM | 5.95 +30 | 0.00 | 0.00 |
| WED | 4/13/2011 | 12:57 PM | 2:47 PM | 1.83 | 0.00 | 0.00 | 7.78 |
| THU | 4/14/2011 | 6:02 AM | ★ 2:21 PM | 7.82 | 0.00 | 0.00 |
| FRI | 4/15/2011 | 6:05 AM | ★ 12:21 PM | 5.77 +36 | 0.00 | 0.00 |
| FRI | 4/15/2011 | 12:55 PM | 2:31 PM | 1.60 | 0.00 | 0.00 | 7.37 |
| MON | 4/18/2011 | 6:04 AM | ★ 2:37 PM | 8.05 | 0.00 | 0.00 |
| TUE | 4/19/2011 | 6:02 AM | ★ 2:31 PM | 7.98 | 0.00 | 0.00 |
| IDCard: 54 | | | Employee Totals: | 79.07 | 0.00 | 0.00 | 79.07 |

Employee: Nguyen, Xuan Hoa-Lam

| Day | Date | In | Out | Reg | OT | D1 |
|-----|------|-----|-----|-----|-----|-----|
| WED | 4/6/2011 | 7:35 AM | 4:44 PM | 8.65 | 0.00 | 0.00 |
| THU | 4/7/2011 | 7:28 AM | 4:27 PM | 8.52 | 0.00 | 0.00 |
| FRI | 4/8/2011 | 7:18 AM | 4:31 PM | 8.72 | 0.00 | 0.00 |
| MON | 4/11/2011 | 7:08 AM | 4:31 PM | 8.88 | 0.00 | 0.00 |
| TUE | 4/12/2011 | 7:02 AM | 4:30 PM | 8.97 | 0.00 | 0.00 |
| WED | 4/13/2011 | 7:40 AM | 4:29 PM | 8.32 | 0.00 | 0.00 |
| FRI | 4/15/2011 | 7:34 AM | 4:28 PM | 8.40 | 0.00 | 0.00 |
| MON | 4/18/2011 | 7:10 AM | 4:32 PM | 8.87 | 0.00 | 0.00 |
| TUE | 4/19/2011 | 6:56 AM | ★ 4:30 PM | 9.07 | 0.00 | 0.00 |
| IDCard: 16 | | | Employee Totals: | 78.38 | 0.00 | 0.00 | 78.38 |

Employee: Piedra Telda

| Day | Date | In | Out | Reg | OT | D1 |
|-----|------|-----|-----|-----|-----|-----|
| WED | 4/6/2011 | 6:39 AM | ★ 3:10 PM | 8.02 | 0.00 | 0.00 |
| THU | 4/7/2011 | 6:41 AM | ★ 3:36 PM | 8.42 | 0.00 | 0.00 |
| FRI | 4/8/2011 | 6:58 AM | ★ 3:36 PM | 8.13 | 0.00 | 0.00 |
| MON | 4/11/2011 | 6:39 AM | ★ 3:32 PM | 8.38 | 0.00 | 0.00 |
| TUE | 4/12/2011 | 7:01 AM | 4:28 PM | 8.95 | 0.00 | 0.00 |
| WED | 4/13/2011 | 7:24 AM | 4:31 PM | 8.62 | 0.00 | 0.00 |
| THU | 4/14/2011 | 7:18 AM | 3:35 PM | 7.78 | 0.00 | 0.00 |
| FRI | 4/15/2011 | 7:05 AM | 2:30 PM | 6.92 | 0.00 | 0.00 |
| MON | 4/18/2011 | 7:01 AM | 4:31 PM | 9.00 | 0.00 | 0.00 |
| TUE | 4/19/2011 | 7:24 AM | 12:20 PM | 4.93 | 0.00 | 0.00 |
| IDCard: 0045 | | | Employee Totals: | 79.15 | 0.00 | 0.00 | 79.15 |

Employee: Ramirez, Margarita

| Day | Date | In | Out | Reg | OT | D1 |
|-----|------|-----|-----|-----|-----|-----|
| WED | 4/6/2011 | 7:41 AM | ★ 3:00 PM v/c | 6.82 | 0.00 | 0.00 |
| THU | 4/7/2011 | 7:40 AM | 4:30 PM | 8.33 | 0.00 | 0.00 |
| FRI | 4/8/2011 | 7:39 AM | 3:00 PM v/c | 6.85 | 0.00 | 0.00 |
| MON | 4/11/2011 | 9:21 AM | 4:31 PM | 6.67 | 0.00 | 0.00 |

Plaintiffs' 00414

Plaintiffs' Motion Appendix pg. 065



**Team Go Figure**
Report Of Hours Worked - All Departments
Report from 4/6/2011 to 4/19/2011 - Worked Hours
All Employees

★ Added from Employee Attendance
★ Added Punch
★ Edited Punch
★ Late Arrival

| Day | Date | In | Out | Reg | OT | DT |
|-----|------|-----|-----|-----|-----|-----|
| TUE | 4/12/2011 | 5:20 AM | 7:21 AM | 2.02 | 0.00 | 0.00 |
| TUE | 4/12/2011 | 7:44 AM | 4:28 PM | 8.23 | 0.00 | 0.00 |
| WED | 4/13/2011 | 5:46 AM | 4:31 PM | 10.25 | 0.00 | 0.00 |
| THU | 4/14/2011 | 7:39 AM | 3:00 PM N L | 6.85 | 0.00 | 0.00 |
| FRI | 4/15/2011 | 7:38 AM | 4:31 PM | 8.38 | 0.00 | 0.00 |
| MON | 4/18/2011 | 5:01 AM | 7:17 AM | 2.27 | 0.00 | 0.00 |
| MON | 4/18/2011 | 7:39 AM | 3:01 PM ? | 6.87 | 0.00 | 0.00 |
| TUE | 4/19/2011 | 7:39 AM | 1:10 PM ? | 5.02 | 0.00 | 0.00 |
| IDCard: 23 | | | Employee Totals: | 78.55 | 0.00 | 0.00 |

Employee: Saracho P Reina

| | | | | | | |
|-----|------|-----|-----|-----|-----|-----|
| WED | 4/6/2011 | 7:48 AM | 1:06 PM N L | 4.80 | 0.00 | 0.00 |
| THU | 4/7/2011 | 7:07 AM | 3:31 PM | 7.90 | 0.00 | 0.00 |
| FRI | 4/8/2011 | 7:06 AM | 3:35 PM | 7.98 | 0.00 | 0.00 |
| MON | 4/11/2011 | 7:57 AM | 3:32 PM | 7.08 | 0.00 | 0.00 |
| TUE | 4/12/2011 | 7:27 AM | 3:30 PM | 7.55 | 0.00 | 0.00 |
| THU | 4/14/2011 | 7:08 AM | 3:36 PM | 7.97 | 0.00 | 0.00 |
| FRI | 4/15/2011 | 7:04 AM | 2:32 PM | 6.97 | 0.00 | 0.00 |
| MON | 4/18/2011 | 7:02 AM | 4:31 PM | 8.98 | 0.00 | 0.00 |
| TUE | 4/19/2011 | 7:06 AM | 12:20 PM | 4.73 | 0.00 | 0.00 |
| IDCard: 73 | | | Employee Totals: | 63.97 | 0.00 | 0.00 |

Employee: Silva, Dora M

| | | | | | | |
|-----|------|-----|-----|-----|-----|-----|
| WED | 4/6/2011 | 7:01 AM | | | | |

Employee: Tran, Anh

| | | | | | | |
|-----|------|-----|-----|-----|-----|-----|
| WED | 4/6/2011 | 7:55 AM | 4:29 PM | 8.07 | 0.00 | 0.00 |
| THU | 4/7/2011 | 8:01 AM | 4:29 PM | 7.97 | 0.00 | 0.00 |
| FRI | 4/8/2011 | 7:47 AM | 4:31 PM | 8.23 | 0.00 | 0.00 |
| MON | 4/11/2011 | 8:07 AM | 4:30 PM | 7.88 | 0.00 | 0.00 |
| TUE | 4/12/2011 | 8:12 AM | 4:29 PM | 7.78 | 0.00 | 0.00 |
| WED | 4/13/2011 | 8:01 AM | 4:13 PM | 7.70 | 0.00 | 0.00 |
| THU | 4/14/2011 | 7:48 AM | 4:30 PM | 8.20 | 0.00 | 0.00 |
| FRI | 4/15/2011 | 7:50 AM | 4:30 PM | 8.17 | 0.00 | 0.00 |
| MON | 4/18/2011 | 8:06 AM | 4:30 PM | 7.90 | 0.00 | 0.00 |
| TUE | 4/19/2011 | 7:52 AM | 4:30 PM | 8.13 | 0.00 | 0.00 |
| IDCard: 26 | | | Employee Totals: | 80.03 | 0.00 | 0.00 |

Employee: Tran, Hoa

| | | | | | | |
|-----|------|-----|-----|-----|-----|-----|
| WED | 4/6/2011 | 7:39 AM | 4:31 PM | 8.37 | 0.00 | 0.00 |
| THU | 4/7/2011 | 7:38 AM | 4:28 PM | 8.33 | 0.00 | 0.00 |
| FRI | 4/8/2011 | 7:44 AM | 4:31 PM | 8.28 | 0.00 | 0.00 |
| MON | 4/11/2011 | 7:37 AM | 4:30 PM | 8.38 | 0.00 | 0.00 |
| TUE | 4/12/2011 | 7:36 AM | 4:29 PM | 8.38 | 0.00 | 0.00 |
| WED | 4/13/2011 | 7:37 AM | 4:29 PM | 8.37 | 0.00 | 0.00 |
| THU | 4/14/2011 | 7:42 AM | 4:30 PM | 8.30 | 0.00 | 0.00 |
| FRI | 4/15/2011 | 7:36 AM | 4:28 PM | 8.37 | 0.00 | 0.00 |
| MON | 4/18/2011 | 7:42 AM | 4:32 PM | 8.33 | 0.00 | 0.00 |
| TUE | 4/19/2011 | 7:38 AM | 12:45 PM | 4.62 | 0.00 | 0.00 |
| IDCard: 27 | | | Employee Totals: | 79.73 | 0.00 | 0.00 |

Printed In: BOOK

Page 7

Plaintiffs' 00415

Plaintiffs' Motion Appendix pg. 066

**Team Go Figure**
Report Of Hours Worked - All Departments
Report from 4/6/2011 to 4/19/2011 - Worked Hours
All Employees



4/20/2011
8:23:52 AM

* = Added from Employee Attendance
* = Added Punch
* = Edited Punch
* = Late Arrival

| Day | Date | In | Out | Reg | OT | DT |
|---|---|---|---|---|---|---|
| **Employee: Tran, Noi** | | | | | | |
| WED | 4/6/2011 | 8:05 AM | 4:30 PM | 7.92 | 0.00 | 0.00 |
| THU | 4/7/2011 | 6:10 AM | 4:28 PM | 7.80 | 0.00 | 0.00 |
| FRI | 4/8/2011 | 7:52 AM | 4:31 PM | 8.15 | 0.00 | 0.00 |
| MON | 4/11/2011 | 7:46 AM | 4:30 PM | 8.23 | 0.00 | 0.00 |
| TUE | 4/12/2011 | 7:47 AM | 4:30 PM | 8.22 | 0.00 | 0.00 |
| WED | 4/13/2011 | 7:48 AM | 4:30 PM | 8.20 | 0.00 | 0.00 |
| THU | 4/14/2011 | 7:45 AM | 4:28 PM | 8.22 | 0.00 | 0.00 |
| FRI | 4/15/2011 | 8:03 AM | 4:29 PM | 7.93 | 0.00 | 0.00 |
| MON | 4/18/2011 | 8:14 AM | 4:31 PM | 7.78 | 0.00 | 0.00 |
| TUE | 4/19/2011 | 7:57 AM | 4:31 PM | 8.07 | 0.00 | 0.00 |
| IDCard: 28 | | Employee Totals: | | 80.52 | 0.00 | 0.00 |
| **Employee: Tran, Yen** | | | | | | |
| WED | 4/6/2011 | 8:27 AM | 4:36 PM | 7.65 | 0.00 | 0.00 |
| THU | 4/7/2011 | 8:17 AM | 10:30 AM | 2.22 | 0.00 | 0.00 |
| THU | 4/7/2011 | 11:31 AM | 4:30 PM | 4.98 | 0.00 | 0.00 |
| FRI | 4/8/2011 | 8:20 AM | 4:32 PM | 7.70 | 0.00 | 0.00 |
| MON | 4/11/2011 | 8:52 AM | 4:31 PM | 7.15 | 0.00 | 0.00 |
| TUE | 4/12/2011 | 8:29 AM | 4:32 PM | 7.55 | 0.00 | 0.00 |
| WED | 4/13/2011 | 8:15 AM | 4:31 PM | 7.77 | 0.00 | 0.00 |
| THU | 4/14/2011 | 9:00 AM | 4:30 PM | 7.00 | 0.00 | 0.00 |
| FRI | 4/15/2011 | 8:37 AM | 4:30 PM | 7.38 | 0.00 | 0.00 |
| MON | 4/18/2011 | 8:20 AM | 1:02 PM | 4.70 | 0.00 | 0.00 |
| MON | 4/18/2011 | 1:32 PM | 4:32 PM | 3.00 | 0.00 | 0.00 |
| TUE | 4/19/2011 | 8:16 AM | 4:30 PM | 7.73 | 0.00 | 0.00 |
| IDCard: 29 | | Employee Totals: | | 74.83 | 0.00 | 0.00 |
| **Employee: Uong, Hue L** | | | | | | |
| WED | 4/6/2011 | 7:30 AM | 4:32 PM | 8.53 | 0.00 | 0.00 |
| THU | 4/7/2011 | 7:14 AM | 1:09 PM | 5.42 | 0.00 | 0.00 |
| FRI | 4/8/2011 | 7:41 AM | 3:21 PM | 7.17 | 0.00 | 0.00 |
| MON | 4/11/2011 | 7:35 AM | 4:31 PM | 8.43 | 0.00 | 0.00 |
| TUE | 4/12/2011 | 7:39 AM | 4:31 PM | 8.37 | 0.00 | 0.00 |
| WED | 4/13/2011 | 7:29 AM | 4:29 PM | 8.50 | 0.00 | 0.00 |
| THU | 4/14/2011 | 7:43 AM | 4:30 PM | 8.28 | 0.00 | 0.00 |
| FRI | 4/15/2011 | 7:27 AM | 4:29 PM | 8.53 | 0.00 | 0.00 |
| MON | 4/18/2011 | 7:18 AM | 4:31 PM | 8.72 | 0.00 | 0.00 |
| TUE | 4/19/2011 | 7:07 AM | 3:50 PM | 8.22 | 0.00 | 0.00 |
| IDCard: 66 | | Employee Totals: | | 80.17 | 0.00 | 0.00 |
| **Employee: Varela, Ana** | | | | | | |
| WED | 4/6/2011 | 7:55 AM | 4:31 PM | 8.10 | 0.00 | 0.00 |
| THU | 4/7/2011 | 7:55 AM | 4:30 PM | 8.08 | 0.00 | 0.00 |
| FRI | 4/8/2011 | 7:52 AM | 4:30 PM | 8.13 | 0.00 | 0.00 |
| MON | 4/11/2011 | 7:59 AM | 4:31 PM | 8.03 | 0.00 | 0.00 |
| TUE | 4/12/2011 | 7:57 AM | 4:30 PM | 8.05 | 0.00 | 0.00 |
| WED | 4/13/2011 | 7:55 AM | 4:31 PM | 8.10 | 0.00 | 0.00 |
| THU | 4/14/2011 | 7:53 AM | 4:30 PM | 8.12 | 0.00 | 0.00 |

Printed In: BOOK

Page 8

Plaintiffs' 00416

Plaintiffs' Motion Appendix pg. 067

**Team Go Figure**
Report Of Hours Worked - All Departments
Report from 4/6/2011 to 4/19/2011 - Worked Hours
All Employees

| | | | | | | 4/20/2011 |
|---|---|---|---|---|---|---|
| | | | | | | 9:24:30 AM |

* = Added from Employee Attendance
* = Added Punch
* = Edited Punch
* = Late Arrival

| Day | Date | In | Out | Reg | OT | DT |
|---|---|---|---|---|---|---|
| FRI | 4/15/2011 | 8:00 AM | 4:30 PM | 8.00 | 0.00 | 0.00 |
| MON | 4/18/2011 | 7:58 AM | 4:30 PM | 8.03 | 0.00 | 0.00 |
| TUE | 4/19/2011 | 7:50 AM | 3:43 PM | 7.38 | 0.00 | 0.00 |
| IDCard: 31 | | | Employee Totals: | 80.03 | 0.00 | 0.00 |
| | | | Totals: | 2176.93 | 0.00 | 0.00 |

Plaintiffs' 00417

Plaintiffs' Motion Appendix pg. 068

**EXHIBIT "I"**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TONI MILLER, SUSAN ELLIOTT, ARIEL KLEINSMITH AND CAROL NEWHARD individually and on behalf of all others similarly situated | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:13-cv-1509 JURY |
| TEAM GO FIGURE, L.L.P., TEAM GO FIGURE, and SCOTT ESKRIDGE | § § § | |
| Defendants | § | |

## CONSENT FORM TO JOIN OVERTIME LAWSUIT

I am a current or former employee of Team Go Figure, L.L.P. I understand that this lawsuit involves claims that Team Go Figure, L.L.P. and Scott Eskridge failed to pay employees overtime pay (time-and-one-half) when they worked in excess of 40 hours in any one or more workweeks. I also understand that this lawsuit is being brought on my behalf and on behalf of similarly situated current and former employees. During at least one workweek in the preceding three years, I worked in excess of 40 hours in a workweek for Team Go Figure, L.L.P. without receiving overtime pay (time-and-one-half), and/or have worked through my 30 minute lunch period without being paid for such work, and/or have been misclassified as an exempt salaried employee, when in fact, I was a non-exempt employee. I consent to become a plaintiff in this overtime lawsuit. Unless I notify the Court in writing otherwise, I retain James B. Moulton (Class Counsel) to represent me in this lawsuit. I understand that by joining this lawsuit, I will be bound by any settlement or adjudication on the merits, whether favorable or unfavorable.

I authorize the named plaintiffs in this lawsuit to make decisions on my behalf concerning this litigation, including the method and manner of conducting this litigation, and making an agreement with Class Counsel concerning attorneys' fees and costs and all other matters pertaining to this lawsuit and/or settlement of this lawsuit. I understand that these decisions and agreements made and entered into by the named plaintiffs will be binding on me when I file this consent. I understand that the named plaintiffs in this lawsuit entered into a Professional Services Agreement with Class Counsel, which applies to all plaintiffs who file this consent. I acknowledge that, under that agreement, attorneys' fees and costs shall only be paid out of a recovery, by judgment, settlement or otherwise, of claims against Defendants and, that if no such recovery is obtained, no plaintiffs will be responsible for such attorneys' fees or costs. I agree to be bound by the Professional Services Agreement and understand that I may obtain a copy of it by requesting it from Class

Counsel.

This consent may be used in this case or in any subsequent overtime case against Team Go Figure, L.L.P. and/or Scott Eskridge, as necessary.

I consent to become a named plaintiff in this overtime lawsuit.

_Carol L. Newhard_
Signature

_Carol L. Newhard_
Printed Name

_1/06/ 2014_
Date

# EXHIBIT "J"

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TONI MILLER, SUSAN ELLIOTT, § | |
| ARIEL KLEINSMITH § | |
| AND CAROL NEWHARD individually § | |
| and on behalf of all others similarly situated § | |
| § | |
| **Plaintiffs,** § | |
| § | |
| v. § | CIVIL ACTION NO. 3:13-cv-1509 |
| § | JURY |
| TEAM GO FIGURE, L.L.P., TEAM GO § | |
| FIGURE, and SCOTT ESKRIDGE § | |
| § | |
| **Defendants** § | |

## FIRST AMENDED ORIGINAL COMPLAINT

Plaintiffs Toni Miller, Susan Elliott, Ariel Kleinsmith, and Carol Newhard ("Plaintiffs"),

brings this action on behalf of themselves and all others similarly situated against Defendants and

shows as follows:

### I. PARTIES

1.  Plaintiff Toni Miller is an individual residing in Rockwall County, Texas.

2.  Plaintiff Susan Elliott is an individual residing in Kaufman County, Texas.

3.  Plaintiff Ariel Kleinsmith is an individual residing in Anchorage, Alaska.

4.  Plaintiff Carol Newhard is an individual residing in Rockwall County, Texas.

5.  Defendant Team Go Figure, L.L.P. is a Delaware limited liability partnership, and

may be served by serving its general partner, **Scott Eskridge at 301 N. COUNTRY CLUB RD.,**

**GARLAND, TX 75040.**

6.    Defendant Team Go Figure is a general partnership and may be served by serving its general partner **Scott Eskridge at 301 N. COUNTRY CLUB RD., GARLAND, TX 75040.**

7.    Defendant Scott Eskridge is an individual residing in Dallas County and may be served at **301 N. COUNTRY CLUB RD., GARLAND, TX 75040.**

## II. JURISDICTION AND VENUE

8.    This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice.

9.    This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, the FLSA, 29 U.S.C. § 201 *et seq.*

10.    Venue is proper pursuant to 28 U.S.C. §§ 139(b)(1) and (b)(2), because Defendants reside in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## III. FACTUAL BACKGROUND

11.    Defendants manufacture and sell uniforms for cheerleading and scholastic related dance teams.

12.    Defendants employ more than two employees and have annual sales in excess of $500,000.00.

13.   Plaintiffs bring this collective action under 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA") on behalf of themselves and all other current and formerly hourly paid persons and miss-classified non-exempt persons employed by Defendants.

14.   In the past three years, and for an unknown number of years prior, Defendants maintained a policy and practice of calculating overtime hours by the number of hours worked in excess of 80 hours in a two week period.

15.   If an employee actually worked in excess of 80 hours during a two week period, Defendants would subtract such time from the employee's hours worked in order to avoid paying overtime pay.

16.   During a single two week pay period in April of 2011, such policies and practices resulted in at least 19 hourly employees being paid straight time (instead of overtime wages) for a cumulative total of 34.67 hours.

17.   During the same pay period in April of 2011, at least 11 employees had their hours reduced to 80 hours, resulting in the Defendants not paying any wages at all for a cumulative total of 3.53 hours.

18.   In the past three years, and for an unknown number of years prior, Defendants maintained a policy and practice of automatically deducting 30 minutes from every hourly employee's wages for a daily lunch break, regardless of whether the employee actually took the lunch break.

19.   Many of the employees, including the named Plaintiffs, would regularly work through their lunch break, but still received the automatic 30 minute deduction from their pay.

20.     In the past three years, and for an unknown number of years prior, Defendants maintained a policy and practice of miss-classifying non-exempt employees as exempt employees for the specific purpose of avoiding paying overtime hours.

21.     In or about May or June of 2011, Defendants were informed that their practice of calculating overtime wages by the number hours worked in excess of 80 hours in a two week period was unlawful.

22.     As a result, Defendants changed their policy and practice, and began calculating overtime hours by hours worked in excess of 40 hours in a work week.

23.     However, despite such change, Defendants continued to alter time card records by striking out time actually worked in excess of 40 hours.

24.     Plaintiff Carol Newhard was hired in June of 2010, and recently quit her employment.

25.     Throughout her employment Plaintiff Newhard was an hourly employee.

26.     Plaintiff Newhard's pay was improperly calculated and at times reduced by the Defendants in order to avoid paying overtime, and Plaintiff Newhard frequently worked through lunch.

27.     Plaintiff Toni Miller was hired on or about April 29, 2010, and her employment ended in March of 2013.

28.     Her position title was Creative Director/Sales Manager.

29.     Although Plaintiff Toni Miller was assigned certain sales territories, more than 50% of her time was spent in the office of Team Go Figure, and her primary job duty was not outside sales solicitation.

30.   Plaintiff Toni Miller was paid a salary of $78,800 per year, along with an intermittent $200 allowance for gas, as of January, 2011.

31.   From February 2011 through August 2011, Plaintiff Toni Miller only managed one other employee.

32.   From March 2012 through August 2012, Plaintiff Toni Miller only managed one other employee.

33.   From September 2011 through November of 2011, and again in 2012, Defendants took improper deductions from Plaintiff's pay check, claiming that such amounts were owed by Plaintiff's husband's company.

34.   Plaintiff Toni Miller never gave written authorization for such deductions.

35.   Plaintiff Toni Miller worked overtime hours each and every week of her employment.

36.   At no time was Plaintiff Toni Miller ever paid overtime wages.

37.   Plaintiff Susan Elliott was hired on August 12, 2011 and her employment with Defendants terminated in March of 2013.

38.   Plaintiff Susan Elliott was hired as a book keeper.

39.   Upon hire, Plaintiff Susan Elliot was told that she would work for a 90-day probationary period, in which she would be paid hourly.

40.   Plaintiff Susan Elliot submitted a time sheets which included overtime hours, but did not include hours worked from home.

41.   Although Plaintiff Susan Elliot was paid overtime for some of the hours she worked, she was told that she would not be paid for work performed at home.

42.   Plaintiff Susan Elliott was eventually switched to salary, and despite working overtime hours each and every week of her employment, was never paid for any overtime hours worked.

43.   Plaintiff Susan Elliot was paid a salary of approximately $38,000, which gradually increased to $45,500 by the time her employment terminated.

44.   Plaintiff Susan Elliott did not manage any other employees, and was not required or allowed to exercise discretion or make independent decisions with respect to matters of significance.

45.   Plaintiff Susan Elliott was required to have access to the Defendants' computer system from her home, and regularly and customarily worked from home during weekends, holidays and weekday evenings.

46.   Plaintiff Ariel Kleinsmith was hired by Defendant in January of 2012, and left employment in May of 2012.

47.   Plaintiff Ariel Kleinsmith was hired as an inside sales representative/customer service employee.

48.   Plaintiff Ariel Kleinsmith did not manage any other employees.

49.   Plaintiff Ariel Kleinsmith was never paid a commission.

50.   Plaintiff Ariel Kleinsmith was not required or allowed to exercise discretion or make independent decisions with respect to matters of significance.

51.   Plaintiff Ariel Kleinsmith spent the majority of her day in the office, performing customer service duties and making cold calls to current and prospective customers when she wasn't performing such customer service duties.

52.     Plaintiff Ariel Kleinsmith was initially informed that she would be paid hourly for 90 days, and then would go to salary.

53.     Shortly after beginning work, Plaintiff Ariel Kleinsmith was told that she was being switched to salary early, and that she would not be paid overtime, regardless of how many hours she worked.

54.     Despite being told that she was being paid a salary, Defendants continued to pay Plaintiff Ariel Kleinsmith hourly for all but the last 2 days of her employment.

55.     Accurate time records for Plaintiff Ariel Kleinsmith were not maintained by Defendants.

56.     Plaintiff Ariel Kleinsmith worked overtime hours each and every week of her employment.

57.     Plaintiff Ariel Kleinsmith never received any overtime pay.

58.     At all times pertinent hereto, Scott Eskridge has acted as the general partner of Team Go Figure, L.L.P., and/or was a limited partner that participated in the control of the business and a person transacting business with the limited partnership would reasonably have believed, based upon the acts of Scott Eskridge, that Scott Eskridge was a general partner.

59.     At all times pertinent hereto, Defendants knew and had reason to know that their failure to pay overtime wages was in violation of the Fair Labor Standards Act ("FLSA"), or had a reckless disregard for the law.

60.     In fact, in May of 2011, Kathleen Craig, a former book keeper for Defendants, complained of the Defendants' illegal pay policies, and provided documentation and proof of the illegal policies and practices to both the Texas Workforce Commission and Defendants.

61.     Defendants' continuous failure to pay overtime wages was not sporadic or the result of an accident, but was rather intentional, systemic, ongoing, knowing and wilful in violation of the FLSA.

62.     At no time have Defendants maintained a "safe harbor" policy as defined by the Act, with regards to the payment of overtime wages, and/or improper deductions from salaried employees.

63.     In fact, Defendants' Personnel Policy specifically states that "salary employees" are expected to work at least 40 hours per week, and that "Any additional hours needed to complete your tasks are not eligible for overtime compensation."

64.     When informed by Susan Elliott that Team Go Figure's payroll policies were in violation of the law, Mr. Eskridge responded by saying "You don't see me in jail, do you?"

**IV.  COUNT ONE: CAUSE OF ACTION FOR VIOLATIONS OF THE FLSA**

65.     The foregoing paragraphs are incorporated herein as if set forth in full.

66.     At all times relevant herein, Defendants have and continue to be "employers" within the meaning of the FLSA.

67.     At all times relevant herein, Defendants were responsible for paying wages to the Plaintiffs.

68.     At all times relevant herein, Plaintiffs were employed with Defendants as "employees" within the meaning of the FLSA.

69.     At all times relevant herein, Plaintiffs were non-exempt employees and should have been paid overtime pay for all hours worked in excess of forty hours per workweek.

70.     Under the FLSA, an employer must pay an employee at least one and one half times his or her regular rate of pay for each hour worked in excess of forty hours per workweek.

71.     Defendants' violations of the FLSA include, but are not limited to: (1) failing to pay for all hours worked; (2) taking improper deductions from employees' paychecks; and (3) unlawfully failing to pay overtime wages for hours worked in excess of 40 hours in a week.

72.     Defendants' conduct in failing to pay Plaintiffs as required by the law, was and is willful, and was and is not based upon any reasonable interpretation of the law.

73.     As a result of Defendants' intentional and unlawful conduct, Plaintiffs have suffered damages as set forth herein.

### V. COUNT TWO: COLLECTIVE ACTION ALLEGATIONS

74.     Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

75.     Plaintiffs bring Count II as an opt-in collective action pursuant to 29 U.S.C. § 216(b) as permitted under Rule 23 of the Federal Rules of Civil Procedure, on behalf of all persons who are or were employed by Defendants in the last three years as hourly-paid employees, and who were not paid the legally required overtime wages, and on behalf of all persons who are or were employed by Defendants in the last three years who were miss-classified as exempt employees (the "Collective Action Members").

76.     Plaintiffs, on behalf of themselves and all other similarly situated, seeks relief on a collective basis challenging Defendants' policy and practice of failing to accurately pay them overtime compensation for hours worked in excess of 40 hours in a week, and Defendants' policy and practice of miss-classifying non-exempt employees as exempt workers.

77.     The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from Defendants' records and potential Collective Action Members may easily and quickly be notified of the pendency of this action by mail and e-mail, as well as by including a written notice of this action in the pay stubs issued to current employees.

78.    A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.  The damages suffered by individual Collective Action Members may be comparatively small relative to the damages in other federal actions, and the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them.

79.    Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members.  Among the questions of law and fact common to the Plaintiffs and other Collective Action Members are:

a.    Whether Defendants' policy and practice of calculating overtime wages by hours worked in excess of 80 hours in a two week period was a violation of the FLSA;

b.    Whether Defendants' policy and practice of reducing actual hours worked to an amount below 80 hours in a two week period was a violation of the FLSA;

c.    Whether Defendants' policy and practice of automatically deducting 30 minutes from all hourly employees on a daily basis, was a violation of the FLSA;

d.    Whether Defendants' policy and practice of reducing actual hours worked to an amount below 40 hours in a one week period was a violation of the FLSA; and

e.    Whether Defendants' policy and practice of miss-classifying non-exempt employees as exempt workers was a violation of the FLSA.

80.    Plaintiffs request that judicial notice to be issued to Collective Action Members be defined to include:

*All current and former employees of Team Go Figure, L.L.P. who were employed between April 18, 2010 and the present, and:*

1. *who's overtime pay was calculated based on hours worked in excess of 80 hours in a two week period; and/or*
2. *all hourly-paid individuals who's actual recorded time has been reduced by Team Go Figure, L.L.P. in order to avoid paying overtime wages; and/or*
3. *all hourly-paid individuals who have worked through any portion of their lunch break; and/or*
4. *any salaried employee who has been improperly classified as an exempt employee.*

## VI. ANTI-RETALIATION PROVISIONS OF THE FAIR LABOR STANDARDS ACT

81.     Plaintiffs do not assert a retaliation claim at this time, but reminds Defendants that Section 15(a)(3) of the FLSA makes it unlawful for any person "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee." 29 U.S.C. § 215(a)(3).

## VII. JURY DEMAND

82.     Plaintiffs hereby request a trial by jury in this action.

## VIII. RELIEF SOUGHT

**WHEREFORE,** Plaintiffs pray individually and on behalf of other similarly situated Collective Action Members, respectfully requests that this Court grant the following relief:

(a)     The designation of this action as a collective action on behalf of Collective Action and certification of a class and prompt issuance of notice of an FLSA opt-in class, pursuant to 29 U.S.C. 216(b) to all similarly situated members, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. 216(b), and tolling the statute of limitations;

(b)    A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

(c)    An order, pursuant to 29 U.S.C. 216(b) , finding Defendants liable for unpaid overtime compensation due Plaintiffs and for each individual who files a consent to sue form to participate in this action;

(d)    An order, pursuant to 29 U.S.C. 216(b), finding Defendants liable for liquidated damages equal in amount to the unpaid overtime compensation due Plaintiff and each individual who files a consent to sue from to participate in this action;

(e)    An order awarding damages to Plaintiffs and each individual who files a consent to sue from to participate in this action, representing the Defendants' share of FICA, FUTA, state unemployment insurance, and any other required employment taxes on unpaid compensation;

(f)    An award of prejudgment and post judgment interest at the highest rates allowable by law;

(g)    An award of costs and expenses of this action together with reasonable attorneys' fees and expert fees; and

(h)    any further relief as this Court deems just and proper.

Respectfully Submitted

By: ___ /s/ James Moulton___

James Moulton,
Texas Bar # 24007712
James Moulton, Attorney at Law
3939 Hwy. 80 E., Suite 486
Mesquite, Texas 75150
Phone: (972) 698-0999
Fax: (903) 705-6860

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify one true and correct copy of the foregoing instrument was served on Defendants' lead counsel of record by electronic mail through the Court's EFCEM system on this 6th day of January, 2014.


By:   /S/   *James Moulton*
JAMES B. MOULTON
Bar # 24007712
3939 Hwy. 80 E., Suite 486
Mesquite, Texas 75150
Telephone: (972) 698-0999
Facsimile: (903) 705-6860
Email: jim.moulton@gmail.com

*Attorney for Plaintiffs*

# EXHIBIT "K"

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TONI MILLER, SUSAN ELLIOTT, | § | |
| ARIEL KLEINSMITH | § | |
| AND CAROL NEWHARD individually | § | |
| and on behalf of all others similarly situated | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:13-cv-1509 |
| | § | JURY |
| TEAM GO FIGURE, L.L.P., TEAM GO | § | |
| FIGURE, and SCOTT ESKRIDGE | § | |
| | § | |
| Defendants | § | |

---

## NOTICE TO POTENTIAL PLAINTIFFS ABOUT OVERTIME LAWSUIT

---

**TO:**   All current and former employees of Team Go Figure, L.L.P. who were employed between April 18, 2010 and the present, and:

1. who's overtime pay was calculated based on hours worked in excess of 80 hours in a two week period, and/or
2. all hourly-paid individuals who's actual recorded time has been reduced by Team Go Figure, L.L.P. in order to avoid paying overtime wages, and/or
3. all hourly-paid individuals who have worked through any portion of their lunch break, and/or
4. any salaried employee who has been improperly classified as an exempt employee.

**RE:** Your Right to Join this Lawsuit Seeking Overtime Pay

**DATE:** [Date of mailing]

## 1. PURPOSE OF NOTICE

The purpose of this notice is to inform you of your right to join this class action lawsuit seeking unpaid overtime from Team Go Figure, L.L.P. and Scott Eskridge (Defendants) and to instruct you on the procedure for participating in the lawsuit should you decide to join the lawsuit.

## 2. DESCRIPTION OF THE LAWSUIT

Defendants on behalf of themselves and all other current and former similarly situated Team Go Figure employees. The lawsuit is pending in the U.S. District Court for the Northern District of Texas, Dallas Division.

The lawsuit contends that Team Go Figure violated federal overtime law by failing to pay employees the mandatory overtime premium of time-and-one-half when an employee's work hours exceeded 40 hours in a workweek. More specifically, the lawsuit contends that for a period of time, Team Go Figure calculated overtime wages based on how many hours an employee worked in excess of 80 hours in a two week period, rather than 40 hours in a one week period. The lawsuit further contends that if an employee did work in excess of 80 hours in a two week period, or 40 hours in a one week period, Team Go figure would reduce the recorded hours in order to avoid paying overtime premium pay to its employees. Further, the suit contends that Team Go Figure automatically deducts thirty minutes daily from every hourly employee for a lunch break, regardless of whether the employee actually takes a lunch break. Finally, the suit contends that Team Go Figure routinely misclassifies employees as exempt salaried employees, when in fact the employees are non-exempt and are entitled to overtime wages. Toni Miller, and the other named plaintiffs, contend that they and the current and former employees who join this case are owed thousands of dollars in monetary compensation as a result of Defendants' violations of the law.

The plaintiffs in this lawsuit seek to recover up to three (3) years of unpaid overtime wages plus attorneys' fees and costs. In addition, they seek to recover liquidated/double damages because of Defendants' failure to pay employees as required by federal overtime law.

Team Go Figure denies any wrongdoing.

## 3. WHO MAY PARTICIPATE IN THE LAWSUIT

If you worked for Team Go Figure between April 18, 2010 and the present, and you did not receive overtime pay (time-and-one-half) when you worked more than 40 hours in any one or more workweeks, you may be owed money and you are eligible to participate in this lawsuit.

**You ARE eligible to join this lawsuit EVEN if:**
- **You did not track your own work hours.**
- **You did not retain your paystubs or time records.**
- **You signed a private agreement with Team Go Figure purporting to release your overtime claims.**
- **You were told that you would not receive overtime pay for unapproved time worked.**
- **You are no longer employed at Team Go Figure.**

## 4. HOW TO PARTICIPATE IN THIS SUIT

Enclosed with this Notice is a form entitled "Consent to Join Overtime Lawsuit" (the Consent Form). If you wish to join this lawsuit to recover unpaid overtime and thus participate in any recovery that may result from the lawsuit, **it is extremely important that you read, sign, and return your signed Consent Form by the date below.** An addressed and postage paid envelope is enclosed for your convenience. Should the enclosed envelope be lost or misplaced, the Consent Form should be sent to the law firm that represents Toni Miller and others who have joined the

lawsuit thus far (Class Counsel):

JAMES B. MOULTON
3939 Hwy. 80 E., Suite 486
Mesquite, Texas 75150
Telephone: (972) 698-0999
Facsimile: (903) 705-6860
Email: jim.moulton@gmail.com

Your signed Consent Form must be postmarked by [60 days after Mailing Date]. **If your signed Consent Form is not postmarked by [60 days after Mailing Date], you will not participate in any recovery obtained against Defendants in this lawsuit.** If you have questions about filling out or sending the Consent Form, please contact Class Counsel (contact information above). If you fail to timely return the signed Consent Form, you will not be eligible to participate in this lawsuit.

## 5. EFFECT OF JOINING THIS LAWSUIT

If you choose to join this lawsuit by returning the Consent form, you will be represented by Class Counsel and will be bound by the judgment of the Court. You will also be bound by, and will share in, any settlement that may be reached on behalf of the class.

## 6. NO PRIVATE SETTLEMENTS

Federal law prohibits the private settlement of overtime wage claims, unless approved by the district court. If you entered into a private settlement with Team Go Figure in return for a release of your overtime claims, your release is void as to your overtime pay claims. This means that you may still join this lawsuit by returning the signed Consent Form. In addition, you may retain any monies you received under the private settlement without any prejudice to your rights in this lawsuit or reduction of any overtime monies that you may be owed.

## 7. NO RETALIATION PERMITTED

It is a violation of federal law for Team Go Figure, L.L.P. or Scott Eskridge to fire you, or in any manner discriminate or retaliate against you for taking part in this case. If you believe that you have been disciplined, laid-off, or discriminated against in any way as a result of you receiving this notification, considering whether to join this lawsuit or actually joining this lawsuit, you should contact Class Counsel immediately.

## 8. NO LEGAL EFFECT IN NOT JOINING THIS SUIT

If you choose not to join this lawsuit, you will not be affected by any judgment or settlement rendered in this case. You will not be entitled to share any amounts recovered by the class. You will be free to file your own lawsuit, subject to any defenses that might be asserted. The pendency of this suit will not stop the running of the statute of the limitations as to any claims you might have until you either file a separate action or join this one.

## 9. FURTHER INFORMATION

If you have questions about the suit or your rights, you should contact Class Counsel, James B. Moulton, at 972-698-0999. You will have the opportunity to discuss in detail the nature of this case, including the terms by which the law firm may represent you.

**This Notice has been authorized by the Honorable Judge, Reed O'Connor.**

**EXHIBIT "L"**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| TONI MILLER, SUSAN ELLIOTT, §<br>ARIEL KLEINSMITH §<br>AND CAROL NEWHARD individually §<br>and on behalf of all others similarly situated §<br> §<br>    Plaintiffs, §<br> §<br>v. §<br> §<br> §<br>TEAM GO FIGURE, L.L.P., TEAM GO §<br>FIGURE, and SCOTT ESKRIDGE §<br> §<br>    Defendants §| CIVIL ACTION NO. 3:13-cv-1509<br>JURY |

---

## CONSENT FORM TO JOIN OVERTIME LAWSUIT

---

I am a current or former employee of Team Go Figure, L.L.P. I understand that this lawsuit involves claims that Team Go Figure, L.L.P. and Scott Eskridge failed to pay employees overtime pay (time-and-one-half) when they worked in excess of 40 hours in any one or more workweeks. I also understand that this lawsuit is being brought on my behalf and on behalf of similarly situated current and former employees. During at least one workweek in the preceding three years, I worked in excess of 40 hours in a workweek for Team Go Figure, L.L.P. without receiving overtime pay (time-and-one-half), and/or have worked through my 30 minute lunch period without being paid for such work, and/or have been misclassified as an exempt salaried employee, when in fact, I was a non-exempt employee. I consent to become a plaintiff in this overtime lawsuit. Unless I notify the Court in writing otherwise, I retain James B. Moulton (Class Counsel) to represent me in this lawsuit. I understand that by joining this lawsuit, I will be bound by any settlement or adjudication on the merits, whether favorable or unfavorable.

I authorize the named plaintiffs in this lawsuit to make decisions on my behalf concerning this litigation, including the method and manner of conducting this litigation, and making an agreement with Class Counsel concerning attorneys' fees and costs and all other matters pertaining to this lawsuit and/or settlement of this lawsuit. I understand that these decisions and agreements made and entered into by the named plaintiffs will be binding on me when I file this consent. I understand that the named plaintiffs in this lawsuit entered into a Professional Services Agreement with Class Counsel, which applies to all plaintiffs who file this consent. I acknowledge that, under that agreement, attorneys' fees and costs shall only be paid out of a recovery, by judgment, settlement or otherwise, of claims against Defendants and, that if no such recovery is obtained, no plaintiffs will be responsible for such attorneys' fees or costs. I agree to be bound by the Professional Services Agreement and understand that I may obtain a copy of it by requesting it from Class

This consent may be used in this case or in any subsequent overtime case against Team Go Figure, L.L.P. and/or Scott Eskridge, as necessary.

I consent to become a plaintiff in this overtime lawsuit.

_____

Signature

_____

Printed Name

_____

Date

EXHIBIT "M"

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| **TONI MILLER, SUSAN ELLIOTT,** §<br>**ARIEL KLEINSMITH** §<br>**AND CAROL NEWHARD** individually §<br>and on behalf of all others similarly situated §<br> §<br> **Plaintiffs,** §<br> §<br>**v.** §<br> §<br>**TEAM GO FIGURE, L.L.P., TEAM GO** §<br>**FIGURE, and SCOTT ESKRIDGE** §<br> §<br> **Defendants** §<br> § | **CIVIL ACTION NO. 3:13-cv-1509**<br>**JURY** |

## AFFIDAVIT

BEFORE ME, the undersigned authority, personally appeared _____ (name of person signing), on behalf of Team Go Figure, L.L.P. in the capacity of _____ (title), who after being duly sworn testified under oath as follows:

"My name is _____. I am over 18 years of age, of sound mind, and capable of making this affidavit, I am personally acquainted with the facts stated herein and all statements are true and correct. I am the person in charge of personnel records for Team Go Figure, L.L.P. Attached to this affidavit is a complete and accurate list identifying each current and former employee of Team Go Figure, L.L.P. who worked for the company at any time from April 18, 2010 to the present, and:

1. who's overtime pay was calculated based on hours worked in excess of 80 hours in a two week period; and/or
2. all hourly-paid individuals who's actual recorded time has been reduced by Team Go Figure, L.L.P. in order to avoid paying overtime wages; and/or
3. all hourly-paid individuals who have had 30 minutes deducted from their lunch break; and/or
4. any salaried employee.

No employee has been excluded or omitted from this list. In addition, the list contains each such person's last known home address, home telephone number, Drivers License number, and dates and locations of employment, as reflected in Team Go Figure's personnel and payroll files and records. I have performed a thorough investigation and have spent at least _____ hours in preparing the attached list. I state under penalty of perjury that this list is complete and accurate."

Affidavit – Page 2

FURTHER AFFIANT SAYETH NOT

_____
Signature

_____
Printed Name

SWORN TO AND SUBSCRIBED before me on the _____ day of
_____, 2014.

[Check one:]

____    personally known to me;
____    proved to me on the oath of _____ who is a
        credible witness personally known to me; or
____    proved to me through the following current identification card or other document issued by
        the federal government or any state government containing the photograph and signature of
        the acknowledging person: _____.

                              _____
                              Notary Public, State of Texas

Notary Seal:

My Commission expires: _____ _____

**EXHIBIT "N"**

```
 1              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
 2                       DALLAS DIVISION
 3  TONI MILLER, SUSAN         )
    ELLIOTT, ARIEL             )
 4  KLEINSMITH AND ANTWAN      )
    LEE                        )
 5                             )
                               )
 6  versus                     )    CIVIL ACTION NO. 3:13-CV-1509
                               )
 7                             )
    TEAM GO FIGURE, L.L.P.,    )
 8  TEAM GO FIGURE AND         )
    SCOTT ESKRIDGE             )
 9
10        *********************************
11                   ORAL DEPOSITION
12                   TABITHA CORKER
13                   DECEMBER 4, 2013
14        *********************************
15
16
17       ANSWERS AND ORAL DEPOSITION OF TABITHA CORKER, a
18  witness produced at the instance of the Plaintiff, was
19  taken in the above-styled and numbered cause on the 4TH
20  day of DECEMBER 2013, from 10:14 a.m. to 11:32 a.m.,
21  before VANESSA S. ROBERTSON, CSR in and for the State
22  of Texas, reported by machine shorthand, at the offices
23  of Brackett & Ellis, 100 Main Street, Fort Worth,
24  Texas, pursuant to the Texas Federal Rules of Civil
25  Procedure.
```

Plaintiffs' Motion Appendix pg. 098

MILLER, ET AL v. TEAM GO FIGURE, ET AL
Deposition of:  TABITHA CORKER                    12/4/2013

                                                        2

1                    A P P E A R A N C E S
2
 FOR THE PLAINTIFF:
3
        MR. JAMES MOULTON
4       JAMES MOULTON, ATTORNEY AT LAW
        3939 HIGHWAY 80
5       SUITE 486
        MESQUITE, TEXAS 75150
6       (972) 698-0999
        jim.moulton@gmail.com
7
 FOR THE DEFENDANT:
8
        MS. ANDREA WHALEN
9       BRACKETT & ELLIS
        100 MAIN STREET
10      FORT WORTH, TEXAS 76102
        (817) 338-1700
11      awhalen@belaw.com
12 ALSO PRESENT:
13      MS. TONI MILLER
        MS. SUSAN ELLIOTT
14      MR. SCOTT ESKRIDGE
15
16
17
18
19
20
21
22
23
24
25

            U.S. LEGAL SUPPORT - DALLAS, TEXAS
                     214-741-6001

MILLER, ET AL v. TEAM GO FIGURE, ET AL
Deposition of:  TABITHA CORKER                    12/4/2013

3

1              T A B L E   O F   C O N T E N T S

2                                                      PAGE

3  APPEARANCES     .  .  .  .  .  .  .  .  .  .  .  .    2

4  TABITHA CORKER

5       EXAMINATION BY MR. MOULTON  .  .  .  .  .       4

6       EXAMINATION BY MS. WHALEN .  .  .  .  .  .     49

7  SIGNATURE AND CHANGES    .  .  .  .  .  .  .  .     57

8  REPORTER'S CERTIFICATE   .  .  .  .  .  .  .  .     59

9                           *  *  *

10                    E X H I B I T S

11 NO.          DESCRIPTION              PAGE

12 1        Verbal Warning                 21

13 2        Time Records                   28

14 3        E-mail String                  29

15 4        Written Statements             31

16 5        Payroll Summary                34

17 6        Employee Profile               36

18 7        Ad for Bookkeeper              38

19 8        Resignation Letter             43

20

21

22

23

24

25

U.S. LEGAL SUPPORT - DALLAS, TEXAS
214-741-6001

```
     1 90 days of February, correct?

     2      A    Yes.

10:26 3      Q    Now, whenever you arrived to work during this

     4 first 90 days, would you clock in?

     5      A    Yes.

10:26 6      Q    How would you clock in?

     7      A    There's a time clock in the breakroom.

10:26 8      Q    And you did that every day?

     9      A    Yes.

10:26 10     Q    And did you clock out?

    11      A    Yes -- let me correct that.  That was the

    12 intentions.  There might have been times where I forgot

    13 to clock out.

10:27 14     Q    Now, my understanding is this company

    15 automatically takes 30 minutes off for lunch every

    16 day?

    17      A    Yes.

10:27 18     Q    Is that correct?

    19      A    Uh-huh.

10:27 20     Q    Are there ever any times that you stayed at

    21 your desk and worked through lunch?

    22      A    Yes.

10:27 23     Q    Was that very often?

    24      A    Yes.

10:27 25     Q    So quite often you would actually work
```

 1  through lunch and yet that time was automatically

 2  deducted from your paycheck?

 3       A    Yes.

10:27  4    Q    Did your supervisor know you were working

 5  through lunch?

 6       A    It -- probably yes.

10:27  7    Q    Do you think Scott Eskridge knew that you

 8  were working through lunch?

 9       A    Probably.

10:27 10    Q    Do you know of other persons that worked

11  through lunch?

12       A    Yes.

10:28 13    Q    That were paid hourly?

14       A    Yes.

10:28 15    Q    And so if you worked a full 40 hours,

16  subtracting out those 30 minutes --

17       A    Uh-huh.

10:28 18    Q    -- per day, okay, do you get what I'm

19  saying?

20       A    Uh-huh.

10:28 21    Q    You were going to work at 9:00 a.m. and

22  leaving at 5:30, and you're calling that eight hours,

23  but many days it sounds like you actually worked eight

24  and a half hours; is that correct?

25       A    Yes.

MILLER, ET AL v. TEAM GO FIGURE, ET AL
Deposition of:  TABITHA CORKER                          12/4/2013

16

10:28  1        Q     And so that would be in excess of 40 hours;

       2  would it not?

       3        A     Yes.

10:28  4        Q     And so you would be owed overtime for those

       5  hours, correct?

       6        A     You would have to allow me to elaborate.

10:28  7        Q     Sure.

       8        A     I mean, we weren't asked to work through our

       9  lunch.  The typical situation was that one of the girls

      10  in the office would go and grab lunch for all of us and

      11  we would sit at our desk and it's somewhat a force of

      12  nature to continue to answer the phones or check your

      13  E-mail through lunch.

10:29 14        Q     Right.

      15        A     We had the ability to leave at lunch, if we

      16  chose to.  Typically we just didn't.

10:29 17        Q     Right.  But you did work through lunch,

      18  correct?

      19        A     Yes.

10:29 20        Q     Okay.  And my question is:  If you worked

      21  through lunch on any given week, that would mean that

      22  you would have worked overtime hours, correct?

      23        A     Yes.

10:29 24        Q     And you weren't paid overtime compensation

      25  for those hours, correct?

        1       A    No.

10:29   2       Q    Now, any fittings and deliveries, did you

        3  clock in to go to a fitting?

        4       A    I would -- I would have stayed on the clock

        5  if I went to a fitting.  I can't remember if we went --

        6  if I went to fittings in my hourly time frame or not,

        7  but I would have stayed on the clock and not clocked

        8  out once we left to go to a fitting.

10:29   9       Q    How would you clock back in?

        10      A    You would report your time change to the

        11  human resources or Susan or whoever was in that

        12  position at the time.

10:30   13      Q    Okay.

        14      A    So if we left at a fitting during normal

        15  business hours, you obviously don't have the

        16  opportunity to clock out, because you're not physically

        17  in the building, so the next day you report your change

        18  to them.

10:30   19      Q    Were you ever paid overtime hours for any --

        20  for any work performed during the first 90 days?

        21      A    I don't remember.

10:30   22      Q    Okay.  Now, did your position stay the same

        23  throughout -- from February to October of 2012?

        24      A    No.

10:30   25      Q    What happened?

|        |    |                                                            |
|--------|----|------------------------------------------------------------|
|        | 1  | A     I transitioned into a full-time customer             |
|        | 2  | service person.                                            |
| 10:31  | 3  | Q     Do you know when that happened?                      |
|        | 4  | A     Exact time, no, no, I'm sorry.                       |
| 10:31  | 5  | Q     Was it shortly before you were fired or --          |
|        | 6  | A     No, I would probably say halfway through my          |
|        | 7  | employment is probably fair to say I went to full-time     |
|        | 8  | customer service.                                          |
| 10:31  | 9  | Q     Okay.  And as customer service, what do you         |
|        | 10 | do or did you do?                                          |
|        | 11 | A     Your primary responsibility is to answer            |
|        | 12 | phones, to take orders over the phones, to write orders   |
|        | 13 | up that come in from sales reps or from, you know,        |
|        | 14 | customer service E-mail.  Your primary function is to     |
|        | 15 | write orders.                                              |
| 10:31  | 16 | Q     So you're not actually calling people and           |
|        | 17 | soliciting sales, they're just calling -- people are      |
|        | 18 | calling in with sales, correct?                           |
|        | 19 | A     Yes, typically.                                      |
| 10:32  | 20 | Q     And the whole time you're at the office?            |
|        | 21 | A     Yes.                                                 |
| 10:32  | 22 | Q     And you were paid salary?                            |
|        | 23 | A     Yes.                                                 |
| 10:32  | 24 | Q     Did you have the authority to hire or fire          |
|        | 25 | anybody?                                                   |

MILLER, ET AL v. TEAM GO FIGURE, ET AL
Deposition of:  TABITHA CORKER                           12/4/2013

19

```
         1     A     No.

10:32    2     Q     Did you supervise anybody?

         3     A     No.

10:32    4     Q     Are you currently in the same position?

         5     A     No.

10:32    6     Q     Okay.  After October you were terminated?

         7     A     Uh-huh.

10:32    8     Q     And it sounds like --

         9     A     I came back -- go ahead.

10:32   10     Q     So the entire time you were salaried, was

        11 that what you were doing?

        12     A     Uh-huh.

10:32   13     Q     Was this customer services rep?

        14     A     Yes.

10:32   15     Q     Is that the same position that Ariel

        16 Kleinsmith held?

        17     A     No.

10:32   18     Q     How about Antwan Lee?

        19     A     I didn't work there at the same time.

10:32   20     Q     Heather Shrunk?

        21     A     Yes.

10:32   22     Q     She did the same thing that you did?

        23     A     Yes.

10:33   24     Q     Okay.  Now, what is your current position?

        25     A     I'm currently an outside sales rep.
```

U.S. LEGAL SUPPORT - DALLAS, TEXAS
214-741-6001

MILLER, ET AL v. TEAM GO FIGURE, ET AL
Deposition of:  TABITHA CORKER                              12/4/2013

59

1  STATE OF TEXAS        X

2  COUNTY OF DALLAS      X

3

4       I, Vanessa S. Robertson, a Certified

5  Shorthand Reporter duly commissioned and qualified in

6  and for the State of Texas, do hereby certify that

7  there came before me on the DECEMBER 4, 2013 at

8  Brackett & Ellis, 100 Main Street, Fort Worth, the

9  following named person, to-wit: TABITHA CORKER, who was

10  duly sworn to testify to the truth, the whole truth,

11  and nothing but the truth of knowledge touching and

12  concerning the matters in controversy in this cause;

13  and that she was thereupon examined upon oath and her

14  examination reduced to typewriting under my

15  supervision; that the deposition is a true record of

16  the testimony given by the witness.

17       I further certify that pursuant to FRCP Rule

18  30(e)(1) that the signature of the deponent:

19       __X__ was requested my the deponent or a

20  party before the completion of the deposition, and that

21  signature is to be before any notary public and

22  returned within 30 days from date of receipt of the

23  transcript;

24       ____ was not requested by the deponent or a

25  party before the completion of the deposition.

U.S. LEGAL SUPPORT - DALLAS, TEXAS
214-741-6001

```
 1          I further certify that I am neither attorney
 2  or counsel for, nor related to or employed by any of
 3  the parties to the action in which this deposition is
 4  taken, and further that I am not a relative or employee
 5  of any attorney or counsel employed by the parties
 6  hereto; or financially interested in the action.
 7          Certified to by me this _____ day of
 8  _____, 2013.
 9
10
11
12
13                    _____
                      VANESSA S. ROBERTSON
14                    TEXAS CSR 4930
                      EXPIRATION DATE: 12/31/2013
15                    FIRM REGISTRATION No. 343
16                    U.S. LEGAL SUPPORT
                      5910 NORTH CENTRAL EXPRESSWAY
17                    SUITE 100
                      DALLAS, TEXAS 75206
18                    (214) 741-6001
19
20
21
22
23
24
25
```